Kevin W. Harris SBN 133084
**Attorney at Law**
**1387 Garden Hwy., Ste. 200**
**Sacramento, CA 95833**
**Tel.: (916) 271-0688**
**Fax: (855) 800-4454**

**Attorney for Plaintiff Pablo Robles**

## BEFORE THE UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| **Pablo Robles;** | **Case No.:** |
| **Plaintiff,** | **CIVIL COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| **vs.** | |
| **County of Sacramento; Sheriff Scott Jones, in his official capacity, Deputy Hardy (Badge No. 1434) , Deputy Daniel (Badge No. 645), Deputy Movahan (Badge No. 452),  Deputy PAM (Badge No. 31), Sgt. M. Lopez (Badge No. 179), Deputy Matoon (Badge No. 1095), Officer S. Roby (Badge No. 529), and Does 1-40, inclusive.** | **1. Violation of Civil Rights - Fourth and Fourteenth Amendment-Unreasonable Seizure of Person and Due Process Clause Failure to Take Before a Judge (42 USC §1983)** |
| **Defendants.** | **2. False Imprisonment (Unnecessary Delay in Processing/Releasing a Prisoner)** |
| | **3. Intentional Infliction of Emotional Distress** |
| | **4.  Negligent Hiring, Training, Supervision and Retention Against Defendant County of Sacramento and Sheriff Scott Jones ,in his official capacity, and Does 21 through 40)** |

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all matters and issues so triable by law.

Comes Now Plaintiff PABLO ROBLES  hereby alleges as follows:

**FIRST CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS - FOURTH AND FOURTEENTH AMENDMENT-**
**UNREASONABLE SEIZURE OF PERSON AND DUE PROCESS CLAUSE FAILURE**
**TO TAKE BEFORE A JUDGE**
**Against All Defendants**
**(42 U.S.C. Section 1983)**

**JURISDICTION**

1.     This Court has the authority to hear cases "arising under th[e]Constitution [or] the Laws of the United States." U.S. Const. art III, § 2. The Constitution and 28 U.S.C. § 1332 vest federal courts with jurisdiction to hear cases that "arise under" federal law. Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This matter involves a determination of Plaintiff's rights under the Fourth and Fourteenth Amendment concerning an unreasonable seizure of his person and a violation of his due process clause right to be taken before a judge in a timely manner brought pursuant to Federal Law under 42 USC § 1983.

2.     The United States District Court in and for the  Eastern District of California is the proper venue as the actions giving rise to this complaint occurred in the City and County of Sacramento and Plaintiff PABLO ROBLES is informed and believes that all relevant parties to this action reside or exist within the Jurisdiction of the Eastern District of California.

3.     As this cause of action arises under 42 USC §1983 there is no need to exhaust administrative remedies.  To the extent that there is a need to exhaust administrative remedies as to the supplemental causes of action pursuant to 28 USC  §1367(a) contains a broad grant of supplemental jurisdiction for claims that "are so related" to a case already properly before a federal court "that [the claims] form part of the same case or controversy under Article III of the United States Constitution" as the claims "derive from a common nucleus of operative fact."

**PARTIES**

4.     Plaintiff PABLO ROBLES is at all times mentioned herein a resident of the City

1 | of Sacramento, County of Sacramento, California.

2 |     5.     Defendant County of Sacramento is at all times mentioned herein a public entity
3 | in the State of California.

4 |     6.     Defendant Scott Jones is the Sheriff of the County of Sacramento, and is being
5 | sued in his official capacity.

6 |     7.     Defendant Deputy Hardy (Badge No. 1434) is now and at all times mentioned
7 | herein was an employee of the County of Sacramento employed in the Sacramento County
8 | Sheriff's Department as a peace officer, and Plaintiff is informed and believes that he is a
9 | resident of the County of Sacramento.

10 |     8.     Defendant Deputy Daniel (Badge No. 645) is now and at all times mentioned
11 | herein was an employee of the County of Sacramento employed in the Sacramento County
12 | Sheriff's Department as a peace officer and Plaintiff is informed and believes that he is a resident
13 | of the County of Sacramento.

14 |     9.     Defendant Deputy Monahan (Badge No. 452) is now and at all times mentioned
15 | herein was an employee of the County of Sacramento employed in the Sacramento County
16 | Sheriff's Department as a peace officer and Plaintiff is informed and believes that he is a resident
17 | of the County of Sacramento.

18 |     10.    Defendant Deputy PAM (Badge No. 31) is now and at all times mentioned herein
19 | was an employee of the County of Sacramento employed in the Sacramento County Sheriff's
20 | Department as a peace officer and Plaintiff is informed and believes that he is a resident of the
21 | County of Sacramento.

22 |     11.    Defendant Sgt. M. Lopez (Badge No. 179) is now and at all times mentioned
23 | herein was an employee of the County of Sacramento employed in the Sacramento County
24 | Sheriff's Department as a peace officer in the Main Jail and Plaintiff is informed and believes
25 | that he is a resident of the County of Sacramento.

26 |     12.    Defendant Deputy Mattoon (Badge No. 1095) is now and at all times mentioned
27 | herein was an employee of the County of Sacramento employed in the Sacramento County
28 | Sheriff's Department as a peace officer, and Plaintiff is informed and believes that he is a

1  resident of the County of Sacramento.

2      13.    Defendant Officer S. Roby (Badge No. 529) is now and at all times mentioned

3  herein was an employee of the County of Sacramento employed in the Sacramento County

4  Sheriff's Department as a peace officer in the Main Jail and Plaintiff is informed and believes

5  that he is a resident of the County of Sacramento.

6      14.    The true names and identities of Defendants DOE 1 through DOE 40 are presently

7  unknown to Plaintiff.

8      15.    Plaintiff alleges on information and belief that each of Defendants DOES 1

9  through 20 were employed by the County of Sacramento in the Sheriff Scott Jones ,in his official

10  capacity, during the time of the events giving rise to this complaint.  Plaintiff alleges that

11  Defendants DOES 1 through DOE 30, and each of them, negligently and/or wrongfully caused

12  the false arrest and violation of Plaintiffs' Constitutional rights of Due Process and Illegal

13  Seizure under the US and California Constitutions.  Plaintiff will seek to amend this Complaint

14  as soon as the true names and identities of defendants DOES 1 through DOE 20 have been

15  ascertained.

16      16.    Plaintiff alleges on information and belief that each of defendants DOES 21

17  through 40 were employed by the County of Sacramento in the Sheriff Scott Jones ,in his official

18  capacity, during the time of the events giving rise to this complaint.  Plaintiff alleges that

19  Defendants DOES 21 through DOE 40, and each of them, negligently and/or wrongfully retained

20  and or hired the remaining named and DOE Defendants.  Plaintiff will seek to amend this

21  Complaint as soon as the true names and identities of Defendants DOES 21 through DOE 40

22  have been ascertained.

23      17     Plaintiff is informed and believes and thereon alleges that at all times mentioned

24  in this Claim, Defendants, and each of them, were the agents, employees, servants, joint

25  venturers, partners and/or co-conspirators of the other defendants named in this Complaint and

26  that at all times, each of the Defendants was acting within the course and scope of said

27  relationship with defendants.  Additionally, Plaintiff is informed and believes that at all times

28  mentioned in this Claim, Defendants were acting under color of state law.

Pablo Robles v. County of                                    Complaint for Damages
Sacramento,et al                          Page 4

**FACTS RELATING TO FIRST CAUSE OF ACTION**

18.     Defendants, and each of them, owe Plaintiff various duties of care, including but not limited to a duty to not unlawfully imprison Plaintiff without due process of law.

19.     Plaintiff is informed and believes that Defendant County of Sacramento and Sheriff Scott Jones,in his official capacity, maintain an illegal policy, pattern, or practice of holding prisoners such as Plaintiff without due process of law.

20.     Plaintiff Pablo Robles was convicted of Health and Safety Code §11377 on July 20, 2011, in Sacramento County Superior Court Case No. 08F05507 and remanded to the custody of the California Department of Corrections.

21.     On December 30, 2014,while Plaintiff Pablo Robles was in custody at California State Prison-Solano, the Sacramento Superior Court reduced his sentence to a misdemeanor pursuant to Penal Code §1170.18 reducing his sentence to eight months.  Plaintiff Pablo Robles had already served more than 8 months in state prison and as such his sentence had been completed and he was released from prison in approximately February 2015.

22.     On or about April 3, 2016, Plaintiff PABLO ROBLES was arrested for Driving Under the Influence of Alcohol by and transported to the Sacramento County Main Jail.

23.     On or about April 3, 2016, Plaintiff PABLO ROBLES was placed in the Sacramento County Jail Holding Cell (aka "the Drunk Tank') along with other individuals arrested for driving under the influence of alcohol.

24.     On or bout April 5, 2016, Plaintiff PABLO ROBLES was scheduled to appear in court on his DUI charge. Plaintiff PABLO ROBLES was in the court holding cell awaiting arraignment, when a list of names were read aloud, including his name, and he was informed that charges were not going to be filed against him on the DUI.  Plaintiff PABLO ROBLES was then returned back to the Sacramento County Main Jail without ever being able to see a Judge or Magistrate.

25.     On April 6, 2016, Plaintiff PABLO ROBLES interviewed with Adult Division of Parole Supervisor and was notified that his Parole Hold was retained pending investigation and in the event that parole does not lift the hold PABLO ROBLES would have to come before a

1 | judge within 10 days.

2 |      26.     Plaintiff PABLO ROBLES is informed and believes that on April 7, 2016, that his

3 | Parole Officer Garcia had lifted his parole hold.  Plaintiff is further informed and believes that on

4 | April 7, 2016,the Sacramento County Main Jail website no longer indicated that he was being

5 | held on the DUI charge, bu now was being held on a count of Health and Safety Code § 11357

6 | with an Early Prison Release Date of 7/29/16.  Plaintiff was not provided any notice regarding

7 | these charges.

8 |      27.     Plaintiff PABLO ROBLES is informed and believes that the COUNTY OF

9 | SACRAMENTO, Sheriff Scott Jones, in his official capacity, falsely imprisoned Plaintiff

10 | PABLO ROBLES on Sacramento County Superior Court Case No. 08F05507 without filing any

11 | charges of a parole violation and/or bringing him before a judge.

12 |      28.     On or about April 11,2016, Plaintiff PABLO ROBLES sent a County Jail

13 | Message Request to Classification to obtain copies of all documentation pertaining to his

14 | incarceration i.e. charges, holds, etc.

15 |      29.     On April 17, 2016, Plaintiff PABLO ROBLES filed a grievance form regarding

16 | him being falsely imprisoned on his prior criminal case for which he served all this time.

17 | Defendant Sgt. Lopez instead of attempting to determine if Plaintiff had served his time stated as

18 | follows: "Mr. Robles if you feel that you are not being held legally based on the previous court

19 | Rulings and motion of your case I would encourage you to contact your attorney so that

20 | everything can be cleared up and explained." A true and accurate copy of this document is

21 | attached hereto as "Exhibit 1."  Such statement was an abdication of the duty of the County of

22 | Sacramento and Sheriff Scott Jones who had a duty to ensure that they were not holding

23 | prisoners illegally.

24 |      30.     On April 19, 2016, Plaintiff PABLO ROBLES sent a Sheriff Scott Jones ,in his

25 | official capacity, County Jail Message Request to the Warden (Jail Commander) indicating that

26 | he had been held since April 3, 2016 without having been taken before a judge. A true and

27 | correct copy of that document is attached hereto as "Exhibit 2."

28 |      31.     On April 23, 2016, Plaintiff PABLO ROBLES sent a County Jail Message

1

2

Request to Floor Staff regarding whether he had a "Parole Hold." He received no response to the message.

3

4

5

6

7

32.     On April 26, 2016, Plaintiff was scheduled for court and still had not been before a judge or inside a courtroom regarding his current detention. He was chained up and ready to be escorted to court, when the Sacramento County Sheriff's Deputy received a phone call and told him words to the effect of : "Robles, they don't need you courts been cancelled" after which Plaintiff was returned to his housing unit in the jail.

8

9

10

11

33.     On April 28, 2016, Plaintiff sent out the following Message Request forms related to his false imprisonment: 1) to Records requesting his Central File (a copy of which is attached hereto as Exhibit "4") and 2)To Floor Staff Requesting to be notified of any holds, pending charges, or next Court date  (a copy of which is attached hereto as Exhibit "5") .

12

13

34.     On April 28,2016, Plaintiff PABLO ROBLES filed a Grievance form regarding False Imprisonment. A true and correct copy of that document is attached hereto as Exhibit "6 ."

14

15

16

35.     On May 2, 2016, Plaintiff PABLO ROBLES filed a Grievance form regarding Violation of his Human Rights as a Prisoner. A true and correct copy of that document is attached hereto as Exhibit "7."

17

18

19

20

36.     On May 3, 2016, Plaintiff field a Message Request form to Floor Staff regarding any holds and his next court date. The Officer informed him over the intercom in his cell that his next court date would be May 9, 2016. A true and correct copy of those documents are attached hereto as Exhibit "8."

21

22

23

24

25

26

37.     Plaintiff PABLO ROBLES was never taken before a judge.  On May 6, 2016, he was released from the Sacramento County Main Jail when after efforts of his attorney Cristina Andrade brought the issue of his false imprisonment to the Sacramento County Superior Court and he was released by the Sacramento County Jail. On May 6, 2016, the Sacramento Superior Court Judge found that Plaintiff Pablo Robles had already served his time on the charges for which he was being held prior to his arrest for Driving Under the Influence

27

28

38.     The defendants, and each of them, intentionally did the aforementioned unlawful acts under the color of state law and were acting or purporting to act in the performance of their

1    official duties.

2         39.    The acts of defendants, and each of them, alleged herein constituted an Unlawful

3    Seizure of Plaintiff PABLO ROBLES person in violation of the Fourth and Fourteenth

4    Amendments of the United States Constitution and the Due Process Clause of the United States

5    Constitution for not bringing him before a judge within 72 hours.

6         40.    Plaintiff is informed and believes Defendants, and each of their wrongful actions,

7    was as part of a policy, pattern, or practice of Defendants COUNTY OF SACRAMENTO and

8    Sheriff Scott Jones ,in his official capacity, of failing to look into claims by prisoners of being

9    held illegally by Peace Officers, and falsely indicating grounds for holding prisoners by Peace

10   Officers employed by Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his

11   official capacity, as stated above.

12        41.    Defendants Defendants Deputy Hardy (Badge No. 1434) , Deputy Daniel (Badge

13   No. 645), Deputy Monahan (Badge No. 452),  Deputy PAM (Badge No. 31), Sgt. M. Lopez

14   (Badge No. 179), Deputy Mattoon (Badge No. 1095), Officer S. Roby (Badge No. 529), and

15   Does 1-40 , and each of their, conduct violated Plaintiff's right to be free of unreasonable seizure

16   under the Fourth and Fourteenth Amendment to the United States Constitution and his right of

17   due process under the U.S. Constitution to be brought before a judge within 72hours.

18        42.    Defendants Defendants Deputy Hardy (Badge No. 1434) , Deputy Daniel (Badge

19   No. 645), Deputy Monahan (Badge No. 452),  Deputy PAM (Badge No. 31), Sgt. M. Lopez

20   (Badge No. 179), Deputy Mattoon (Badge No. 1095), Officer S. Roby (Badge No. 529), and

21   Does 1-40 , and each of them, inclusive, acted because of this official policy, pattern, or practice

22   of Defendants COUNTY OF SACRAMENTO and SHERIFF SCOTT JONES ,in his official

23   capacity of failing to look into claims by prisoners of being held illegally by Peace Officers, and

24   falsely indicating grounds for holding prisoners by Peace Officers employed by Defendants

25   COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity, as stated above.

26        43.    Each of the aforementioned violations of Plaintiff's Constitutional and Federal

27   Rights were executed as a result of a conspiracy by each and every one of the named individual

28   defendants ( Defendants Sgt. Erin McAtee; Deputy Ryan Trapani (Badge No. 1395);  Deputy

Pablo Robles v. County of                                      Complaint for Damages
Sacramento,et al                        Page 8

Nick Sheehan (Badge No. 524); Deputy Wright (Badge No. 32); Deputy Jacob Thrall (Badge No. 1215); Deputy Chilang (Badge No. 1399) and Does 1-40) as ratified and approved by their employer Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity.

44.     As a direct result of defendants, and each of their wrongful acts, Plaintiff was harmed and defendants, and each of their wrongful acts was a substantial factor in causing Plaintiff's harm.

45.     As a direct and proximate cause of the Defendants', and each of their, violations of Plaintiffs Constitutional Right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free of unreasonable seizure of his person and his Due Process right under the Due Process Clause of the U.S. Constitution to be brought before a judge within 72 hours of seizure , Plaintiff has suffered general damages in an amount to be shown at time of trial but that is within the jurisdiction of the United States District Court in and for the Eastern District of California.

46.     As a direct and proximate cause of the Defendants', and each of their, violations of Plaintiff's Constitutional Right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free of unreasonable seizure of his person and his Due Process right under the Due Process Clause of the U.S. Constitution to be brought before a judge within 72 hours of seizure, Plaintiff has suffered special damages in an amount to be shown at time of trial but that is within the jurisdiction of the United States District Court in and for the Eastern District of California .

47.     As a direct and proximate cause of the Defendants', and each of their violations of Plaintiff's Constitutional Right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free of unreasonable seizure of his person and his Due Process right under the Due Process Clause of the U.S. Constitution to be brought before a judge within 72 hours of seizure, Plaintiff suffered and continues to suffer damages from extreme emotional distress, mental anguish, depression and anxiety in an amount to be shown at time of trial but that is within the jurisdiction of the United States District Court in and for the Eastern District of

1    California.

2    48.    As a direct and proximate cause of the Defendants', and each of their, violations

3    of Plaintiff's Constitutional Right under the Fourth and Fourteenth Amendments to the U.S.

4    Constitution to be free of unreasonable seizure of his person and his Due Process right under the

5    Due Process Clause of the U.S. Constitution to be brought before a judge within 72 hours of

6    seizure, Plaintiff suffered and continues to suffer damages including loss of liberty, and lost

7    wages and loss of employment or business opportunities in an amount to be shown at time of

8    trial but that is within the jurisdiction of the United States District Court in and for the Eastern

9    District of California.

10    49.    As a direct and proximate cause of the Defendants', and each of their, violations

11    of Plaintiff's Constitutional Right under the Fourth and Fourteenth Amendments to the U.S.

12    Constitution to be free of unreasonable seizure of his person and his Due Process right under the

13    Due Process Clause of the U.S. Constitution to be brought before a judge within 72 hours of

14    seizure, Plaintiff has suffered past and future medical/psychological treatment damages in an

15    amount to be shown at time of trial but that is within the jurisdiction of the United States District

16    Court in and for the Eastern District of California.

17    50.    The aforementioned acts and/or omissions of the individually named Defendants,

18    and each of them, were willful, malicious, reckless and/or accomplished with a conscious

19    disregard of Plaintiff's rights thereby entitling Plaintiff to an award of exemplary and punitive

20    damages according to proof against the individually named Defendants, and each of them, that is

21    within the jurisdiction of the United States District Court in and for the Eastern District of .

22    California to be shown at the time of trial.

23    51.    As a direct and proximate result of the acts and/or omissions of Defendants, and

24    each of them, Plaintiff has been compelled to retain counsel to represent him in this matter and

25    Plaintiff is entitled to an award of attorneys' fees in this matter pursuant to 42 U.S.C. Section

26    1988.

27    //

28    //

Pablo Robles v. County of                                      Complaint for Damages
Sacramento,et al                        Page 10

## SECOND CAUSE OF ACTION

## FALSE IMPRISONMENT

### (Unnecessary Delay in Processing/Releasing a Prisoner)

**JURISDICTION**

52.     This court has supplemental jurisdiction under this cause of action arises pursuant to 28 USC §1367(a) as the instant cause of action  "are so related" to a case already properly before a federal court "that [the claims] form part of the same case or controversy under Article III of the United States Constitution" as the claims "derive from a common nucleus of operative fact" as the First Cause of Action for violations of the Fourth and Fourteenth Cuases of Action brought under 42 USC §1983.

53.     Plaintiff has exhausted all his administrative remedies and timely filed the instant action. Plaintiff filed a claim against public entity on September 29, 2016 with the Sacramento County Board of Supervisors, a true and correct copy of which is attached hereto as 'Exhibit 9." On January 30, 2017, Defendants mailed a notice of rejection of claim ot Plaintiff's counsel, a true and correct copy of which is attached hereto as "Exhibit 10". This letter was received on January 31, 2017. July 30, 2017, was a Sunday and pursuant to California Code of Civil Procedure section 12 (a) "[i]f the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday. For purposes of this section, "holiday" means all day on Saturday, all holidays specified in Section 135..." California Code of Civil Procedure §135 specifies all "Sundays" as holidays.   Similarly Federal Rules of Civil Procedure, Rule 6 (a)(1) (C) in computing time for any time period under the Federal Rules of Civil Procedure to "include the last day of the period, but if the last day is Saturday, Sunday, or legal holiday, the period continues to run to the end of the next day that is not a Saturday, Sunday, or legal holiday."

**PARTIES**

54.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17, as though fully set forth herein.

Pablo Robles v. County of
Sacramento,et al                          Page 11

Complaint for Damages

**FACTS RELATING TO SECOND CAUSE OF ACTION**

55.     Plaintiff re-alleges and incorporates by reference paragraphs 18 through 44, as though fully set forth herein.

56.     Plaintiff is informed and believes that defendants, and each of them, knew or should have known that Plaintiff was being unlawfully held and not provided his due process by being taken before a judge.

57.     Defendants, and each of them, knew that as of April 5, 2016, no charges were going to be filed against Plaintiff PABLO ROBLES relating to his arrest for driving under the influence at that time. And failed to take him before a judge within 48 hours of his arrest in violation of California Penal Code §825.

58.     Defendants, and each of them, knew as of April 7, 2016, that there was no parole hold going to be placed on Plaintiff PABLO ROBLES.   As such Defendants, and each of them, knew or should have known that Plaintiff was being held in custody without any due process of law.

59.     Instead of releasing Plaintiff PABLO ROBLES they falsified information on April 7, 2016,in the Sacramento County Main Jail website indicating he was being held o on a count of Health and Safety Code § 11357 with an Early Prison Release Date of 7/29/16.  Prior to this hold being placed upon Plaintiff PABLO ROBLES was not provided any notice regarding these charges, nor given his procedural and substantive due process rights under the 4th and 14th Amendments to the U.S. Constitution for an opportunity to be brought before a magistrate to be heard and was being held without any bail determination.

60.     There was an unnecessary delay in taking Plaintiff before a judge and or releasing Plaintiff from custody from on or about April 7, 2016, until May 6, 2016. This was despite frequent complaints by Plaintiff stated above in paragraphs 28 through 36 that he had already served his time and should be released or taken before a judge.  Defendants, and each of them, acted with deliberate indifference to Plaintiffs' claims that he was being falsely imprisoned and knew or should have known he was being falsely imprisoned and that they had a duty to bring him before a judge.

61. Plaintiff PABLO ROBLES did not consent to the delay since April 7, 2016, and frequently complained about his being falsely imprisoned without being taken before a magistrate as stated in paragraphs 28 through 36 .

62. Plaintiff PABLO ROBLES was never taken before a judge.  On May 6, 2016, he was released from the Sacramento County Main Jail when after efforts of his attorney Cristina Andrade brought the issue of his false imprisonment to the Sacramento County Superior Court and he was released by the Sacramento County Jail. On May 6, 2016, the Sacramento Superior Court Judge found that Plaintiff Pablo Robles had already served his time on the charges for which he was being held prior to his arrest for Driving Under the Influence.

63. Plaintiff PABLO ROBLES was actually harmed as he lost his employment, was unable to attend his sons birthday causing him and his family unwarranted emotional pain and suffering, he incurred incidental expenses that he would not have incurred had he not been unlawfully held in the Sacramento Main Jail, and suffered extreme distress as a result of his false imprisonment.

64. Defendants COUNTY OF SACRAMENTO and/or SHERIFF SCOTT JONES, in his Official Capacity,  are vicariously liable for the conduct of their employees Defendants Deputy Hardy (Badge No. 1434) , Deputy Daniel (Badge No. 645), Deputy Monahan (Badge No. 452), Deputy PAM (Badge No. 31), Sgt. M. Lopez (Badge No. 179), Deputy Mattoon (Badge No. 1095), Officer S. Roby (Badge No. 529), and Does 1-40 , and each of them, as they were acting under the color of law with the authorization of the COUNTY OF SACRAMENTO and/or SHERIFF SCOTT JONES, in his official capacity.

65. As a direct and proximate cause of the unlawful false arrest of Plaintiff as described above by Defendants, and each of them, Plaintiff has suffered general damages in an amount to be shown at time of trial but that is within the jurisdiction of  the United States District Court in and for the Eastern District of California .

66. As a direct and proximate cause of the unlawful As a direct and proximate cause of the unlawful false arrest of Plaintiff as described above by Defendants, and each of them, Plaintiff has suffered special damages in an amount to be shown at time of trial but that is within

the jurisdiction of the United States District Court in and for the Eastern District of California .

67.    As a direct and proximate cause of the unlawful false arrest of Plaintiff as described above by Defendants, and each of them, Plaintiff has suffered extreme emotional pain and suffering damages in an amount within the jurisdiction of the United States District Court in and for the Eastern District of California to be shown at the time of trial.

68.    As a direct and proximate cause of the unlawful false arrest of Plaintiff as described above by Defendants, and each of them, Plaintiff has suffered past and future medical/psychological treatment damages in an amount to be shown at time of trial but that is within the jurisdiction of the United States District Court in and for the Eastern District of California.

69.    As a direct and proximate cause of the unlawful false arrest of Plaintiff as described above by Defendants, and each of them, Plaintiff has suffered past and future wage loss in an amount to be shown at time of trial but that is within the jurisdiction of the United States District Court in and for the Eastern District of California.

70.    The aforementioned acts and/or omissions of the individually named Defendants, and each of them, were willful, malicious, reckless and/or accomplished with a conscious disregard of Plaintiff's rights thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof against the individually named Defendants, and each of them, that is within the jurisdiction of the United States District Court in and for the Eastern District of California  to be shown at the time of trial.

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

**JURISDICTION**

71.    This court has supplemental jurisdiction under this cause of action arises pursuant to 28 USC  §1367(a) as the instant cause of action  "are so related" to a case already properly before a federal court "that [the claims] form part of the same case or controversy under Article III of the United States Constitution" as the claims "derive from a common nucleus of operative fact" as the First Cause of Action for violations of the Fourth and Fourteenth Cuases of

1  Action brought under 42 USC §1983.

2      72.    Plaintiff has exhausted all his administrative remedies and timely filed the instant

3  action. Plaintiff filed a claim against public entity on September 29, 2016 with the Sacramento

4  County Board of Supervisors, a true and correct copy of which is attached hereto as 'Exhibit 9."

5  On January 30, 2017, Defendants mailed a notice of rejection of claim ot Plaintiff's counsel, a

6  true and correct copy of which is attached hereto as "Exhibit 10". This letter was received on

7  January 31, 2017.  July 30, 2017, was a Sunday and pursuant to California Code of Civil

8  Procedure section 12 (a) "[i]f the last day for the performance of any act provided or required by

9  law to be performed within a specified period of time is a holiday, then that period is hereby

10  extended to and including the next day that is not a holiday. For purposes of this section,

11  "holiday" means all day on Saturday, all holidays specified in Section 135..." California Code of

12  Civil Procedure §135 specifies all "Sundays" as holidays.   Similarly Federal Rules of Civil

13  Procedure, Rule 6 (a)(1) (C) in computing time for any time period under the Federal Rules of

14  Civil Procedure to  "include the last day of the period, but if the last day is Saturday, Sunday, or

15  legal holiday, the period continues to run to the end of the next day that is not a Saturday,

16  Sunday, or legal holiday."

17      **PARTIES**

18      73.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17, as

19  though fully set forth herein.

20      **FACTS RELATING TO THIRD CAUSE OF ACTION**

21      74.    Plaintiff re-alleges and incorporates by reference paragraphs 18 through 44 and

22  paragraphs 55-64, as though fully set forth herein.

23      75.    Plaintiff is informed and believes that defendants, and each of them, knew or

24  should have known that Plaintiff was being unlawfully held and not provided his due process by

25  being taken before a judge.

26      76.    Defendants, and each of them, instead of taking Plaintiff before a judge and due to

27  his complaints that he was being held unlawfully, retaliated against Plaintiff for complaints he

28  made concerning the unlawful holding of him as a prisoner..

Pablo Robles v. County of                             Complaint for Damages
Sacramento,et al               Page 15

77.   The above-mentioned wrongful actions of defendants, and each of them, were extreme and outrageous conduct (as they were unlawful acts done by public safety employees who were abusing their authority over normal citizens) done with the intent to cause severe emotional pain and suffering and/or done with reckless disregard of the probability of causing emotional suffering and distress on Plaintiff.

78.   As a proximate and direct result of the wrongful actions of defendants, and each of them, Plaintiff has suffered severe emotional pain and suffering for which he is seeking psychological treatment.

79.   As a direct and proximate cause of the wrongful actions of Defendants, and each of them, Plaintiff has suffered general damages in an amount to be shown at time of trial but that is within the jurisdiction of the United States District Court in and for the Eastern District of California .

80.   As a direct and proximate cause of the wrongful actions of Defendants, and each of them, Plaintiff has suffered special damages in an amount to be shown at time of trial but that is within the jurisdiction of the United States District Court in and for the Eastern District of California .

81.   As a direct and proximate cause the wrongful actions of Defendants, and each of them, Plaintiff has suffered extreme emotional pain and suffering damages in an amount within the jurisdiction of the United States District Court in and for the Eastern District of California to be shown at the time of trial.

82.   As a direct and proximate cause of the wrongful actions of Defendants, and each of them, Plaintiff has suffered past and future wage loss in an amount to be shown at time of trial but that is within the jurisdiction of the United States District Court in and for the Eastern District of California.

83.   As a direct and proximate cause of the wrongful actions of Defendants, and each of them, Plaintiff has suffered past and future medical/psychological treatment damages in an amount to be shown at time of trial but that is within the jurisdiction of the United States District Court in and for the Eastern District of California.

84.     The aforementioned acts and/or omissions of the individually named Defendants, and each of them, were willful, malicious, reckless and/or accomplished with a conscious disregard of Plaintiff's rights thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof against the individually named Defendants, and each of them, that is within the jurisdiction of the United States District Court in and for the Eastern District of California to be shown at the time of trial.

## FOURTH CAUSE OF ACTION

**(Negligent Hiring, Training, Supervision and Retention Against Defendant County of Sacramento and Sheriff Scott Jones ,in his official capacity, and Does 21 through 40)**

### JURISDICTION

71.     This court has supplemental jurisdiction under this cause of action arises pursuant to 28 USC §1367(a) as the instant cause of action  "are so related" to a case already properly before a federal court "that [the claims] form part of the same case or controversy under Article III of the United States Constitution" as the claims "derive from a common nucleus of operative fact" as the First Cause of Action for violations of the Fourth and Fourteenth Cuases of Action brought under 42 USC §1983.

72.     Plaintiff has exhausted all his administrative remedies and timely filed the instant action. Plaintiff filed a claim against public entity on September 29, 2016 with the Sacramento County Board of Supervisors, a true and correct copy of which is attached hereto as 'Exhibit 9." On January 30, 2017, Defendants mailed a notice of rejection of claim ot Plaintiff's counsel, a true and correct copy of which is attached hereto as "Exhibit 10". This letter was received on January 31, 2017. July 30, 2017, was a Sunday and pursuant to California Code of Civil Procedure section 12 (a) "[i]f the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday. For purposes of this section, "holiday" means all day on Saturday, all holidays specified in Section 135..." California Code of Civil Procedure §135 specifies all "Sundays" as holidays.  Similarly Federal Rules of Civil Procedure, Rule 6 (a)(1) (C) in computing time for any time period under the Federal Rules of

Civil Procedure to "include the last day of the period, but if the last day is Saturday, Sunday, or legal holiday, the period continues to run to the end of the next day that is not a Saturday, Sunday, or legal holiday."

**PARTIES**

73.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17, as though fully set forth herein.

**FACTS RELATING TO THIRD CAUSE OF ACTION**

74.    Plaintiff re-alleges and incorporates by reference paragraphs 18 through 44 and paragraphs 55-64, as though fully set forth herein.

75.    Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity, and their agents and/or employees, DOES 21 through 40 have a duty to hire, supervise, train, and retain employees so that its employees refrain from the conduct alleged herein. Defendant COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity,  is vicariously liable for defendants 21 through 40.

76.    Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity, and their agents an/or employees,  and DOES 21 through 40, breached this duty causing the conduct alleged herein by not properly issuing general orders, providing adequate training to its officers, or taking preventive measures to ensure that police officers do not unlawfully detain and fail to take prisoners before a judge in a timely manner; and/or do not falsify reports in order to cover up the incompetence and illegal acts of the peace officers while employed by the Sheriff Scott Jones ,in his official capacity,.  Such breach constituted negligent hiring, training, supervision and retention under the laws of the State of California.

77.    Such breach proximately caused damages and injuries to Plaintiff as alleged herein.

78.    As a direct and proximate cause of the wrongful actions of  Defendants, and each of them, Plaintiff has suffered general damages in an amount to be shown at time of trial but that is within the jurisdiction of  the United States District Court in and for the Eastern District of California

Pablo Robles v. County of
Sacramento,et al                                    Page 18                                    Complaint for Damages

79.     As a direct and proximate cause of the wrongful actions of Defendants, and each of them, Plaintiff PABLO ROBLES has suffered special damages in an amount to be shown at time of trial but that is within the jurisdiction of the United States District Court in and for the Eastern District of California.

80.     As a direct and proximate cause of the wrongful actions of Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones, in his official capacity, and their agents an/or employees, DOES 21 through 40, and each of them, Plaintiff has suffered extreme emotional pain and suffering damages in an amount within the jurisdiction of the United States District Court in and for the Eastern District of California to be shown at the time of trial.

81.     As a direct and proximate cause of the wrongful actions of Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones, in his official capacity, and their agents an/or employees, DOES 21 through 40, and each of them, Plaintiff has suffered past and future wage loss in an amount to be shown at time of trial but that is within the jurisdiction of the United States District Court in and for the Eastern District of California.

82.     As a direct and proximate cause of the wrongful actions of Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity, and their agents an/or employees, DOES 21 through 40, and each of them, Plaintiff has suffered past and future medical/psychological treatment damages in an amount to be shown at time of trial but that is within the jurisdiction of the Superior Court of the State of California in an amount within the jurisdiction of the United States District Court in and for the Eastern District of California to be shown at the time of trial.

## PRAYER

WHEREFORE, Plaintiff A prays judgment against defendants, and each of them;

1.     For a money judgment representing compensatory damages including lost wages, commissions, and other employment benefits, lost earning capacity, and all other sums of money together with interest on said amounts, in an amount to be proven at the time of trial.

2.     For a money judgment for mental pain and anguish, emotional distress and general damages in an amount to be proven at the time of trial.

3.    For a money damage for past and future medical/health care provider bills;

3.    For prejudgment interest, if applicable.

4.    For exemplary damages against the individual defendants in an amount to be proven at the time of trial.

5.    For costs of suit including attorney's fees as authorized by federal and/or state law, if applicable.

6.    For such and other further relief as the Court may deem just and proper.

DATED: July 30, 2017                          Respectfully submitted,

                                                              _____
                                                              KEVIN W. HARRIS
                                                              Attorney for Plaintiff PABLO ROBLES

Pablo Robles v. County of
Sacramento, et al                        Page 20                     Complaint for Damages

EXHIBIT 1

# SACRAMENTO COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONAL SERVICES
## INMATE GRIEVANCE/SUGGESTION

APR 26 PM 3:54

| NAME (PRINT LAST, FIRST, MIDDLE) | DATE OF BIRTH | XREF NUMBER | DATE |
|---|---|---|---|
| Robles, Pablo R. | 7-16-87 | 4053131 | 4/18/16 |
| INMATES SIGNATURE | INMATE'S LOCATION | DATE AND TIME OF OCCURRENCE | |
| P.Rol | P-b/.212 | 4-4-16 | |

**INSTRUCTIONS:** PLEASE PRINT YOUR NAME ON THE FORM AS IT APPEARS ON YOUR WRIST AND AND INCLUDE YOUR XREF NUMBER. IF MORE THAN ONE PERSON IS SIGNING THE GRIEVANCE/SUGGESTION, PLEASE PLACE FULL NAMES AND XREF NUMBERS AT THE END OF THE FORM. USE A SECOND FORM IF MORE SPACE IS NEEDED.

GRIEVANCE/SUGGESTION: On 4-4-16 I was booked on (2) misdemeanor DUI count which upon going to court on Tue April 6th 2016, was informed "No charges filed". My issue now occur as it shows I have been "ad-booked" on a case from July 7th 2008 for which I already took my deal and served by my time. Furthermore Your records should concure with this fact as I came via Prison (CSP-Solano) on July 3rd 2011 and resided in this county on the 8th floor 200 pod cell 15. I took my deal + did my time then was sent back to CSP-SOLANO July 2016. Moreover I filed a -1381- in 2015 prior to my release from prison (CSP-Solano) hense this charge is false And - I would like it to be corrected and reflect such correction on my status as well. lift my hold and allow me a new court date to further then deal with this matter if need be while on the street moreover I filed an eippeal to this county for this case per prop 47 & was granted back on Jan 2015

| RECEIVING OFFICER (PRINT) | BADGE NO. | SIGNATURE | DATE/TIME |
|---|---|---|---|
| PHR | 31 | | 04/17/16 - 2304 |

RECEIVING OFFICERS/SUPERVISOR'S COMMENTS: Mr. Robles I feel that you are not being held legally based on this previous court rulings and motions of your case. I would encourage you to contact your attorney so that everything can be cleared up and explained.

| SUPERVISOR'S NAME (PRINT) | BADGE NO. | SIGNATURE | DATE/TIME |
|---|---|---|---|
| M. Lopez #179 | | Sc Lopez -179 | 4/26/16 1530 |

7400-012 (7421-084 Rev 1/90 PT)

DISTRIBUTION:
WHITE – DIVISION COMMANDER
YELLOW – INMATE FILE
PINK - INMATE

NOTED: LT. #26

PAGE ___ OF ___

EXHIBIT 2

## SACRAMENTO COUNTY SHERIFF'S DEPARTMENT

### COUNTY JAIL
### MESSAGE REQUEST

4/19/16

TO: Att WARDEN

☐ U.S. MARSHAL ☐ SOCIAL WORKER ☐ ICE ☐ FEDERAL PUBLIC DEFENDER ☐ PUBLIC DEFENDER ☐ PROBATION ☒ JAIL/ADMIN RECORDS ☐ CHAPLAIN ☐ RCCC

DATE 4/19/16   DATE: 4/19/16   TIME:

RECEIVED BY OFFICER: Martinez 1095

MESSAGE: I ARRIVED TO YOUR FACILITY APRIL 3rd 2016. I HAVE YET TO SEE A JUDGE. ON 4/5/16 I WAS TOLD "NO CHARGES FILED YET. I HAVE A COUNTY HOLD FOR A CASE FROM July of 2008 in which I have been already Sentenced to 4 Year Scare in Prison. I AM PRAL 97 4 I Have THE PAPER PROVING MY FACTS with M.R. Grant

FROM/NAME: Keith Cobb

X - REF NO. 415-2132

LOCATION: 2W 236

REPLY:

BY

WHITE COPY FOR REPLY — YELLOW COPY TO RECORDS — PINK COPY KEPT BY INMATE

# EXHIBIT 3

SACRAMENTO COUNTY SHERIFF'S DEPARTMENT

COUNTY JAIL
MESSAGE REQUEST

TO:

☐ U.S. MARSHAL ☐ SOCIAL WORKER ☐ ICE ☐ FEDERAL PUBLIC DEFENDER ☐ PUBLIC DEFENDER ☐ PROBATION

☐ JAIL ADMIN. PROCESS ☐ GUARDIAN ☐ REC.C.

REFERRED BY (PRINTER)

DATE _____ TIME _____

MESSAGE

4/28/16

FROM NAME

X-REF NO.

REPLY

# EXHIBIT 4

4/26/16

## SACRAMENTO COUNTY SHERIFF'S DEPARTMENT

COUNTY JAIL
MESSAGE/REQUEST

DATE: 4.26.16

TO: REDRO's

3/4/16

| U.S. MARSHAL | SOCIAL WORKER | ICE | FEDERAL PUBLIC DEFENDER | JAIL ADMIN. RECORDS ☒ | PUBLIC DEFENDER | CHAPLAIN | PROBATION | RCCC |

DATE:                           TIME:

RECEIVED BY OFFICER:

MESSAGE: UNDER THE PRIVACY ACT I AM REQUESTING TO VIEW
MY CENTRAL FILE and/y ALL RECORD's ON FILE WITH MY NAME "!
    THANK YOU FOR YOUR TIME CONCERNING THIS MATTER.

FROM NAME: Pablo Robles

X-REF NO. 405 3177

LOCATION: 8W-212 ①

REPLY: We do not have access to this information, Speak
w/ your attorney

BY [signature]

M57421 FORM 022
Rev.01/12

WHITE COPY FOR REPLY – YELLOW COPY TO RECORDS – PINK COPY KEPT BY INMATE

EXHIBIT 5



EXHIBIT 6

INMATE GRIEVANCE/SUGGESTION

| NAME (PRINT LAST, FIRST, MIDDLE) | DATE OF BIRTH | XREF NUMBER | DATE |
|---|---|---|---|
| Robles Pablo R | | | |
| INMATE'S SIGNATURE | INMATE'S LOCATION | DATE AND TIME OF OCCURRENCE | |

INSTRUCTIONS: PLEASE PRINT YOUR NAME ON THE FORM AS IT APPEARS ON YOUR WRIST-BAND AND INCLUDE YOUR XREF NUMBER. IF MORE THAN ONE PERSON IS SIGNING THE GRIEVANCE/SUGGESTION, PLEASE PLACE FULL NAMES AND XREF NUMBERS AT THE END OF THE FORM. USE A SEPARATE FORM IF MORE SPACE IS NEEDED.

GRIEVANCE/SUGGESTION:

| RECEIVING OFFICER (PRINT) | BADGE NO. | SIGNATURE | DATE/TIME |
|---|---|---|---|

RECEIVING OFFICER/SUPERVISOR'S COMMENTS:

| SUPERVISOR'S NAME (PRINT) | BADGE NO. | SIGNATURE | DATE/TIME |
|---|---|---|---|

DISTRIBUTION:
WHITE - DIVISION COMMANDER
YELLOW - INMATE FILE
PINK - INMATE

PAGE _____ OF _____

EXHIBIT 7

# SACRAMENTO COUNTY SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE / SUGGESTION

| NAME (PRINT LAST, FIRST, MIDDLE) | | DATE OF RPT | ASSGN. / UNIT | TIME |
|---|---|---|---|---|
| Rogus Pablo R | | 3/10/09 | | |
| INMATE'S SIGNATURE | | INMATE'S LOCATION | DATE OF ALLEGED OCCURRENCE | |
| | | 8W 2-12-C | | |

INSTRUCTIONS: PLEASE PRINT YOUR NAME ON THE FORM AND ANSWER...

EXHIBIT 8



EXHIBIT 9

1  Kevin W. Harris SBN 133084
   **Attorney at Law**
2  **1387 Garden Hwy., Ste. 200**
   **Sacramento, CA 95833**
3  **Tel.: (916) 271-0688**
   **Fax: (855) 800-4454**
4
5  **Ryan P. Friedman SBN 252244**
   **Friedman Law Firm, Inc.**
6  **1383 Garden Hwy., Ste. 200**
   **Garden Hwy., Ste. 200**
7  **Sacramento, CA 95833**
   **Tel: (916) 800-4454**
   **Fax: (855) 800-4454**
8
9  **Attorneys for Claimant Pablo Robles**

COUNTY OF SACRAMENTO
BOARD OF SUPERVISORS

16 SEP 29  AM II: 56

10              BEFORE THE SACRAMENTO COUNTY

11                     BOARD OF SUPERVISORS

12  Pablo Robles;                           )   Claim  No.:
                                            )
13              **Claimant,**                   )   **1. False Imprisonment (Unnecessary**
        **vs.**                                 )   **Delay in Processing/Releasing a**
14                                          )   **Prisoner)**
                                            )   **2. Intentional Infliction of Emotional**
15  **County of Sacramento; Sheriff Scott**    )   **Distress**
    **Jones, in his official capacity, Deputy** )   **3. Negligent Hiring, Training,**
16  **Hardy (Badge No. 1434) , Deputy Daniel**  )   **Supervision and Retention Against**
    **(Badge No. 645), Deputy Movahan (Badge** )   **Defendant County of Sacramento and**
17  **No. 452), Deputy PAM (Badge No. 31),**    )   **Sheriff Scott Jones ,in his official**
    **Sgt. M. Lopez (Badge No. 179), Deputy**   )   **capacity, and Does 21 through 40)**
18  **Matoon (Badge No. 1095), Officer S. Roby** )   **4.  Violation of Civil Rights - Fourth and**
    **(Badge No. 529), and Does 1-40, inclusive.** )   **Fourteenth Amendment-**
19                                               **Unreasonable Seizure of Person and Due**
            **Defendant.**                      **Process Clause Failure to Take Before a**
20                                               **Judge (42 USC §1983)**
21

22    **TO THE SACRAMENTO COUNTY BOARD OF SUPERVISORS:**

23        Claimant **PABLO ROBLES**  hereby makes a claim against public entity against the

24    County of Sacramento and Sheriff Scott Jones, in his official capacity, and the following

25    employees of the Sheriff Scott Jones, in his official capacity, Deputy Hardy (Badge No. 1434) ,

26    Deputy Daniel (Badge No. 645), Deputy Monahan (Badge No. 452),  Deputy PAM (Badge No.

27    31), Sgt. M. Lopez (Badge No. 179), Deputy Mattoon (Badge No. 1095), Officer S. Roby (Badge

28    No. 529): and Does 1-40, inclusive, for the sum which is in the jurisdiction of the Superior Court

1   of the State of California and/or the U.S. District Court in and for the Eastern District of

2   California. This matter is an unlimited case for purposes of the Superior Court of the State of

3   California.

4       1.     Claimant PABLO ROBLES's address is. Claimant PABLO ROBLES should

5   only be contacted through his attorney Kevin W. Harris at 1387 Garden Highway, Suite 200,

6   Sacramento, CA 95833, (916) 271-0688, facsimile (855) 800-4454.

7       2.     Notices concerning this claim should be sent to PABLO ROBLES c/o  Kevin W.

8   Harris, Attorney at Law at 1387 Garden Highway, Suite 200, Sacramento, CA 95833, (916) 271-

9   0688, facsimile (855) 800-4454.

10       3.     The date and place of the occurrences or transactions giving rise to this claim is

11   May 26, 2014 at the Sacramento County Main Jail at 651 I Street, Sacramento, California 95814.

12   **STATEMENT OF FACTS RELATED TO ALL CAUSES OF ACTION**

13       4.     Claimant PABLO ROBLES is at all times mentioned herein a resident of the City

14   of Sacramento, County of Sacramento, California.

15       5.     Defendant County of Sacramento is at all times mentioned herein a public entity

16.   in the State of California.

17       6.     Defendant Scott Jones is the Sheriff of the County of Sacramento, and is being

18   sued in his official capacity.

19       7.     Defendant Deputy Hardy (Badge No. 1434) is now and at all times mentioned

20   herein was an employee of the County of Sacramento employed as a peace officer in the Sheriff

21   Scott Jones ,in his official capacity, and Claimant is informed and believes that he is a resident of

22   the County of Sacramento.

23       8.     Defendant Deputy Daniel (Badge No. 645) is now and at all times mentioned

24   herein was an employee of the County of Sacramento employed as a peace officer in the Sheriff

25   Scott Jones ,in his official capacity, and Claimant is informed and believes that he is a resident of

26   the County of Sacramento.

27       9.     Defendant Deputy Monahan (Badge No. 452) is now and at all times mentioned

28   herein was an employee of the County of Sacramento employed as a peace officer in the Sheriff

1  Scott Jones ,in his official capacity, and Claimant is informed and believes that he is a resident of

2  the County of Sacramento.

3      10.     Defendant Deputy PAM (Badge No. 31) is now and at all times mentioned herein

4  was an employee of the County of Sacramento employed as a peace officer in the Sheriff Scott

5  Jones ,in his official capacity, and Claimant is informed and believes that he is a resident of the

6  County of Sacramento.

7      11.     Defendant Sgt. M. Lopez (Badge No. 179) is now and at all times mentioned

8  herein was an employee of the County of Sacramento employed as a supervisory peace officer in

9  the Sheriff Scott Jones ,in his official capacity, Main Jail and Claimant is informed and believes

10  that he is a resident of the County of Sacramento.

11     12.     Defendant Deputy Mattoon (Badge No. 1095)  is now and at all times mentioned

12  herein was an employee of the County of Sacramento employed as a peace officer in the Sheriff

13  Scott Jones ,in his official capacity, and Claimant is informed and believes that he is a resident of

14  the County of Sacramento.

15     13.     Defendant Officer S. Roby (Badge No. 529)  is now and at all times mentioned

16  herein was an employee of the County of Sacramento employed as a peace officer in the Sheriff

17  Scott Jones ,in his official capacity, Main Jail and Claimant is informed and believes that he is a

18  resident of the County of Sacramento.

19     14.     The true names and identities of Defendants DOE 1 through DOE 40 are presently

20  unknown to Claimant.

21     15.     Claimant alleges on information and belief that each of Defendants DOES 1

22  through 20 were employed by the County of Sacramento in the Sheriff Scott Jones ,in his official

23  capacity, during the time of the events giving rise to this complaint.  Claimant alleges that

24  Defendants DOES 1 through DOE 30, and each of them, negligently and/or wrongfully caused

25  the false arrest and violation of Claimants' Constitutional rights of Due Process and Illegal

26  Seizure unde the US and California Constitutions.  Claimant will seek to amend this Complaint

27  as soon as the true names and identities of defendants DOES 1 through DOE 20 have been

28  ascertained.

Pablo Robles v. County of                                    Claim Against Public Entity
Sacramento,et al              Page 3

16.     Claimant alleges on information and belief that each of defendants DOES 21 through 40 were employed by the County of Sacramento in the Sheriff Scott Jones ,in his official capacity, during the time of the events giving rise to this complaint. Claimant alleges that Defendants DOES 21 through DOE 40, and each of them, negligently and/or wrongfully retained and or hired the remaining named and DOE Defendants. Claimant will seek to amend this Complaint as soon as the true names and identities of Defendants DOES 21 through DOE 40 have been ascertained.

17     Claimant is informed and believes and thereon alleges that at all times mentioned in this Claim, Defendants, and each of them, were the agents, employees, servants, joint venturers, partners and/or co-conspirators of the other defendants named in this Complaint and that at all times, each of the Defendants was acting within the course and scope of said relationship with defendants.  Additionally, Claimant is informed and believes that at all times mentioned in this Claim, Defendants were acting under color of state law.

18.     Defendants, and each of them, owe Claimant various duties of care, including but not limited to a duty to not unlawfully imprison Claimant without due process of law.

19.     Claimant is informed and believes that Defendant County of Sacramento and its department the Sheriff Scott Jones ,in his official capacity, maintain an illegal policy, pattern, or practice of holding prisoners such as Claimant without due process of law.

20.     Claimant Pablo Robles was convicted of Health and Safety Code §11377 on July 20 ,2011, in Sacramento County Superior Court Case No. 08F05507 and remanded to the custody of the California Department of Corrections.

21.     On December 30, 2014,while Claimant Pablo Robles was in custody at California State Prison-Solano, the Sacramento Superior Court reduced his sentence to a misdemeanor pursuant to Penal Code §1170.18 reducing his sentence to eight months.  Claimant Pablo Robles had already served more than 8 months in state prison and as such his sentence had been completed and he was released from prison in approximately February 2015.

22.     On or about April 3, 2016, Claimant PABLO ROBLES was arrested for Driving Under the Influence of Alcohol by and transported to the Sacramento County Main Jail.

Pablo Robles v. County of
Sacramento,et al                          Page 4                          Claim Against Public Entity

23.     On or about April 3, 2016, Claimant PABLO ROBLES was placed in the Sacramento County Jail Holding Cell (aka "the Drunk Tank') along with other individuals arrested for driving under the influence of alcohol.

24.     On or bout April 5, 2016, Claimant PABLO ROBLES was scheduled to appear in court on his DUI charge. Claimant PABLO ROBLES was in the court holding cell awaiting arraignment, when a list of names were read aloud, including his name, and he was informed that charges were not going to be filed against him on the DUI.  Claimant PABLO ROBLES was then returned back to the Sacramento County Main Jail without ever being able to see a Judge or Magistrate.

25.     On April 6, 2016, Claimant PABLO ROBLES interviewed with Adult Division of Parole Supervisor and was notified that his Parole Hold was retained pending investigation and in the event that parole does not lift the hold PABLO ROBLES would have to come before a judge within 10 days.

26.     Claimant PABLO ROBLES is informed and believes that on April 7, 2016, that his Parole Officer Garcia had lifted his parole hold.  Claimant is further informed and believes that on April 7, 2016,the Sacramento County Main Jail website no longer indicated that he was being held on the DUI charge, bu now was being held on a count of Health and Safety Code § 11357 with an Early Prison Release Date of 7/29/16.  Claimant was not provided any notice regarding these charges.

27.     Claimant PABLO ROBLES is informed and believes that the COUNTY OF SACRAMENTO, Sheriff Scott Jones, in his official capacity, falsely imprisoned Claimant PABLO ROBLES on Sacramento County Superior Court Case No. 08F05507 without filing any charges of a parole violation and/or bringing him before a judge.

28.     On or about April 11,2016, Claimant PABLO ROBLES sent a County Jail Message Request to Classification to obtain copies of all documentation pertaining to his incarceration i.e. charges, holds, etc.

29.     On April 17, 2016, Claimant PABLO ROBLES filed a grievance form regarding him being falsely imprisoned on his prior criminal case for which he served all this time.

1   Defendant Sgt. Lopez instead of attempting to determine if Claimant had served his time stated

2   as follows: "Mr. Robles if you feel that you are not being held legally based on the previous court

3   Rulings and motion of your case I would encourage you to contact your attorney so that

4   everything can be cleared up and explained." A true and accurate copy of this document is

5   attached hereto as "Exhibit 1." Such statement was an abdication of the duty of the County of

6   Sacramento and Sheriff Scott Jones who had a duty to ensure that they were not holding

7   prisoners illegally.

8           30.     On April 19, 2016, Claimant PABLO ROBLES sent a Sheriff Scott Jones ,in his

9   official capacity, County Jail Message Request to the Warden (Jail Commander) indicating that

10   he had been held since April 3, 2016 without having been taken before a judge. A true and

11   correct copy of that document is attached hereto as "Exhibit 2."

12          31.     On April 23, 2016, Claimant PABLO ROBLES sent a County Jail Message

13   Request to Floor Staff regarding whether he had a "Parole Hold." He received no response to the

14   message.

15          32.     On April 26, 2016, Claimant was scheduled for court and still had not been before

16   a judge or inside a courtroom regarding his current detention. He was chained up and ready to be

17   escorted to court, when the Sacramento County Sheriff's Deputy received a phone call and told

18   him words to the effect of : "Robles, they don't need you courts been cancelled" after which

19   Claimant was returned to his housing unit in the jail.

20          33.     On April 28, 2016, Claimant sent out the following Message Request forms

21   related to his false imprisonment: 1) to Records requesting his Central File (a copy of which is

22   attached hereto as Exhibit "4") and 2)To Floor Staff Requesting to be notified of any holds,

23   pending charges, or next Court date  (a copy of which is attached hereto as Exhibit "5") .

24          34.     On April 28,2016, Claimant PABLO ROBLES filed a Grievance form regarding

25   False Imprisonment. A true and correct copy of that document is attached hereto as Exhibit "6 ."

26          35.     On May 2, 2016, Claimant PABLO ROBLES filed a Grievance form regarding

27   Violation of his Human Rights as a Prisoner. A true and correct copy of that document is

28   attached hereto as Exhibit "7."

36.     On May 3, 2016, claimant field a Message Request form to Floor Staff regarding any holds and his next court date. The Officer informed him over the intercom in his cell that his next court date would be May 9, 2016. A true and correct copy of those documents are attached hereto as Exhibit "7."

37.     Claimant PABLO ROBLES was never taken before a judge. On May 6, 2016, he was released from the Sacramento County Main Jail when after efforts of his attorney Cristina Andrade brought the issue of his false imprisonment to the Sacramento County Superior Court and he was released by the Sacramento County Jail. On May 6, 2016, the Sacramento Superior Court Judge found that Claimant Pablo Robles had already served his time on the charges for which he was being held prior to his arrest for Driving Under the Influence.

**FIRST CAUSE OF ACTION**

**FALSE IMPRISONMENT**

**(Unnecessary Delay in Processing/Releasing a Prisoner)**

38.     Claimant re-alleges and incorporates by reference paragraphs 1 through 37, as though fully set forth herein.

39.     Claimant is informed and believes that defendants, and each of them, knew or should have known that Claimant was being unlawfully held and not provided his due process by being taken before a judge.

40.     Defendants, and each of them, knew that as of April 5, 2016, no charges were going to be filed against Claimant PABLO ROBLES relating to his arrest for driving under the influence at that time. And failed to take him before a judge within 48 hours of his arrest in violation of California Penal Code §825.

41.     Defendants, and each of them, knew as of April 7, 2016, that there was no parole hold going to be placed on Claimant PABLO ROBLES.  As such Defendants, and each of them, knew or should have known that Claimant was being held in custody without any due process of law.

42.     Instead of releasing Claimant PABLO ROBLES they falsified information on April 7, 2016,in the Sacramento County Main Jail website indicating he was being held o on a

1  count of Health and Safety Code § 11357 with an Early Prison Release Date of 7/29/16. Prior to

2  this hold being placed upon Claimant PABLO ROBLES was not provided any notice regarding

3  these charges, nor given his procedural and substantive due process rights under the 4th and 14th

4  Amendments to the U.S. Constitution for an opportunity to be brought before a magistrate to be

5  heard and was being held without any bail determination.

6      43.    There was an unnecessary delay in taking Claimant before a judge and or

7  releasing Claimant from custody from on or about April 7, 2016, until May 6, 2016. This was

8  despite frequent complaints by Claimant stated above in paragraphs 28 through 36 that he had

9  already served his time and should be released or taken before a judge. Defendants, and each of

10  them, acted with deliberate indifference to Claimants' claims that he was being falsely

11  imprisoned and knew or should have known he was being falsely imprisoned and that they had a

12  duty to bring him before a judge.

13      44.    Claimant PABLO ROBLES did not consent to the delay since April 7, 2016, and

14  frequently complained about his being falsely imprisoned without being taken before a

15  magistrate as stated in paragraphs 28 through 36 .

16      45.    Claimant PABLO ROBLES was never taken before a judge. On May 6, 2016, he

17  was released from the Sacramento County Main Jail when after efforts of his attorney Cristina

18  Andrade brought the issue of his false imprisonment to the Sacramento County Superior Court

19  and he was released by the Sacramento County Jail. On May 6, 2016, the Sacramento Superior

20  Court Judge found that Claimant Pablo Robles had already served his time on the charges for

21  which he was being held prior to his arrest for Driving Under the Influence.

22      46.    Claimant PABLO ROBLES was actually harmed as he lost his employment, was

23  unable to attend his sons birthday causing him and his family unwarranted emotional pain and

24  suffering, he incurred incidental expenses that he would not have incurred had he not been

25  unlawfully held in the Sacramento Main Jail, and suffered extreme distress as a result of his false

26  imprisonment.

27      47.    Defendants COUNTY OF SACRAMENTO and/or SHERIFF SCOTT JONES, in

28  his Official Capacity,  are vicariously liable for the conduct of their employees Defendants

Pablo Robles v. County of                            Claim Against Public Entity
Sacramento,et al                 Page 8

Deputy Hardy (Badge No. 1434) , Deputy Daniel (Badge No. 645), Deputy Monahan (Badge No. 452),  Deputy PAM (Badge No. 31), Sgt. M. Lopez (Badge No. 179), Deputy Mattoon (Badge No. 1095), Officer S. Roby (Badge No. 529), and Does 1-40 , and each of them, as they were acting under the color of law with the authorization of the COUNTY OF  SACRAMENTO and/or SHERIFF SCOTT JONES, in his official capacity.

48. As a direct and proximate cause of the unlawful false arrest of Claimant as described above by Defendants, and each of them, Claimant has suffered general damages in an amount to be shown at time of trial but that is within the jurisdiction of the Superior Court of the State of California and/or the United States District Court in and for the Eastern District of California .

49. As a direct and proximate cause of the unlawful As a direct and proximate cause of the unlawful false arrest of Claimant as described above by Defendants, and each of them, Claimant has suffered special damages in an amount to be shown at time of trial but that is within the jurisdiction of the Superior Court of the State of California and/or the United States District Court in and for the Eastern District of California .

50. As a direct and proximate cause of the unlawful false arrest of Claimant as described above by Defendants, and each of them, Claimant has suffered extreme emotional pain and suffering damages in an amount within the jurisdiction of the Superior Court of the State of California and/or the United States District Court in and for the Eastern District of California  to be shown at the time of trial.

51. As a direct and proximate cause of the unlawful false arrest of Claimant as described above by Defendants, and each of them, Claimant has suffered past and future medical/psychological treatment damages in an amount to be shown at time of trial but that is within the jurisdiction of the Superior Court of the State of California in an amount within the jurisdiction of the Superior Court of the State of California and/or the United States District Court in and for the Eastern District of California  to be shown at the time of trial.

52. As a direct and proximate cause of the unlawful false arrest of Claimant as described above by Defendants, and each of them, Claimant has suffered past and future wage

1   loss in an amount to be shown at time of trial but that is within the jurisdiction of the Superior

2   Court of the State of California in an amount within the jurisdiction of the Superior Court of the

3   State of California and/or the United States District Court in and for the Eastern District of

4   California to be shown at the time of trial.

5        53.    The aforementioned acts and/or omissions of the individually named Defendants,

6   and each of them, were willful, malicious, reckless and/or accomplished with a conscious

7   disregard of Claimant's rights thereby entitling Claimant to an award of exemplary and punitive

8   damages according to proof against the individually named Defendants, and each of them, that is

9   within the jurisdiction of the Superior Court of the State of California in an amount within the

10   jurisdiction of the Superior Court of the State of California and/or the United States District

11   Court in and for the Eastern District of California to be shown at the time of trial.

**SECOND CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

14        54.    Claimant re-alleges and incorporates by reference paragraphs 1 through 53, as

15   though fully set forth herein.

16        55.    Claimant is informed and believes that defendants, and each of them, knew or

17   should have known that Claimant was being unlawfully held and not provided his due process by

18   being taken before a judge.

19        56.    Defendants, and each of them, instead of taking Claimant before a judge and due

20   to his complaints that he was being held unlawfully, retaliated against Claimant for complaints he

21   made concerning the unlawful holding of him as a prisoner..

22        57.    The above-mentioned wrongful actions of defendants, and each of them, were

23   extreme and outrageous conduct (as they were unlawful acts done by public safety employees

24   who were abusing their authority over normal citizens) done with the intent to cause severe

25   emotional pain and suffering and/or done with reckless disregard of the probability of causing

26   emotional suffering and distress on Claimant.

27        58.    As a proximate and direct result of the wrongful actions of defendants, and each

28   of them, Claimant has suffered severe emotional pain and suffering for which he is seeking

1 psychological treatment.

2 59. As a direct and proximate cause of the wrongful actions of Defendants, and each

3 of them, Claimant has suffered general damages in an amount to be shown at time of trial but

4 that is within the jurisdiction of the Superior Court of the State of California and/or the United

5 States District Court in and for the Eastern District of California .

6 60. As a direct and proximate cause of the wrongful actions of Defendants, and each

7 of them, Claimant has suffered special damages in an amount to be shown at time of trial but that

8 is within the jurisdiction of the Superior Court of the State of California and/or the United States

9 District Court in and for the Eastern District of California .

10 61. As a direct and proximate cause the wrongful actions of Defendants, and each of

11 them, Claimant has suffered extreme emotional pain and suffering damages in an amount within

12 the jurisdiction of the Superior Court of the State of California and/or the United States District

13 Court in and for the Eastern District of California to be shown at the time of trial.

14 62. As a direct and proximate cause of the wrongful actions of Defendants, and each

15 of them, Claimant has suffered past and future wage loss in an amount to be shown at time of

16 trial but that is within the jurisdiction of the Superior Court of the State of California in an

17 amount within the jurisdiction of the Superior Court of the State of California and/or the United

18 States District Court in and for the Eastern District of California to be shown at the time of trial.

19 63. As a direct and proximate cause of the wrongful actions of Defendants, and each

20 of them, Claimant has suffered past and future medical/psychological treatment damages in an

21 amount to be shown at time of trial but that is within the jurisdiction of the Superior Court of the

22 State of California in an amount within the jurisdiction of the Superior Court of the State of

23 California and/or the United States District Court in and for the Eastern District of California to

24 be shown at the time of trial.

25 64. The aforementioned acts and/or omissions of the individually named Defendants,

26 and each of them, were willful, malicious, reckless and/or accomplished with a conscious

27 disregard of Claimant's rights thereby entitling Claimant to an award of exemplary and punitive

28 damages according to proof against the individually named Defendants, and each of them, that is

Pablo Robles v. County of                                    Claim Against Public Entity
Sacramento,et al                        Page 11

1  within the jurisdiction of the Superior Court of the State of California in an amount within the

2  jurisdiction of the Superior Court of the State of California and/or the United States District

3  Court in and for the Eastern District of California  to be shown at the time of trial.

**THIRD CAUSE OF ACTION**

5  **(Negligent Hiring, Training, Supervision and Retention Against Defendant County of**

6  **Sacramento and Sheriff Scott Jones ,in his official capacity, and Does 21 through 40)**

7        65.      Claimant re-alleges and incorporates by reference paragraphs 1 through 65, as

8  though fully set forth herein.

9        66.      Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official

10  capacity, and their agents and/or employees, DOES 21 through 40 have a duty to hire, supervise,

11  train, and retain employees so that its employees refrain from the conduct alleged herein.

12  Defendant COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity,  is

13  vicariously liable for defendants 21 through 40.

14        67.      Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official

15  capacity, and their agents an/or employees,  and DOES 21 through 40, breached this duty causing

16  the conduct alleged herein by not properly issuing general orders, providing adequate training to

17  its officers, or taking preventive measures to ensure that police officers do not utilize excessive

18  and unreasonable force; and/or do not falsify reports in order to cover up the incompetence and

19  illegal acts of the peace officers while employed by the Sheriff Scott Jones ,in his official

20  capacity,.  Such breach constituted negligent hiring, training, supervision and retention under the

21  laws of the State of California.

22        68.      Such breach proximately caused damages and injuries to Claimant as alleged

23  herein.

24        69.      As a direct and proximate cause of the wrongful actions of Defendants, and each

25  of them, Claimant has suffered general damages in an amount to be shown at time of trial but

26  that is within the jurisdiction of the Superior Court of the State of California and/or the United

27  States District Court in and for the Eastern District of California

28        70.      As a direct and proximate cause of the wrongful actions of Defendants, and each

Pablo Robles v. County of                                    Claim Against Public Entity
Sacramento,et al                          Page 12

1  of them, Claimant PABLO ROBLES has suffered special damages in an amount to be shown at

2  time of trial but that is within the jurisdiction of the Superior Court of the State of California

3  and/or the United States District Court in and for the Eastern District of California.

4        71.    As a direct and proximate cause of the wrongful actions of Defendants COUNTY

5  OF SACRAMENTO and Sheriff Scott Jones, in his official capacity, and their agents an/or

6  employees, DOES 21 through 40, and each of them, Claimant has suffered extreme emotional

7  pain and suffering damages in an amount within the jurisdiction of the Superior Court of the

8  State of California and/or the United States District Court in and for the Eastern District of

9  California to be shown at the time of trial.

10        72.    As a direct and proximate cause of the wrongful actions of Defendants COUNTY

11  OF SACRAMENTO and Sheriff Scott Jones, in his official capacity, and their agents an/or

12  employees, DOES 21 through 40, and each of them, Claimant has suffered past and future wage

13  loss in an amount to be shown at time of trial but that is within the jurisdiction of the Superior

14  Court of the State of California in an amount within the jurisdiction of the Superior Court of the

15  State of California and/or the United States District Court in and for the Eastern District of

16  California to be shown at the time of trial.

17        73.    As a direct and proximate cause of the wrongful actions of Defendants COUNTY

18  OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity, and their agents an/or

19  employees, DOES 21 through 40, and each of them, Claimant has suffered past and future

20  medical/psychological treatment damages in an amount to be shown at time of trial but that is

21  within the jurisdiction of the Superior Court of the State of California in an amount within the

22  jurisdiction of the Superior Court of the State of California and/or the United States District

23  Court in and for the Eastern District of California to be shown at the time of trial.

24  **FOURTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS - FOURTH AND FOURTEENTH AMENDMENT-**

25  **UNREASONABLE SEIZURE OF PERSON AND DUE PROCESS CLAUSE FAILURE**
**TO TAKE BEFORE A JUDGE**

26  **Against All Defendants**

27  **(42 U.S.C. Section 1983)**

      74.    Claimant PABLO ROBLES  re-alleges and incorporates by reference paragraphs 1

28  through 73, as though fully set forth herein.

Pablo Robles v. County of
Sacramento,et al           Page 13           Claim Against Public Entity

75. The defendants, and each of them, intentionally did the aforementioned unlawful acts under the color of state law and were acting or purporting to act in the performance of their official duties.

76. The acts of defendants, and each of them, alleged herein constituted an Unlawful Seizure of Claimant PABLO ROBLES person in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the Due Process Clause of the United States Constitution for not bringing him before a judge within 72 hours.

77. Claimant is informed and believes Defendants, and each of their wrongful actions, was as part of a policy, pattern, or practice of Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity, of failing to look into claims by prisoners of being held illegally by Peace Officers, and falsely indicating grounds for holding prisoners by Peace Officers employed by Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity, as stated above.

78. Defendants Defendants Deputy Hardy (Badge No. 1434) , Deputy Daniel (Badge No. 645), Deputy Monahan (Badge No. 452), Deputy PAM (Badge No. 31), Sgt. M. Lopez (Badge No. 179), Deputy Mattoon (Badge No. 1095), Officer S. Roby (Badge No. 529), and Does 1-40 , and each of them, and Does 1-40, inclusive, were employees of Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity, and intentionally violated Claimant's rights to be free of cruel and unusual punishment and excessive force under the Eighth Amendment to the United States Constitution.

79. Defendants Defendants Deputy Hardy (Badge No. 1434) , Deputy Daniel (Badge No. 645), Deputy Monahan (Badge No. 452), Deputy PAM (Badge No. 31), Sgt. M. Lopez (Badge No. 179), Deputy Mattoon (Badge No. 1095), Officer S. Roby (Badge No. 529), and Does 1-40 , and each of their, conduct violated Claimant's right to be free of unreasonable seizure under the Fourth and Fourteenth Amendment to the United States Constitution and his right of due process under the U.S. Constitution to be brought before a judge within 72hours.

80. Defendants Defendants Deputy Hardy (Badge No. 1434) , Deputy Daniel (Badge No. 645), Deputy Monahan (Badge No. 452), Deputy PAM (Badge No. 31), Sgt. M. Lopez

1    (Badge No. 179), Deputy Mattoon (Badge No. 1095), Officer S. Roby (Badge No. 529), and

2    Does 1-40 , and each of them, inclusive, acted because of this official policy, pattern, or practice

3    of Defendants COUNTY OF SACRAMENTO and SHERIFF SCOTT JONES ,in his official

4    capacity of failing to look into claims by prisoners of being held illegally by Peace Officers, and

5    falsely indicating grounds for holding prisoners by Peace Officers employed by Defendants

6    COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official capacity, as stated above.

7         81.     Each of the aforementioned violations of Claimant's Constitutional and Federal

8    Rights were executed as a result of a conspiracy by each and every one of the named individual

9    defendants ( Defendants Sgt. Erin McAtee; Deputy Ryan Trapani (Badge No. 1395);  Deputy

10   Nick Sheehan (Badge No. 524); Deputy Wright (Badge No. 32); Deputy Jacob Thrall (Badge No.

11   1215); Deputy Chilang (Badge No. 1399) and Does 1-40) as ratified and approved by their

12   employer Defendants COUNTY OF SACRAMENTO and Sheriff Scott Jones ,in his official

13   capacity,.

14        82.     As a direct result of defendants, and each of their wrongful acts, Claimant was

15   harmed and defendants, and each of their wrongful acts was a substantial factor in causing

16   Claimant's harm.

17        83.     As a direct and proximate cause of the Defendants', and each of their, violations

18   of Claimants Constitutional Right under the Fourth and Fourteenth Amendments to the U.S.

19   Constitution to be free of unreasonable seizure of his person and his Due Process right under the

20   Due Process Clause of the U.S. Constitution to be brought before a judge within 72 hours of

21   seizure , Claimant has suffered general damages in an amount to be shown at time of trial but

22   that is within the jurisdiction of the Superior Court of the State of California and/or the United

23   States District Court in and for the Eastern District of California.

24        84.     As a direct and proximate cause of the Defendants', and each of their, violations

25   of Claimant's Constitutional Right under the Fourth and Fourteenth Amendments to the U.S.

26   Constitution to be free of unreasonable seizure of his person and his Due Process right under the

27   Due Process Clause of the U.S. Constitution to be brought before a judge within 72 hours of

28   seizure, Claimant has suffered special damages in an amount to be shown at time of trial but that

Pablo Robles v. County of                              Claim Against Public Entity

Sacramento,et al               Page 15

1    is within the jurisdiction of the Superior Court of the State of California and/or the United States

2    District Court in and for the Eastern District of California .

3          85.   As a direct and proximate cause of the Defendants', and each of their violations of

4    Claimant's Constitutional Right under the Fourth and Fourteenth Amendments to the U.S.

5    Constitution to be free of unreasonable seizure of his person and his Due Process right under the

6    Due Process Clause of the U.S. Constitution to be brought before a judge within 72 hours of

7    seizure, Claimant suffered and continues to suffer damages from extreme emotional distress,

8    mental anguish, depression and anxiety in an amount to be shown at time of trial but that is

9    within the jurisdiction of the Superior Court of the State of California and/or the United States

10   District Court in and for the Eastern District of California ..

11         86.   As a direct and proximate cause of the Defendants', and each of their, violations

12   of Claimant's Constitutional Right under the Fourth and Fourteenth Amendments to the U.S.

13   Constitution to be free of unreasonable seizure of his person and his Due Process right under the

14   Due Process Clause of the U.S. Constitution to be brought before a judge within 72 hours of

15   seizure, Claimant suffered and continues to suffer damages including loss of liberty, and lost

16   wages and loss of employment or business opportunities in an amount to be shown at time of

17   trial but that is within the jurisdiction of the Superior Court of the State of California and/or the

18   United States District Court in and for the Eastern District of California.

19         87.   As a direct and proximate cause of the Defendants', and each of their, violations

20   of Claimant's Constitutional Right under the Fourth and Fourteenth Amendments to the U.S.

21   Constitution to be free of unreasonable seizure of his person and his Due Process right under the

22   Due Process Clause of the U.S. Constitution to be brought before a judge within 72 hours of

23   seizure, Claimant has suffered past and future medical/psychological treatment damages in an

24   amount to be shown at time of trial but that is within the jurisdiction of the Superior Court of the

25   State of California in an amount within the jurisdiction of the Superior Court of the State of

26   California and/or the United States District Court in and for the Eastern District of California  to

27   be shown at the time of trial.

28         88.   The aforementioned acts and/or omissions of the individually named Defendants,

Pablo Robles v. County of                                    Claim Against Public Entity
Sacramento,et al                      Page 16

1  and each of them, were willful, malicious, reckless and/or accomplished with a conscious

2  disregard of Claimant's rights thereby entitling Claimant to an award of exemplary and punitive

3  damages according to proof against the individually named Defendants, and each of them, that is

4  within the jurisdiction of the Superior Court of the State of California in an amount within the

5  jurisdiction of the Superior Court of the State of California and/or the United States District

6  Court in and for the Eastern District of California to be shown at the time of trial.

7      89.    As a direct and proximate result of the acts and/or omissions of Defendants, and

8  each of them, Claimant has been compelled to retain counsel to represent him in this matter and

9  Claimant is entitled to an award of attorneys' fees in this matter pursuant to 42 U.S.C. Section

10  1988.

11                      Dated: September 29, 2016 Respectfully submitted,

12

13                      BY: _____

14                          Kevin W. Harris
                        Attorney for Claimant

15

16                      Dated: September 29, 2016

17                      BY: _____
                        PABLO ROBLES

18                          Claimant

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

# SACRAMENTO COUNTY SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE/SUGGESTION

APR 26 PM 3:54

| NAME (PRINT LAST, FIRST, MIDDLE) | DATE OF BIRTH | XREF NUMBER | DATE |
|---|---|---|---|
| Robles, Pablo R. | 7.16.87 | 405313* | 4/18/16 |
| INMATES SIGNATURE | INMATE'S LOCATION | DATE AND TIME OF OCCURRANCE | |
| P.Rob | 8 W 212 | 4-4-16 | |

**INSTRUCTIONS:** PLEASE PRINT YOUR NAME ON THE FORM AS IT APPEARS ON YOUR WRISTAND AND INCLUDE YOUR XREF NUMBER. IF MORE THAN ONE PERSON IS SIGNING THE GRIEVANCE/SUGGESTION, PLEASE PLACE FULL NAMES AND XREF NUMBERS AT THE END OF THE FORM. USE A SECOND FORM IF MORE SPACE IS NEEDED.

GRIEVANCE/SUGGESTION: On 4-4-16 I was booked on (2) misdimeanor DUI count which upon going to court on Tues April 6th 2016, was informed "No charges filed". My issue now occur as it show I have been "ad-backed" on a case from July 7th 2008 for which I already took my deal and served my time. Furthermore Your record should concure with this fact as I ganse VIA Prison (CSP-Solano) on July 3rd 2011 and recelled in this county on the 8th floor 200 pod cell 15. I took my deal a did my time then was sent back to CSP-SOLANO July 2016. Moreover I filed a -1381- in 2015 prior to my release from prison (CSP-Solano) hense this charge is fulse And- I would like it to be corrected and reflect such correction on my status as well lift my hold and allow me a new court date to further deal with this matter if need be while on the street. Moreover I filed an expreel to this county for this case per prop 47 & was granted back on Jan 2015

| RECEIVING OFFICER (PRINT) | BADGE NO. | SIGNATURE | DATE/TIME |
|---|---|---|---|
| T. Phir | 31 | | 04/17/16  2304 |

RECEIVING OFFICERS/SUPERVISOR'S COMMENTS   MR. ROBLES If you feel that you are not being held legally based on the previous court rulings and motions of your case, I would encourage you to contact your attorney so that everything can be cleared up and explained.

| SUPERVISOR'S NAME (PRINT) | BADGE NO. | SIGNATURE | DATE/TIME |
|---|---|---|---|
| M. Lopez #179 | | S. Lopez #179 | 4/24/16  1530 |

7400-012 (7421-084 Rev 1/90 PT)

DISTRIBUTION:
WHITE – DIVISION COMMANDER
YELLOW – INMATE FILE
PINK - INMATE

NOTED: LT. #26

PAGE _____ OF _____

# EXHIBIT 2

## SACRAMENTO COUNTY SHERIFF'S DEPARTMENT

### COUNTY JAIL
### MESSAGE REQUEST

TO: LT. WARDEN

DATE 4/9/16

☐ U.S. MARSHAL   ☐ SOCIAL WORKER   ☐ ICE   ☐ FEDERAL PUBLIC DEFENDER   ☐ PUBLIC DEFENDER   ☐ PROBATION

☒ JAIL ADMIN RECORDS   ☐ CHAPLAIN   ☐ RCCC

RECEIVED BY OFFICER:

MESSAGE: MA-RE0N   1095

DATE 4/9/16   TIME:

MESSAGE: I ARRIVED TO YOUR FACILITY APRIL 3rd 2016. I HAVE YET TO SEE A JUDGE. ON 4/5/16 I WAS TOLD "NO CHARGES FILED" YET I HAVE A COURT HOLD FOR A CASE FROM JULY 2008 IN WHICH I HAVE BEEN ALREADY SENTENCED TO 4 YEARS STATE PRISON. I AM PROB 97 % I HAVE THE PAPERS PROVING MY RETURN WITH GOOD

FROM NAME: Erich Cable    LOCATION:   4N 2606

X-REF NO.   415-3737

REPLY:

BY:

MU792 FORM 022
Rev 03/22

# EXHIBIT 3

4/23/16

# SACRAMENTO COUNTY SHERIFF'S DEPARTMENT

## COUNTY JAIL
## MESSAGE REQUEST

TO:

□ U.S. MARSHAL  SOCIAL NUMBER  □ ICF  □ RPDPCH SUPER/JUVENILE CNTER  □ PER/DETAILS  □ PROBATION

REQUIRED INFORMATION  □ JAIL ADMIN RECORDS  □ CHAPLAIN  □ REGC

MESSAGE

DATE  TIME

FROM NAME:  X-REF NO:  DATE/TIME

REPLY:

# EXHIBIT 4

4/26/16

# SACRAMENTO COUNTY SHERIFF'S DEPARTMENT

## COUNTY JAIL MESSAGE REQUEST

DATE 4.26.16

3/4/16

TO □ RECORDS

□ U.S. MARSHAL   □ SOCIAL WORKER   □ ICE   □ FEDERAL PUBLIC DEFENDER   □ PUBLIC DEFENDER   □ PROBATION

RECEIVED BY OFFICER   ☒ JAIL ADMIN. RECORDS   □ CHAPLAIN   □ RCCC

DATE :   TIME :

MESSAGE: UNDER THE PRIVACY ACT I AM REQUESTING TO VIEW MY CENTRAL FILE and/or ALL RECORD'S ON FILE WITH MY "NAME" !
———— THANK YOU FOR YOUR TIME CONCERNING THIS MATTER.

FROM NAME: Pablo Robles       X - REF NO. 4053711       LOCATION: 2M-320②

REPLY: We do not have access to this information. Speak w/ your attorney

BY [signature]

NJ7421 FORM 022
Rev 01/12

WHITE COPY FOR REPLY  –  YELLOW COPY TO RECORDS  –  PINK COPY KEPT BY INMATE

# EXHIBIT 5



# EXHIBIT 6

INMATE GRIEVANCE/SUGGESTION

NAME (PRINT LAST, FIRST, MIDDLE)
Ribles Pablo R

INMATE'S SIGNATURE

DATE OF BIRTH

INMATE'S LOCATION

HOUSING NUMBER

DATE/TIME OF OCCURRENCE

INSTRUCTIONS: PLEASE PRINT YOUR NAME ON THE ROOM LINE. IF THERE IS...

GRIEVANCE/SUGGESTION

SUGGESTED DISPOSITION

REFERRED TO FILE/OTHER/ACTION/COMMENTS

SUPERVISOR'S NAME (PRINT)

BADGE NO.

SIGNATURE

DISTRIBUTION:
WHITE - DIVISION COMMANDER
YELLOW - FILE
PINK - INMATE

# EXHIBIT 7

INMATE GRIEVANCE/SUGGESTION

# EXHIBIT 8



# EXHIBIT 10

**GH**

**GEORGE HILLS**

*Our minds over your matters.*

January 30, 2017

KEVIN W HARRIS
ATTORNEY AT LAW
1387 GARDEN HWY STE 200
SACRAMENTO CA 95833

## NOTICE OF REJECTION OF CLAIM

RE:          CLAIM NO:          L1601030
             YOUR CLIENT:       **ROBLES, Pablo**
             OUR CLIENT:        COUNTY OF SACRAMENTO
             OUR FILE NO:       9-84618-35

Dear Mr. Harris:

NOTICE IS HEREBY GIVEN that the claim which you presented to the County of Sacramento on September 29, 2016 was rejected by operation of law on November 12, 2016.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date that this notice was personally delivered, or deposited in the mail, to file a court action on this claim. See Government Code **section 945.6.**

Nothing herein, nor any actions taken by this public entity, or any of its officers, employees or agents with regard to the above-referenced matter, should be construed as a relinquishment or waiver of any legal requirement or any right of defense such as timeliness, sufficiency, proper presentation or any other matter which may be available to the County of Sacramento or any of its officers, employees or agents.

Please also be advised that, pursuant to **sections 128.7 and 1038** of the California Code of Civil Procedure, the County will seek to recover all costs of defense in the event an action was not brought in good faith and with reasonable cause.

Sincerely,

GEORGE HILLS COMPANY, INC.

Charles A. Torretta
Claims Administrator
Sacramento Office

CAT/jr

Enclosure: Proof of Service

**GEORGE HILLS COMPANY, INC. IS AN AUTHORIZED AGENT FOR THE COUNTY OF SACRAMENTO**

3043 GOLD CANAL DR #200, RANCHO CORDOVA, CA 95670  ◆  916.859.4800

## PROOF OF SERVICE BY MAIL (CCP ' 1013(a)-2015.5)

I am employed in the County of Sacramento, State of California. I am over the age of

18 years and not a party to the within action; my business address is 3043 Gold Canal

Dr., Suite 200, Rancho Cordova, CA 95670. On January 30, 2017, I served the attached

## NOTICE OF REJECTION OF CLAIM

on the parties to said action by depositing a true copy thereof in a sealed envelope

with postage thereon fully prepaid, in the United States Mail at Rancho Cordova,

California, addressed as follows:

> KEVIN W HARRIS
> ATTORNEY AT LAW
> 1387 GARDEN HWY STE 200
> SACRAMENTO CA 95833

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Rancho Cordova, California on:

Date:        JANUARY 30, 2017

_Julia Readus_
JULIA READUS

FORMS\PROOF.FRM  (2-95)