EXHIBIT 5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

--oOo--

PABLO ROBLES,

       Plaintiff,

vs.                   Case No. 2:17-CV-01580-JAM-AC

COUNTY OF SACRAMENTO; SHERIFF
SCOTT JONES, in his official
capacity, DEPUTY HARDY
(Badge No. 1434), DEPUTY DANIEL
(Badge No. 645), DEPUTY MOVAHAN
(Badge No. 452), DEPUTY PAM
(Badge No. 31), SGT. M. LOPEZ
(Badge No. 179), DEPUTY MATOON
(Badge No. 1095), OFFICER S.
ROBY (Badge No. 529), and Does
1-40, inclusive,

       Defendants.
_____/

CERTIFIED COPY

VIDEOTAPED DEPOSITION OF

PABLO ROBLES

MONDAY, OCTOBER 14, 2019

Reported by:
MELISSA LYNN HILL, CSR No. 9613
Job No: 4252RP8



```
 1                        APPEARANCES
 2  For the Plaintiff:
 3          KEVIN W. HARRIS, ATTORNEY AT LAW
 4          1387 Garden Highway, Suite 200
 5          Sacramento, California  95833
 6          916.271.0688
 7          kevinwayneharris@yahoo.com
 8
 9  For the Defendants:
10          PORTER SCOTT
11          BY:  JOHN R. WHITEFLEET, ATTORNEY AT LAW
12          350 University Avenue, Suite 200
13          Sacramento, California  95825
14          916.929.1481
15          jwhitefleet@porterscott.com
16
17  Also Present:
18          GARRETT MCPHERSON, VIDEOGRAPHER
19
20
21
22
23
24
25
                                                     2
```

Pablo Robles                                                                    10/14/2019

```
 1                      EXHIBITS  (Continued)

 2  EXHIBIT                                                        PAGE

 3  Exhibit 7    County of Sacramento Environmental                 42
                 Management Department Body Art
 4               Practitioner Registration issued
                 to Pablo Robles - 1 page
 5
    Exhibit 8    Intuit printout - 3 pages                          43
 6
    Exhibit 9    4-19-16 Sacramento County                          47
 7               Sheriff's Department County Jail
                 Message Request - 1 page
 8
    Exhibit 10   4-26-16 Sacramento County                          47
 9               Sheriff's Department County Jail
                 Message Request - 1 page
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                                                                      4
```

```
 1  but the truth, was examined and testified as follows:

 2                        --o0o--

 3         THE VIDEOGRAPHER:  This is the deposition of Pablo

 4  Robles in the matter of Robles versus County of

 5  Sacramento, venued Eastern District Court, California.

 6  Case number is 2-17-CV-01580-JAM-AC.

 7         We're located today at 350 University Avenue,

 8  Suite 200, Sacramento, California, 95825.

 9         Today's date is October 14th, 2019.  The court

10  reporter is Melissa Hill; videographer is Garrett

11  McPherson here on behalf of Royal Phillips, a Veritext

12  Company in Sacramento.

13         We are on the record today at 9:38 a.m.  In a

14  moment the reporter will swear the witness, but would

15  counsel first introduce themselves.

16         MR. HARRIS:  Kevin W. Harris for Pablo Robles.

17         MR. WHITEFLEET:  John Whitefleet from Porter Scott

18  for defense.

19         (Witness administered oath.)

20                  EXAMINATION BY MR. WHITEFLEET

21  Q.     Would you please state your full name, spell your

22  last name for the record.

23  A.     Pablo Renaldo Robles.  Last name is R-o-b-l-e-s.

24  Q.     Mr. Robles -- Robles, have you ever had your

25  deposition taken before?
```

Time stamps in left margin: 09:38 (line 5), 09:38 (line 10), 09:38 (line 15), 09:38 (line 20), 09:39 (line 25)

6

1 clean record is I get my full question, because sometimes

2 I hesitate.   And the other thing too is I want to make

3 sure that you have the full question in mind before you

4 respond.   Sometimes if you don't or I might put some

09:40  5 qualifiers on the end in terms of time or dates and things

6 like that, I might have to re-ask it because the --

7 there's either an interruption or I don't understand that

8 you're asking (sic) the right question, okay?

9 A.      Yes.

09:40  10 Q.      From time to time, your counsel may object.

11 You're still required to respond to the question, unless

12 you're instructed otherwise.

13      You'll have an opportunity to review the

14 transcript of the proceedings and make changes afterwards.

09:40  15 But if you make substantive changes, that may affect your

16 credibility so you want to give your best testimony here

17 today.   And ultimately what that means is if for whatever

18 reason you realize that you didn't give a complete answer

19 during the process or you need to change an answer while

09:41  20 we're here, you should raise that while we're here on

21 record, okay?

22 A.      Yes.

23 Q.      I may from time to time test your memory in terms

24 of things that you may not have a good memory of and ask

09:41  25 you things in several different ways.   But I'm entitled to

8

Pablo Robles                                                    10/14/2019

```
        1  Q.       Okay.  And did you complete high school?
        2  A.       No.
        3  Q.       What was the last grade attended?
        4  A.       I think -- I'm not sure.  I think junior I
09:42   5  believe.
        6  Q.       And when was that?
        7  A.       2003.  2003, 2004, something like that.  I'm not
        8  exactly sure.
        9  Q.       Okay.  And was that a -- the last grade attended,
09:43  10  11th grade, was that at a particular school?
       11  A.       Yeah, Willow Glen in San Jose.
       12  Q.       Was it a high school?
       13  A.       Yeah, Willow Glen High School.
       14  Q.       Is that generally where you grew up, in the
09:43  15  San Jose area?
       16  A.       I've kind of been a little bit of everywhere.  I'm
       17  actually from Oregon.
       18  Q.       Okay.  Did you obtain your GED?
       19  A.       Yes.
09:43  20  Q.       When did you obtain that?
       21  A.       I would say about 2003 or 2004.
       22  Q.       Soon after the last grade attended?
       23  A.       Yeah.
       24  Q.       Have you attended any college classes?
09:43  25  A.       Yeah, it was ITT Tech in 2008.
```

                                                                    10

Pablo Robles                                           10/14/2019

```
      1  with the tattooing.
      2  Q.      When did you obtain the tattoo practice license?
      3  A.      I've had it since 2016.
      4  Q.      And is that in California?
09:45 5  A.      Yeah, it's in California.
      6  Q.      Any actions taken against the license?
      7  A.      No.
      8  Q.      And it's current and updated?
      9  A.      It's current and updated, yes, sir.
09:45 10 Q.      When in 2016 did you obtain that license?
     11  A.      I would say I think January.  I believe it was
     12  January 2016.
     13  Q.      And do you need to take academic classes to obtain
     14  that license or is that a practical test?
09:46 15 A.      Practical I would say.  It's nothing that I have
     16  to do within like a -- within a college or anything.
     17  There's no -- there's no prior requisites to getting that.
     18  You go to a shop and they teach you.  For about two years
     19  you take an apprenticeship.  Mine was a little bit shorter
09:46 20 than that.  Mine was about six months.  And then from
     21  there a shop will endorse you if they feel that you have
     22  the skills to -- to do the procedures.  They'll endorse
     23  you and you can get a license after you have your
     24  certified bloodborne pathogen.
09:47 25 Q.      So was there any test that you needed to take?
```
                                                              12

```
 1  different shop?

 2  A.      Just an update.

 3  Q.      Okay.  How many felony convictions do you have?

 4  A.      Roughly?

 5  Q.      No, exactly.

 6  A.      Exactly?

 7          MR. HARRIS:  You mean currently or ones that were

 8  overturned or were reduced?

 9          MR. WHITEFLEET:  We can -- yeah, let's make that I

10  guess clarification.

11  Q.      So tell me then how many felony convictions you

12  had originally or overall --

13  A.      Overall.

14  Q.      -- regardless of whether they were reduced or not.

15  A.      Can I get a minute just to think about it?

16  Q.      Of course.

17          (Pause in the proceedings.)

18          THE WITNESS:  I'm thinking about eight.

19  Q.      BY MR. WHITEFLEET:  Okay.  When was the first one?

20  A.      When I was 16.

21          MR. HARRIS:  A juvenile offense.

22          THE WITNESS:  Juvenile.

23  Q.      BY MR. WHITEFLEET:  Okay.  How about the one

24  after -- after that?

25  A.      The one -- the ones after that was -- it was a few
```

09:48 at line 5
09:48 at line 10
09:49 at line 15
09:50 at line 20
09:50 at line 25

14

1 seven years total?

2 A.      Yes.

3 Q.      Okay.  All right.  What were you saying about

4 other --

5 A.      So --

6 Q.      -- convictions?

7 A.      So prior to that case, I was on probation and I

8 caught -- or I got -- I was going to court for a

9 possession of -- of narcotics and also a possession of

09:52 10 ammunition, both felonies I believe.  And that was before

11 that case.  I'm not sure exactly -- oh, it was in July of

12 2008.

13 Q.      What -- where was this?

14 A.      Sac County.  That one was from Sacramento County.

09:52 15 Q.      I'll show you -- I'll just mark a printout from

16 the Sacramento County website for a case filed July 2008

17 it appears to be.

18 A.      That's the one I was talking about.

19 Q.      And I'll just have you just double check once I

09:53 20 give you the document.

21         (Exhibit 2 was marked for identification.)

22 Q.      BY MR. WHITEFLEET:  Just take a look at what we've

23 marked now as Exhibit 2.

24 A.      Yeah.  This is the one I was thinking of.  And the

09:53 25 reason that it -- it is in -- not in chronological order

                                                                              16

```
 1 Q.      What year was that?
 2 A.      I'm going to say 2013.  Solano County.
 3 Q.      Were you at Solano-CPS?
 4 A.      Yes.
```
09:56 ```
 5 Q.      CSP, sorry.
 6 A.      Yes.
 7 Q.      Was that ever reduced to a misdemeanor?
 8 A.      I'm not -- I don't think so.
 9 Q.      And I'm assuming that was time served concurrently
```
09:56 ```
10 with this sentence out of Santa Clara County?
11 A.      No, it's a -- it was a con -- consecutive.
12 Q.      Okay.
13 A.      Consecutive sentence.  I got released on Prop 47
14 and I actually continued my court proceedings outside of
```
09:56 ```
15 prison.
16 Q.      Any other felonies?
17 A.      Yes.
18 Q.      Go ahead.
19 A.      Two thousand and -- 2017, possession for sales.
```
09:57 ```
20 Oh, excuse me, before that was a DUI.
21      MR. HARRIS:  But that's not a felony.
22      THE WITNESS:  No, you're right.  It was a
23 misdemeanor.  So we're talking about felonies here, okay.
24 So, yes, then it would be the 2017.  I want to say it was
```
09:57 ```
25 October 2017 possession for sales.
```
                                                        18

Pablo Robles                                              10/14/2019

```
      1 you got?

      2 A.      Yes.

      3 Q.      It was up to -- was it up to you to obtain the

      4 clientele or were you -- you took whoever walked in?

10:00 5 A.      It was both.

      6 Q.      Both.  Okay.  What was the percentage you gave to

      7 the shop?

      8 A.      35 percent.

      9 Q.      Were prices set by the shop or did you set them?

10:01 10 A.     I set them.

     11 Q.      Depending on the complexity of the job and how

     12 long it would take, how many sessions, that kind of thing?

     13 A.      So with the tattoos, yes.  With the piercings, we

     14 had set prices.

10:01 15 Q.     Oh, okay.  Does a tattoo license cover piercings?

     16 A.      Yes.

     17 Q.      And did you have regular hours when you -- between

     18 January and April 2016?

     19 A.      Yes.

10:01 20 Q.     And what were those hours?

     21 A.      It was Monday through Friday, 12 to close.  Just

     22 depended on the -- close is kind of open because it just

     23 depends, but typically until about 10.

     24 Q.      All right.  So then you were released -- let's

10:02 25 see.  After the DUI arrest, right, you -- you were at
```

20

1  A.      Yes.

2  Q.      And you stayed in jail until you were convicted of

3  the possession for sales in 2017?

4  A.      And then I went to prison.

10:05  5  Q.      Okay.

6  A.      Yes.

7  Q.      And you said that was a four-year sentence?

8  A.      Yeah.

9  Q.      Was that reduced?

10:05 10  A.      That was reduced to four years at 60 percent.  So

11  originally it was four with 85, and then I actually got

12  out on an ankle monitor a year early.  I'm not sure how

13  the percentage -- everything changes.  Prison itself with

14  everything now, it's like 50 percent, 80 percent.  There's

10:05 15  a lot of different percentages, so I can't be for sure

16  what exactly.

17  Q.      Do you have time remaining on that sentence?

18  A.      No.  No.

19  Q.      Okay.  Are you on probation or parole right now?

10:05 20  A.      Yes.  I should be off.  I'm on probation.  Should

21  be off this month.

22  Q.      All right.  Where did you serve that sentence?

23  A.      I went to Tracy Reception for about five months.

24  And then I went to La Palma in Arizona.  It's a private

10:06 25  prison.  And then from there they brought me back and I

22

1  Q.      What did Chris tell you about why you weren't able
2  to come back?
3  A.      It was mainly because I had left and went to jail.
4  I was gone for almost two months.  And he just said at
10:08  5  this -- just at that time they didn't -- they didn't
6  need -- you know, they didn't need me.  They needed
7  somebody more reliable.  But he said that just keep doing
8  what I'm doing and try -- you know, come check us out
9  again another time, and he said maybe he would have
10:08 10  something for me then.
11 Q.      When -- when you were arrested for the DUI in ...
12         MR. HARRIS:  April 3rd.
13 Q.      BY MR. WHITEFLEET:  ... April of 2016, and once
14 you realized you weren't going to be released, did you
10:08 15 attempt to contact the Billionaire Tattoo Parlor to let
16 them know that you couldn't come back?
17 A.      Of course.
18 Q.      And what was the response?
19 A.      Just that -- response?  I'm not sure exactly how
10:09 20 they responded.  They just said, "Okay.  Well, when are
21 you going to be back?"  I couldn't give them an answer
22 because I didn't know.  I told them that I was supposed to
23 be getting released, so they were kind of banking on that.
24 Never said you won't have a job.  Never said anything.
10:09 25 Like just, "All right.  Do what you gotta do.  Hit us up
                                                              24

Pablo Robles                                                    10/14/2019

```
      1  A.       Not so much the apprenticeship, so no on that
      2  answer, but more of the experience.  So I knew that at
      3  Billionaire that with my experience and where I was at,
      4  they would allow me to make money, and that was my main
10:11 5  thing is I wanted to make money.  I don't want to sit here
      6  and have you guys tell me, you know, what I need to do and
      7  how I need to -- and for -- you know, I needed to make
      8  money.  That was the main thing.  And I did end up going
      9  back to Billionaire eventually.
10:11 10 Q.       When was that?
      11 A.       I would say probably -- probably about three
      12 months after I got released.  Two to three months.  I
      13 don't know -- I don't know exactly.
      14 Q.       So --
10:12 15 A.       So I got --
      16 Q.       -- midsummer?
      17 A.       Midsummer, yes, sir.
      18 Q.       Okay.  And so fair to say then from midsummer 2016
      19 until the arrest in November 2018, you worked at
10:12 20 Billionaire's again?
      21 A.       Yes.
      22 Q.       Okay.  Was it the same -- same deal, 35 percent?
      23 A.       Same deal.
      24 Q.       And what -- and is the piercings the same
10:12 25 percentage too?
```

26

```
 1 Exhibit 3?

 2 A.       Yes, sir.

 3 Q.       Have you seen those before?

 4 A.       Yes.

 5 Q.       And on the verification page, is that your

 6 signature?

 7 A.       Yes.

 8 Q.       Okay.  So did you ever speak with Sheriff Jones

 9 about the time in Sacramento County Jail after the DUI

10 arrest from April 3rd, 2016 to May 6th, 2016?

11 A.       Never got a chance to.

12 Q.       Okay.  Did you ever communicate in writing to

13 Sheriff Jones --

14 A.       Yes.

15 Q.       -- about this case?

16 A.       Yes, I did.

17 Q.       And did you ever receive a response?

18          MR. HARRIS:  You mean from him?

19 Q.       BY MR. WHITEFLEET:  From Sheriff Jones.

20 A.       Yes.  I'd have to see the -- I believe I got a

21 response.  I don't remember what the response was.  I got

22 a signed -- something signed.

23 Q.       Okay.  And how many times did you write to Sheriff

24 Jones about this case?

25 A.       Several times.
```

Timestamps (left margin): 10:17 (line 5), 10:18 (line 10), 10:18 (line 15), 10:18 (line 20), 10:19 (line 25)

                                                                    28

Pablo Robles                                                    10/14/2019

```
 1 Q.        Did anyone ever tell you that Sheriff Jones
 2 reviewed any of those?
 3 A.        No.
 4 Q.        And the response that you did receive from any of
10:20 5 the grievances, did you ever get the impression that
 6 Sheriff Jones had directed anybody to write a response?
 7 A.        I don't even know who Sheriff Jones -- I didn't
 8 know who Sheriff Jones was at all.  I didn't know what --
 9 what rank he had.  I didn't know anything, yeah.
10:20 10 Q.       That's fair enough.  My question's a little bit
11 different.
12 A.        Okay.
13 Q.        Of any of the responses that you got to the
14 grievances, did any of the folks that responded to those
10:20 15 grievances ever give you -- leave you the impression that
16 they were doing so at the direction of Sheriff Jones?
17 A.        Of course not.
18 Q.        Okay.  Did anyone at the jail ever tell you that
19 Sheriff Jones had directed your time in the jail in any
10:21 20 way?
21 A.        No.
22 Q.        Okay.  So do you have any information about the
23 Sacramento County Jail policies in terms of how they
24 determine whether you should be -- should stay in the jail
10:21 25 or not?
```

30

```
 1  A.      You mean held -- held in the same fashion that I
 2  felt I was held?
 3  Q.      Yes.
 4  A.      No, I don't know anybody.
 5  Q.      Okay.  Other than the practice that you just
 6  identified about being brought before a magistrate within
 7  72 hours, do you have any other information about any
 8  Sacramento County Jail practice in terms of how they may
 9  handle holding someone over at the jail?
10  A.      I don't have any other information other than
11  their request form oper -- the way they operate with
12  inmate request forms and grievances, I'm told that
13  everything is to be reviewed by the sheriff at the highest
14  level.  So in order to get to that level, you have to
15  exhaust all avenues.  Before I can just write a grievance,
16  I have to bring it up to -- to the -- at the first level.
17  Q.      You understood that part of the grievance process
18  is you submit a grievance.  You get a response.  If you
19  don't like that response, you have to appeal that
20  response, correct?
21  A.      Yes.
22  Q.      Okay.  Did you ever appeal any of the grievance
23  responses that you got?
24  A.      I did.
25  Q.      How many times?
```

(with timestamps in left margin: 10:23 at line 5; 10:24 at lines 10, 15, 20, 25)

32

1 hindered -- I did what I could.  I know I'm in prison.

2 I'm an inmate, so I've got to kind of fall in line to

3 where ...

4 Q.      Did you ever submit a grievance for lack of access

10:26 5 to the law library?

6 A.      Yeah.

7 Q.      Was there a response to that?

8 A.      I will say yes I -- I did submit a grievance.  I

9 can't remember if I added that to my grievances.  I had a

10:26 10 lot of -- there was a lot of stuff going on that I felt

11 needed to be addressed and everything was being

12 overlooked.

13         MR. WHITEFLEET:  We'll mark as Exhibit 4 page 35

14 of the First Amended Complaint.  It was an attachment

10:28 15 thereto.  And it's a grievance dated 4 -- and appears to

16 be either 10 or 17, 2016.

17         (Exhibit 4 was marked for identification.)

18 Q.      BY MR. WHITEFLEET:  Have you had an opportunity to

19 look at that document?

10:29 20 A.      Yes.

21 Q.      Okay.  Is this your writing in terms of the area

22 that says grievance slash suggestion?

23 A.      Yes.

24 Q.      Okay.  And when did you submit this grievance?

10:29 25 A.      Appears to be 4-17-2016.

34

```
        1  Q.      Okay.  And did you?

        2  A.      Yes.

        3  Q.      Okay.  We'll mark what was previously produced as

        4  County 24 next in order.  It's a Request for Calendaring

10:31   5  Change filed in Sacramento County Superior Court, Case

        6  Number 08F05507.

        7          (Exhibit 5 was marked for identification.)

        8  Q.      BY MR. WHITEFLEET:  Take a moment to take a look

        9  at that.

10:31  10  A.      (Witness reviews document.)  Okay.

       11  Q.      Have you seen that document before?

       12  A.      Never.

       13  Q.      Is Christina Andrade your attorney?

       14  A.      Yes.

10:32  15  Q.      Okay.  And she was your attorney for purposes of

       16  what case?

       17  A.      For no case.  For the case of -- of my false

       18  imprisonment.

       19  Q.      Okay.

10:32  20  A.      I hired her strictly to -- to investigate and find

       21  out why I was being held illegally I felt.

       22  Q.      Okay.

       23  A.      And she was trying to get me a court date because

       24  at the time I had none, and I had never seen a judge.

10:32  25  Q.      At some point did anyone at the jail tell you that
```

                                                                   36

1  A.        This is the first time I'm hearing of it.

2  Q.        Okay.

3           MR. HARRIS:  And I'd object there's a valid

4  order -- there was a valid order.

10:35  5           MR. WHITEFLEET:  You can object to the court all

6  you want.

7           MR. HARRIS:  The court itself found CDCR says time

8  served.

9           MR. WHITEFLEET:  Yeah, and I don't -- it doesn't

10:35  10  really matter that -- what that says.  CDCR is not an

11  authority.

12           All right.  Let's go to the next exhibit.  5?

13           THE REPORTER:  6.

14           MR. WHITEFLEET:  6.  Plaintiff responses to County

10:35  15  of Sacramento request for production, set one.  Again,

16  first time I have been served signed copies this morning.

17           (Exhibit 6 was marked for identification.)

18           THE WITNESS:  (Witness reviews document.)

19  Q.        BY MR. WHITEFLEET:  Have you seen that document

10:36  20  before?

21  A.        Yes, sir.

22  Q.        Is that your signature on the verification page?

23  A.        Yes.

24  Q.        Thank you.  Who was your attorney on the

10:37  25  Sacramento conviction in 2008, if you remember?

Pablo Robles                                          10/14/2019

1 | They didn't have access to that.

2 | Q.        Did you do anything else?

3 | A.        I asked for my charges, holds, my charges and

4 | parole holds.  I requested them on paper and never got any

10:39  5 | answers.

6 | Q.        I'm assuming that's when you contacted

7 | Ms. Andrade?

8 | A.        Not exactly but about, yeah.  I had all the

9 | paperwork.  I had the paperwork to prove what I was saying

10:39 10 | on the streets.  So once I -- I didn't have the money

11 | to -- to hire anybody.  Everybody wanted a lot of money

12 | that I didn't have, so I was just gonna sit in Sacramento

13 | County Jail for the duration of that time that I already

14 | served.  Luckily my fiance said, you know, "I'll find

10:40 15 | somebody and we'll get this done," so yeah.

16 |          Probably maybe like a week before or two weeks

17 | before I was released is when I contacted the law firm.

18 | Q.        Did you at some point talk to a parole officer

19 | about the incarceration at the Sacramento County Jail?

10:40 20 | A.        The only time I spoke with a parole agent or

21 | someone from that branch was I want to say two days after

22 | my incarceration when they said pretty much that I -- they

23 | had -- they were retaining my old pending investigations.

24 | And I had a verbal -- verbal communication with my family.

10:40 25 | They said that my parole officer, Mr. Garcia, said that

40

1  Registration form.

2          (Exhibit 7 was marked for identification.)

3  Q.      BY MR. WHITEFLEET:  Take a look at that exhibit.

4  Is that the license that was issued to you?

10:52  5  A.      Yes, sir.

6  Q.      And what was the effective date that allowed you

7  to --

8  A.      Effective March.  February, excuse me,

9  February 2016.

10:52  10  Q.      Okay.  And that's the license you were referring

11  to earlier?

12  A.      Yes, sir.

13  Q.      So it wasn't January; it was February?

14  A.      Yeah, it was February.

10:52  15  Q.      Okay.  And are you currently employed?

16  A.      Yes.

17  Q.      Where are you currently employed?

18  A.      Ballerz Ink.

19          THE REPORTER:  I'm sorry?

10:53  20          THE WITNESS:  Ballerz Ink.  I went from a

21  billionaire to a baller.  I don't know how that worked

22  out.  I'm neither of the two.

23          (Discussion off the record.)

24  Q.      BY MR. WHITEFLEET:  Where is that located?

10:53  25  A.      7808 Fruitridge Road in Sacramento.

                                                              42

Pablo Robles                                                                10/14/2019

1  gives every -- every -- I have pictures of all of these --

2  all of these incomes.  At the end of the day, I snap a --

3  I do the payout, snap a picture of the receipt, and log it

4  into the -- my Intuit because I usually get paid cash.  So

10:55  5  this is just a documentation of that.

6  Q.       BY MR. WHITEFLEET:  Okay.

7  A.       Without the receipts.

8  Q.       That doesn't show any amounts though, does it?

9  A.       It does.  Right -- do you have another copy?  So

10:56  10  right -- in this column right here, this column that goes

11  straight down.

12  Q.       I see.

13  A.       It was just weird for me to try to get it into

14  like a readable format.

10:56  15  Q.       So just so the record is clear, the numbers to the

16  left of the word "Business," that's the monetary amount?

17  A.       Yes.

18  Q.       Okay.

19  A.       Monetary meaning what?

10:56  20  Q.       The money.

21  A.       The money amount.  Okay, yes.

22  Q.       All right.  And so what time period does this

23  document cover?

24  A.       This is from -- I believe from ...

10:56  25       MR. HARRIS:  January 1st.

44

1  that message addressed to "Warden"?

2  A.        (Witness reviews document.)   This is a request

3  form to the warden, but what -- what were you referring to

4  as far as me sending a --

11:01  5       MR. HARRIS:  You said --

6            THE WITNESS:  You're not talking about a

7  grievance, right?  This is just to start -- this is just

8  to start -- like I'm trying to start the process.

9  Q.        BY MR. WHITEFLEET:  Let me ask you this a

11:01 10  different way.  You had said earlier that you attempted to

11  write to the sheriff through the -- either the watch

12  commander or jail commander.  Was this that message?

13  A.        This is one of the messages that could be -- yeah,

14  that's considered something that -- something along the

11:01 15  lines of what I was trying to -- what I was attempting to

16  do.

17  Q.        Okay.  And just for the reference, this is

18  Exhibit 5 to the First Amended Complaint.

19            MR. HARRIS:  Thank you.

11:01 20  Q.        BY MR. WHITEFLEET:  Did you ever receive a

21  response to this message?

22  A.        Can I see it again?

23  Q.        Yeah, why don't we mark it separately as next in

24  order.  It's page 37, like I said, Exhibit 5, the First

11:01 25  Amended Complaint.

46

```
 1  A.      Or of their response?

 2          MR. HARRIS:  Your request.

 3          THE WITNESS:  Oh, the 26th.  4-26-16.

 4  Q.      BY MR. WHITEFLEET:  And when did you get the

 5  response?

 6  A.      It looks like 5-4-16.  I have it right up here in

 7  the corner.  I would write when I would get them back.  So

 8  right up here in the corner I would write just for my own

 9  knowledge because they didn't -- they --

10  Q.      Sometimes they didn't date it?

11  A.      Exactly.  So I put 5-4, which was about two days

12  before I got released.

13  Q.      Did anyone ever tell you, other than an attorney,

14  why you were released?

15  A.      My fiance picked me up.  Said that -- I can't even

16  remember what she said.  She just said, "They haven't told

17  you what happened?"  I said, "No, I -- what happened?"

18  She's like, "Oh, I've got to tell you."  She just said

19  that I wasn't supposed to be there.  And even upon my

20  release from the jail, I was never told why or anything.

21  I just -- they said, "Robles.  You're getting released."

22  And I didn't believe them but I did get it.

23          MR. WHITEFLEET:  No further questions.

24          THE VIDEOGRAPHER:  We are off the record 11:05.

25          (The deposition concluded at 11:05 a.m.)
```

11:03 (5), 11:03 (10), 11:04 (15), 11:04 (20)

48

Pablo Robles                                                    10/14/2019

```
 1  Please be advised that I have read the foregoing

 2  deposition.   I hereby state that there are:

 3  (check one)

 4                  .

 5  -------------- NO CORRECTIONS

 6

 7  -------------- CORRECTIONS ATTACHED

 8

 9

10  --------------------------------

11  PABLO ROBLES

12

13  ----------------

14  Date Signed

15

16  Case Title:        Robles vs. County of Sacramento

17  Date of Deposition:  Monday, October 14, 2019

18  Job No:            4252RP8

19

20                     --oOo--

21

22

23

24

25
                                                            49
```

Pablo Robles                                                          10/14/2019

```
 1                 DEPONENT'S CHANGES OR CORRECTIONS

 2   Note:  If you are adding to your testimony, print the
     exact words you want to add.  If you are deleting from
 3   your testimony, print the exact words you want to delete.
     Specify with "Add" or "Delete" and sign this form.

 4
     DEPOSITION OF:           PABLO ROBLES
 5   CASE:                    Robles vs. County of Sacramento
     DATE OF DEPOSITION:      Monday, October 14, 2019

 6
     I -----------------------------------, have the following
 7   corrections to make to my deposition:

 8    PAGE          LINE              ADD/CHANGE/DELETE

 9    -----         ------    ----------------------------------

10    -----         ------    ----------------------------------

11    -----         ------    ----------------------------------

12    -----         ------    ----------------------------------

13    -----         ------    ----------------------------------

14    -----         ------    ----------------------------------

15    -----         ------    ----------------------------------

16    -----         ------    ----------------------------------

17    -----         ------    ----------------------------------

18    -----         ------    ----------------------------------

19    -----         ------    ----------------------------------

20    -----         ------    ----------------------------------

21    -----         ------    ----------------------------------

22    -----         ------    ----------------------------------

23    -----         ------    ----------------------------------

24    Signature -------------------------DATE-------------

25
```
                                                                      50

Pablo Robles                                                    10/14/2019

1                    CERTIFICATE OF REPORTER

2

3        I, MELISSA LYNN HILL, a duly licensed Certified

4 Shorthand Reporter of the State of California, hereby

5 certify that the witness in the foregoing deposition was

6 by me duly sworn;

7        That said testimony was taken down in

8 stenographic shorthand by me, a disinterested person, at

9 the time and place therein stated and was thereafter

10 reduced to typewriting and that the testimony as

11 transcribed is a true record of the testimony given by

12 the witness;

13       That before completion of the deposition,

14 review of the transcript [x] was [ ] was not requested.

15 If requested, any changes made by the deponent (and

16 provided to the reporter) during the period allowed are

17 appended hereto.

18       I further certify that I am not of counsel

19 or attorney for either or any of the parties to the said

20 deposition, nor in any way interested in the outcome of

21 this cause.

22       DATED this 29th day of October, 2019.

23

24       ------------------------------------

         MELISSA LYNN HILL, CSR 9613

25

                                                          51

1  **PORTER | SCOTT**
2  A PROFESSIONAL CORPORATION
   Carl L. Fessenden, SBN 161494
3  John R. Whitefleet, SBN 213301
   350 University Ave., Suite 200
4  Sacramento, California 95825
   TEL: 916.929.1481
5  FAX: 916.927.3706

6  Attorneys for Defendant COUNTY OF SACRAMENTO

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11

12  PABLO ROBLES,                          CASE NO.  2:17-CV-01580-JAM-AC

13              Plaintiff,                  **DEFENDANT        COUNTY       OF
                                            SACRAMENTO'S      NOTICE      OF
14  v.                                      DEPOSITION OF PLAINTIFF**

15  COUNTY OF SACRAMENTO; SHERIFF
16  SCOTT JONES, in his official capacity,
    DEPUTY HARDY (Badge No. 1434),
17  DEPUTY DANIEL (Badge No. 645),
    DEPUTY MOVAHAN (Badge No. 452),
18  DEPUTY PAM (Badge No. 31), SGT. M.
    LOPEZ (Badge No. 179), DEPUTY
19  MATOON (Badge No. 1095), OFFICER S.
20  ROBY (Badge No. 529), and Does 1-40,
    inclusive,
21

22              Defendants.

23  _____/

24

25  TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

26      At the time, date, and place indicated below, the parties represented by PORTER SCOTT,

27  A Professional Corporation, will take the deposition of Plaintiff, pursuant to the parties agreed-

28  upon date, pursuant to Rule 30 of the Federal Rules of Civil Procedure:

{02090550.DOCX}                          1

**DEFENDANT COUNTY OF SACRAMENTO'S NOTICE OF DEPOSITION OF PLAINTIFF**

Exhibit No. 1
Date: 10·14·19
Witness: Robles
Melissa Hill, CSR 9613

1  WITNESS:   Pablo Robles
   DATE:      October 14, 2019
2  TIME:      9:30 a.m.
   PLACE:     Porter Scott
3             350 University Avenue, Suite 200
4             Sacramento, CA 95825

5          Said deposition will be taken by a certified stenographic reporter authorized to administer

6  oaths and will be videotaped, which Defendant reserves the right to use at trial.  If any deposition

7  is not completed on said date, the taking thereof will be continued from day to day thereafter at the

8  same time and place, excluding Sundays, and legal holidays, until completed.

9

10 Dated:  October 8, 2019

                                      PORTER SCOTT
11                                    A PROFESSIONAL CORPORATION
12
                                      By
13                                         John R. Whitefleet
                                           Attorneys for Defendant
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{02090550.DOCX}                          2

**DEFENDANT COUNTY OF SACRAMENTO'S NOTICE OF DEPOSITION OF PLAINTIFF**

*Robles v. County of Sacramento, et al.*
U.S.D.C. - Eastern District of CA - 2:17-CV-01580-JAM-AC

<div align="center">

**DECLARATION OF SERVICE**

</div>

I am a resident of the United States and of the County, of Sacramento, California.  I am over the age of eighteen years and not a party to the within above-entitled action.  My business address is 350 University Avenue, Suite 200, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date below, I served the following: **DEFENDANT COUNTY OF SACRAMENTO'S NOTICE OF DEPOSITION OF PLAINTIFF** on all parties in the said action as addressed below by causing a true copy thereof to be served:

**XX     BY MAIL.**  I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U. S. mailbox in the City of Sacramento, California, after the close of the day's business.
☐ Certified Mail/Return Receipt Requested, Article #

_____  BY PERSONAL SERVICE.  I caused such document(s) to be delivered by hand to the office of the person(s) listed below

_____  BY OVERNIGHT DELIVERY.  I caused the above-listed document(s) to be delivered by overnight delivery to the office of the person(s) listed below:

_____  BY FACSIMILE.  I caused the above-listed document(s) to be transmitted by facsimile transmission from (916) 927-3706 to the facsimile number listed below.  The transmission was reported as completed and without error.  A copy of the transmission report is attached.  The transmission report was properly issued by the transmitting facsimile machine.

Kevin W. Harris, Esq.
Attorney At Law
1387 Garden Hwy., Suite 200
Sacramento, CA 95833

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Sacramento, California, on 10-8-19 .

Carol Olive

PORTER | SCOTT
350 Univer      ve., Suite 200
Sacrame.. , CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{02090550.DOCX}

3

**DEFENDANT COUNTY OF SACRAMENTO'S NOTICE OF DEPOSITION OF PLAINTIFF**

# Case Information

## ☐ Case Information

**efendant Name**
PABLO RENALDO ROBLES

**Case Number**
16FE021560

**Xref**
4053131

**Filing Date**
11/15/2016

**Charge Document**
Complaint

**Case Status**
Disposed

**Court ID**
34100

## ☐ Aliases

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| PAUL | | GARREN | |
| PAUL | RAY | GARREN | |
| PAUL | RAY | GARRON | |
| PABLO | RENALDO | ROBLES | |
| PABLO | REYNALDO | ROBLES | |

## ☐ Other Cases

| | Case Number | Filing Date | Court ID |
|---|---|---|---|
| 🔍 View | 16MI010841 | 06/06/2016 | 34100 |
| 🔍 View | 14HC00632 | 11/10/2014 | 34100 |
| 🔍 View | 08F05507 | 07/09/2008 | 34100 |

## ☐ Charges

| Count | Charge | Severity | Degree | Allegation | Blood Alcohol % |
|---|---|---|---|---|---|
| C001 | HS 11351 | Felony | N/A | N/A | N/A |

## ☐ Future Hearings

| Date | Time | Dept. | Reason | Outcome |
|---|---|---|---|---|
| No future hearings found. | | | | |

Exhibit No. 2
Date: 10 14 19
Witness: Robles
Melissa Hill, CSR 9613

## ☐ Hearing History

** NOTE: There is a cost associated with **court reporter transcripts**. When you request a court reporter transcript, you will be contacted by the court reporter regarding the cost and method of payment accepted.

| Date | Time | Dept. | Reason | Outcome | **Request Transcript |
|------|------|-------|--------|---------|----------------------|
| 03/30/2017 | 1:35 PM | 63 | JUDGMENT & SENTENCE | DEFENDANT SENTENCED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=03%2F30%2F2017&eventTim |
| 03/30/2017 | 1:35 PM | 63 | SETTLEMENT CONFERENCE | CERTIFIED TO SUPERIOR COURT | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=03%2F30%2F2017&eventTim |
| 03/30/2017 | 1:35 PM | 63 | SPECIAL NOTIFICATION TO JAIL (HAIRCUTS, DR'S APPT, ETC.) | SPECIAL NOTIFICATION TO JAIL (HAIRCUTS, DR'S APPT, ETC.) | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=03%2F30%2F2017&eventTim |
| 03/16/2017 | 8:30 AM | 63 | SETTLEMENT CONFERENCE | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=03%2F16%2F2017&eventTim |
| 02/14/2017 | 8:30 AM | 63 | SETTLEMENT CONFERENCE | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=02%2F14%2F2017&eventTim |
| 01/10/2017 | 8:30 AM | 63 | SETTLEMENT CONFERENCE | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=01%2F10%2F2017&eventTim |
| 12/06/2016 | 8:30 AM | 63 | BAIL REVIEW | BAIL DECREASED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=12%2F06%2F2016&eventTim |
| 12/06/2016 | 8:30 AM | 63 | SETTLEMENT CONFERENCE | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=12%2F06%2F2016&eventTim |
| 11/17/2016 | 8:30 AM | 63 | COUNSEL INFORMATION | RETAINED COUNSEL | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=11%2F17%2F2016&eventTim |
| 11/17/2016 | 8:30 AM | 63 | SETTLEMENT CONFERENCE | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=11%2F17%2F2016&eventTim |
| 11/15/2016 | 1:30 PM | 63 | ARRAIGNMENT | ARRAIGNED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=11%2F15%2F2016&eventTim |
| 11/15/2016 | 1:30 PM | 63 | SPECIAL NOTIFICATION TO JAIL (HAIRCUTS, DR'S APPT, ETC.) | SPECIAL NOTIFICATION TO JAIL (HAIRCUTS, DR'S APPT, ETC.) | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=11%2F15%2F2016&eventTim |

**Charge Dispositions**

| Count | Plea | Charge | Disposition Code | Disposition Date | Severity | Degree |
|-------|------|--------|------------------|------------------|----------|--------|
| C001 | No Contest | HS 11351 | No Contest | 03/30/2017 | Felony | |

**Sentence Summary**

| Count | Sentence Type | Sentence Date | Prob. Type | Prob. Status | Prob. Term | Prob. Sup. | Custody Program | Custody Length | Non LT Code | Non LT Time | Non LT Susp. |
|-------|---------------|---------------|------------|--------------|------------|------------|-----------------|----------------|-------------|-------------|--------------|
| CASE | Original | 03/30/2017 | | Denied | | | | | State Prison | 4Y | |

## Case Information

### ⊟ Case Information

**Defendant Name**
PABLO RENALDO ROBLES

**Case Number**
16MI010841

**Xref**
4053131

**Filing Date**
06/06/2016

**Charge Document**
Complaint

**Case Status**
Disposed

**Court ID**
34100

### ⊟ Aliases

| First Name | Middle Name | Last Name | Suffix |
|------------|-------------|-----------|--------|
| PAUL | | GARREN | |
| PAUL | RAY | GARREN | |
| PAUL | RAY | GARRON | |
| PABLO | RENALDO | ROBLES | |
| PABLO | REYNALDO | ROBLES | |

### ⊟ Other Cases

| | Case Number | Filing Date | Court ID |
|---|-------------|-------------|----------|
| 🔍 View | 16FE021560 | 11/15/2016 | 34100 |
| 🔍 View | 14HC00632 | 11/10/2014 | 34100 |
| 🔍 View | 08F05507 | 07/09/2008 | 34100 |

### ⊟ Charges

| Count | Charge | Severity | Degree | Allegation | Blood Alcohol % |
|-------|--------|----------|--------|------------|-----------------|
| C001 | VC 23152(A) | Misdemeanor | N/A | N/A | N/A |
| C002 | VC 23152(B) | Misdemeanor | N/A | N/A | 12 |

### ⊟ Future Hearings

| Date | Time | Dept. | Reason | Outcome |
|------|------|-------|--------|---------|

No future hearings found.

### ⊟ Hearing History

** NOTE: There is a cost associated with court reporter transcripts. When you request a court reporter transcript, you will be contacted by the court reporter regarding the cost and method of payment accepted.

| Date | Time | Dept. | Reason | Outcome | **Request Transcript |
|------|------|-------|--------|---------|---------------------|
| 03/30/2017 | 1:35 PM | 63 | FURTHER PROCEEDINGS | DEFENDANT PLED TO CHARGE(S) | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=03%2F30%2F2017&eventTim |
| 03/30/2017 | 1:35 PM | 63 | FURTHER PROCEEDINGS | DEFENDANT SENTENCED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=03%2F30%2F2017&eventTim |
| 03/30/2017 | 1:35 PM | 63 | SPECIAL NOTIFICATION TO JAIL (HAIRCUTS, DR'S APPT, ETC.) | SPECIAL NOTIFICATION TO JAIL (HAIRCUTS, DR'S APPT, ETC.) | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=03%2F30%2F2017&eventTim |
| 03/16/2017 | 8:30 AM | 63 | FURTHER PROCEEDINGS | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=03%2F16%2F2017&eventTim |
| 02/14/2017 | 8:30 AM | 63 | FURTHER PROCEEDINGS | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=02%2F14%2F2017&eventTim |
| 01/10/2017 | 8:30 AM | 63 | FURTHER PROCEEDINGS | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=01%2F10%2F2017&eventTim |
| 12/06/2016 | 8:30 AM | 63 | FURTHER PROCEEDINGS | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=12%2F06%2F2016&eventTim |
| 11/22/2016 | 8:35 AM | 04 | FURTHER PROCEEDINGS | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=04&eventDate=11%2F22%2F2016&eventTim |
| 11/17/2016 | 8:30 AM | 63 | FURTHER PROCEEDINGS | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=63&eventDate=11%2F17%2F2016&eventTim |
| 10/13/2016 | 8:30 AM | 04 | ARRAIGNMENT | CONTINUED | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=04&eventDate=10%2F13%2F2016&eventTim |
| 10/13/2016 | 8:30 AM | 04 | COUNSEL INFORMATION | RETAINED COUNSEL | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=04&eventDate=10%2F13%2F2016&eventTim |
| 09/06/2016 | 8:30 AM | 04 | ARRAIGNMENT | FAILED TO APPEAR | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=04&eventDate=09%2F06%2F2016&eventTim |
| 08/11/2016 | 8:30 AM | 03 | ARRAIGNMENT | FAILED TO APPEAR | Request (/PublicCaseAccess/Criminal/RequestCourtReporterTranscript?dept=03&eventDate=08%2F11%2F2016&eventTim |

## ⊟ Charge Dispositions

| Count | Plea | Charge | Disposition Code | Disposition Date | Severity | Degree |
|-------|------|--------|------------------|------------------|----------|--------|
| C001 | No Plea | VC 23152(A) | Dismissed | 03/30/2017 | Misdemeanor | |
| C002 | No Contest | VC 23152(B) | No Contest | 03/30/2017 | Misdemeanor | |

## ⊟ Sentence Summary

| Count | Sentence Type | Sentence Date | Prob. Type | Prob. Status | Prob. Term | Prob. Sup. | Custody Program | Custody Length | Non LT Code | Non LT Time | Non LT Susp. |
|-------|---------------|---------------|------------|--------------|------------|------------|-----------------|----------------|-------------|-------------|--------------|
| CASE | Original | 03/30/2017 | Informal Probation | Granted / Non-Searchable | 3Y | | Straight Time | 4D | | | |

Kevin W. Harris SBN 133084
Attorney at Law
1387 Garden Hwy., Ste. 200
Sacramento, CA 95833
Tel.: (916) 271-0688
Fax: (855) 800-4454

Attorney for Plaintiff Pablo Robles

## BEFORE THE UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| Pablo Robles; | Case No.: 2:17-cv-01580-JAM-GGH |
| Plaintiff, | **PLAINTIFF PABLO ROBLES'** |
| vs. | **RESPONSE TO DEFENDANT** |
| | **COUNTY OF SACRAMENTO'S** |
| County of Sacramento; Sheriff Scott | **SPECIAL INTERROGATORIES, SET** |
| Jones, in his official capacity, Deputy | **NO. 1 TO PLAINTIFF** |
| Hardy (Badge No. 1434) , Deputy Daniel | |
| (Badge No. 645), Deputy Movahan (Badge | |
| No. 452),  Deputy PAM (Badge No. 31), | |
| Sgt. M. Lopez (Badge No. 179), Deputy | |
| Matoon (Badge No. 1095), Officer S. Roby | |
| (Badge No. 529), and Does 1-40, inclusive. | |
| Defendants. | |
| | |



Exhibit No. 3
Date: 10·14·19
Witness: ROBLES
Melissa Hill, CSP. 2613

PROPOUNDING PARTY: DEFENDANT COUNTY OF SACRAMENTO

RESPONDING PARTY:    PLAINTIFF PABLO ROBLES

SET NO.:                1

COMES NOW Plaintiff PABLO ROBLES pursuant to the provisions of Federal Rule of

Civil Procedure, Rule 33, and responds to Defendant COUNTY OF SACRAMENTO's First Set

of Interrogatories, as follows:

**Special Interrogatory No. 1:**

Please identify all communications YOU have had with Sheriff Scott Jones regarding the

allegations in YOUR COMPLAINT.  For each, please identify the date of the communication,

Pablo Robles v. County of
Sacramento                                Page 1                    Plnt. Irrrog. To Def. County

whether in person or in writing, and a SUMMARY of the communication.

**Response to Special Interrogatory No. 1:**

I did not have any direct contact with Sheriff Scott Jones, but the Grievances and Correspondence which was given to the deputies were to the Sacramento County Sheriff's Department to which he was the person responsible for making policy and practice decisions those written communications were previously produced in my Rule 26 Disclosures as well as were connected to the First Amended Complaint in this case. The documents are as follows:

1) April 11 ,2016, County Jail Message Request from Plaintiff PABLO ROBLES to Classification in the Sacramento Main Jail to obtain copies of all documentation pertaining to his incarceration i.e. charges, holds, etc. which is within the possession custody and control of Defendant County of Sacramento.

2) April 17, 2016, grievance form from Plaintiff PABLO ROBLES regarding him being falsely imprisoned on his prior criminal case for which he served all this time. With a response by Sgt. Lopez instead of attempting to determine if Plaintiff had served his time stated as follows: "Mr. Robles if you feel that you are not being held legally based on the previous court Rulings and motion of your case I would encourage you to contact your attorney so that everything can be cleared up and explained." A true and accurate copy of this document was attached as "Exhibit 4 " to the First Amended Complaint.

3) April 19, 2016, County Jail Message Request sent by Plaintiff PABLO ROBLES to the Warden (Jail Commander) indicating that he had been held since April 3, 2016 without having been taken before a judge. A true and correct copy of that document is attached hereto as "Exhibit 5" to the First Amended Complaint.

4) April 23, 2016, County Jail Message Request from Plaintiff PABLO ROBLES to Floor Staff regarding whether he had a "Parole Hold" which is within the possession, custody, and control of Defendant County of Sacramento.

5) Documentation concerning the April 26, 2016, incident where I was scheduled for court which was cancelled and is within the possession, custody, and control of

1        the County of Sacramento.

6)      April 26, 2016, Message Request form from Plaintiff Pablo Robles to Records
3        requesting his Central File, a copy of which was attached as "Exhibit 6" to his
4        First Amended Compliant..

7)      April 26, 2016, Message Request form from Plaintiff Pablo Robles to to Floor
6        Staff Requesting to be notified of any holds, pending charges, or next Court date a
7        copy of which is attached as "Exhibit 7" of his First Amended Complaint.

8)      April 28, 2016, Grievance form from Plaintiff PABLO ROBLES regarding False
9        Imprisonment. A true and correct copy of that document is attached as "Exhibit 8"
10       to the First Amended Complaint.

9)      May 2, 2016, Grievance form from Plaintiff PABLO ROBLES regarding
12       Violation of his Human Rights as a Prisoner. A true and correct copy of that
13       document is attached as "Exhibit 9" to the First Amended Complaint.

10)     May 3, 2016, Message Request form from Plaintiff PABLO ROBLES to Floor
16       Staff regarding any holds and his next court date.   The Officer informed me over
16       the intercom in his cell that his next court date would be May 9, 2016. A true and
17       correct copy of those documents are attached hereto as "Exhibit 10" to the First
18       Amended Complaint.

**Special Interrogatory No. 2:**

Please identify all communications YOU have had with  "Deputy Hardy" (Badge No.
21  1434), as identified in paragraph 7 of the Complaint, regarding the allegations in YOUR
22  COMPLAINT.  For each, please identify the date of the communication, whether in person or in
23  writing, and a SUMMARY of the communication.

**Response to Special Interrogatory No. 2:**

I had conversations with Deputy Hardy about not being taken before a judge. I had
26  requested forms from him so I could get before a judge.  On May 2, 2016, I gave him the inmate
27  grievance form.  On May 3, 2016, Hardy verbally told me that my "parole hold was a ?".

//

Pablo Robles v. County of                                                    Plnt. Irrrog. To Def. County
Sacramento                            Page 3

**Special Interrogatory No. 3:**

Please identify all communications YOU have had with "Deputy Daniel (Badge No. 645)", as identified in paragraph 7 of the Complaint regarding the allegations in YOUR COMPLAINT. For each, please identify the date of the communication, whether in person or in writing, and a SUMMARY of the communication.

**Response to Special Interrogatory No. 3:**

On April 14, 2019, I gave him a Grievance Form concerning the failure to provide me with commissary which he read and signed.

On April 29, 2016, I provided my 4/28/16 Sacramento County Sheriff's Department Inmate Grievence/Suggestion Form to Deputy Daniel at approximately 1 a.m. I do not recall any conversation. He took the form and read it. It is my understanding that he was supposed to submitt this up the chain of command.

**Special Interrogatory No. 4:**

Please identify all communications YOU have had with "Deputy PAM (Badge 31) regarding the allegations in YOUR COMPLAINT. For each, please identify the date of the communication, whether in person or in writing, and a SUMMARY of the communication.

**Response to Special Interrogatory No. 4:**

On April 17, 2016, I provided my April 17, 2016, Inmate Grievance to him. I do not recall if I discussed it with him, but he read the form before signing it and returning my portion to me.

**Special Interrogatory No. 5:**

Please identify all communications YOU have had with "Deputy Monahan (Badge No. 452)", as identified in Paragraph 9 of the Complaint regarding the allegations in YOUR COMPLAINT. For each, please identify the date of the communication, whether in person or in writing, and a SUMMARY of the communication.

**Response to Special Interrogatory No. 5:**

On April 23, 2016, I gave Deputy Monahan or Monavan a Sacramwento County Deputy Sheriff's Department Inmate Grievance/Suggestion form concerning me being placed in Ad Seg.

Pablo Robles v. County of
Sacramento                                Page 4                          Plnt. Irrrog. To Def. County

1   At the time I believe, I also sponke with him about the fact that I had been held since April 3,

2   2016 without having seen a judge.

3   **Special Interrogatory No. 6:**

4   Please identify all communications YOU have had with Sgt. Lopez (Badge No. 179), as

5   identified in paragraph 11 of the Complaint regarding the allegations in YOUR COMPLAINT.

6   For each, please identify the date of the communication, whether in person or in writing, and a

7   SUMMARY of the communication.

8   **Response to Special Interrogatory No. 6:**

9   I did not have direct contact with Sgt. M. Lopez, but he was the supervisor who

10   responded to my 4/17/16 grievance who indicated on 4/26/16: "Mr. Robles if you feel that you

11   are not being held legally based on the previous court rulings and motion of your case, I would

12   encourage you to contact your attorney so everything can be cleaned up and explained."

13   **Special Interrogatory No. 7:**

14   Please identify all communications YOU have had with "Deputy Matoon (Badge No.

    1095), as identified in paragraph 12 of the Complaint regarding the allegations in YOUR

16   COMPLAINT. For each, please identify the date of the communication, whether in person or in

17   writing, and a SUMMARY of the communication.

18   **Response to Special Interrogatory No. 7:**

19   On 4/16/19 I informed Deputy Matroon that I had no charges filed against me and that I

20   had not been brought before a judge. I then handed him my 4/19/16 Sacramento County

21   Sheriff's Department County Sheriff Department County Jail Message Request to the Warden

22   indicating I had not been released and was Prop 47. At the same time I provided him with two

23   other requests whicch were inquiring as to why I was in Ad Seg and requesting grievance forms.

24   At some point I was provided grievance froms, but do not recall who provided them.

25   **Special Interrogatory No. 8:**

26   Please identify all communications YOU have had with "Officer S. Roby (Badge Mo.

27   529)" regarding the allegations in YOUR COMPLAINT. For each, please identify the date of

    the communication, whether in person or in writing, and a SUMMARY of the communication.

**Response to Special Interrogatory No. 8:**

I provided a April 11, 2016, Sacramento Counnty Sheriff'as Department County Jail Messagfe Request concerning my failure to receive commissary to Officer Roby. I believe at that time I also discussed the fact that I had not been before a judge. I also ask him who to contact concerning my incarceration. I told him I had no hold and that no charges were filed.

**Special Interrogatory No. 9:**

Please identify all communications YOU have had with any other personYou understood to be employed by the County regarding the allegations in YOUR COMPLAINT. For each, please identify the date of the communication, whether in person or in writing, and a SUMMARY of the communication.

**Response to Special Interrogatory No. 9:**

On April 6, 2016, County Deputy Sheriffs were able to observe or hear a conversation which I interviewed with a Adult Division of Parole Supervisor who was an African-American female with short hair and an athletic build. She notified me that my Parole Hold was retained pending investigation and in the event that parole does not lift the hold I would have to come before a judge within 10 days. Later that day my Parole Officer Garcia notified my family that the parole hold was dropped.

My 4/17/16 Grievance form indicates that it was reviewed by an unkown Lieutenant of the Sacramento County Deputy Sheriff's Office with a badge #26.

On April 26, 2016, I was taken out of my cell to be transported to Court. I notified the Sacramento County Deputy Sheriff transporting me that I had not been before a Judge at all since my arrest April 3, 2016. He told me that I could tell the Judge. The phone rang in the Ad Seg and another Deputy asked if my name was Robles and said that my Court was cancelled and I was taken back to my cell.

Every day after April 10, 2016, I would tell any Deputy Sheriff that would listen that I had not been taken before a Judge, I had no charges filed against me, and that my sentence had been handled by Prop 47. Usually they indicated to me that there was nothing they could do and that I should fill out a grieveance or a message request form.

Pablo Robles v. County of
Sacramento                                     Page 6                            Plnt. Irrrog. To Def. County

**Special Interrogatory No. 10:**

Identify all DOCUMENTS YOU contend relate to any interruption of business as identified in Paragraph 32 of YOUR Rule 26 Disclosure..

**Response to Special Interrogatory No. 10:**

The Documents relating to the interruption of my business as a Tattoo Artist are contained as Exhibits F and G to my Rule 26 Disclosure.

Additionally, I will provide at the deposition in this matter a copy of my 2019 business income. My current net income is $24,619.

**Special Interrogatory No. 11:**

Indentify all DOCUMENTS you contend realate to any injury to reputation in your business as identified in Paragraph 32 of YOUR Rule 26 Initial Disclosures,

**Response to Special Interrogatory No. 11:**

The Documents relating to the injury to my reputation in my business as a Tattoo Artist are contained as Exhibits F and G to my Rule 26 Disclosure.

**Special Interrogatory No. 12:**

Indentify all DOCUMENTS you contend relate to any medical injury relate to the allegations in the Complaint.

**Response to Special Interrogatory No. 12:**

I did not have any physical injury, but suffered from psychological injury. However, I self medicated with alcohol and other substances. I was so depressed and distraught as I was uable to get a job working as a Tattoo Artist and was unable to find any job as reflected in Exhibit G to my Rule 26 Disclosure. I then turned back to a life of crime in order to my son and family. Had I not been arrested and falsely imprisoned after no charges were filed, I would have been able to return to work and not engaged in crime to support my family.

Further documentation of my psychological injury is contained within Exhibit A to my Rule 26 Disclosure concerning the impact on my son and his mother while I was falsely incarcerated and my inability to be at his birth day.

**Special Interrogatory No. 13:**

Pablo Robles v. County of
Sacramento                    Page 7                    Plnt. Irrrog. To Def. County

Indentify all DOCUMENTS you contend relate to any psychological injury relate to the allegations in the Complaint.

**Response to Special Interrogatory No. 13:**

I suffered from psychological injury which included depression. I could not afford to go to any doctor or therapist. However, I self medicated with alcohol and other substances.  I was so depressed and distraught as I was uable to get a job working as a Tattoo Artist and was unable to find any job as reflected in Exhibit G to my Rule 26 Disclosure.  I then turned back to a life of crime in order to my son and family.  Had I not been arrested and falsely imprisoned after no charges were filed, I would have been able to return to work and not engaged in crime to support my family.

Further documentation of my psychological injury is contained within Exhibit A to my Rule 26 Disclosure concerning the impact on my son and his mother while I was falesly incarcerated and my inability to be at his birth day.

**Special Interrogatory No. 14:**

Indentify all DOCUMENTS you contend relate to any psychological injury relate to the allegations in the Complaint.

**Response to Special Interrogatory No. 14:**

In addition to the Documents stated above in paragraphs 10-13 of this response. Documents showing financial problems created by my incarceration which in part where paid for by my family are included in Exhibits B, C, D, and E to my Rule 26 Disclosure.

Dated: October 13, 2019                    Respectfully submitted,

Kevin W. Harris
Attorney for Plaintiffs

**VERIFICATION**

**(PLAINTIFF PABLO ROBLES' RESPONSE TO DEFENDANT COUNTY OF SACRAMENTO'S SPECIAL INTERROGATORIES, SET NO. 1 TO PLAINTIFF)**

I,      **PABLO ROBLES**, say:

I am the Plaintiff in the above entitled matter, the foregoing "**PLAINTIFF PABLO ROBLES' RESPONSE TO DEFENDANT COUNTY OF SACRAMENTO'S SPECIAL INTERROGATORIES, SET NO. 1 TO PLAINTIFF**" is true and correct and of my own knowledge, except as to the matters which are therein stated on my information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury of the laws of the United States of America and the State of California that the foregoing is true and correct.  Executed this 13th  day of October , 2019, at Sacramento, California.

Pablo Robles
Declarant

Pablo Robles v. County of
Sacramento                                    Page 9                              Plnt. Irrrog. To Def. County

# DECLARATION OF SERVICE

I am a resident of the United States and the County of Sacramento. I am over the age of 18 and not a party to the within action. My business address is 1387 Garden Hwy., Suite 200, Sacramento, CA 95833

On October 14, 2019, I served the foregoing Documents(s) described as:

**PLAINTIFF PABLO ROBLES' RESPONSE TO DEFENDANT COUNTY OF SACRAMENTO'S SPECIAL INTERROGATORIES, SET NO. 1 TO PLAINTIFF**

on the interested parties, by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

PORTER SCOTT
A PROFESSIONAL CORPORATION
Carl L. Fessenden
John R. Whitefleet
350 University Ave., Ste. 200
Sacramento, CA 95825

**VIA OVERNIGHT MAIL:** By delivering such documents to an overnight mail service (United States Express Mail) or an authorized courier in an envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

**VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelope(s) would be deposited with the U.S. postal service on October 14, 2019, with postage thereon fully prepaid, at Sacramento, California

X      **VIA PERSONAL DELIVERY:**
I personally delivered such in an envelope as addressed above to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on Octobeer 14, 2019 at Sacramento, California.

Kevin W. Harris
Declarant

# INMATE GRIEVANCE/SUGGESTION

| ME (PRINT LAST, FIRST, MIDDLE) | DATE OF BIRTH | XREF NUMBER | DATE |
|---|---|---|---|
| Robles, Pablo R. | 7-16-87 | 4058134 | 4/18/16 |
| INMATES SIGNATURE | INMATE'S LOCATION | DATE AND TIME OF OCCURRENCE | APR 26 PM 3:54 |
| PRL | 8-W-212 | 4-4-16 | |

**INSTRUCTIONS:** PLEASE PRINT YOUR NAME ON THE FORM AS IT APPEARS ON YOUR WRISTBAND AND INCLUDE YOUR XREF NUMBER. IF MORE THAN ONE PERSON IS SIGNING THE GRIEVANCE/SUGGESTION, PLEASE PLACE FULL NAMES AND XREF NUMBERS AT THE END OF THE FORM. USE A SECOND FORM IF MORE SPACE IS NEEDED.

**GRIEVANCE/SUGGESTION** On 4-9-16 I was booked on (2) misdimenior DUI count which upon going to court on Tues April 16th 2016, was informed "No charges filed". My issue now occur as it stant I have been ad-booked on a case from July 7th 2008 for which I already took my deal and served for my time. Furthermore your record should conqure with this fact as I came VIA Prison (CSP-Solano) on July 3rd 2011 and resided in this county on the 8th floor 2er per ad/15. I took my deal & did my time then was sent back to CSP-Solano July 2016. Moreover I filed a 1381 in 2015 prior to my release from prison (CSP-Solano) hence this charge is false hal-I would like it to be corrected and reflect such correction on my status as well lift my hold and allow me a new court date to other deal with this matter if need be while on the street. Moreover I filed an eppeal to this county for this case per prop #47 & was granted back in Jan 2015

Exhibit No. 4
Date: 10-14-19
Witness: ROBLES
Melissa Hill, CSR 9613

| RECEIVING OFFICER (PRINT) | BADGE NO. | SIGNATURE | DATE/TIME |
|---|---|---|---|
| PAHR | 51 | | 04/17/16 2304 |

**RECEIVING OFFICERS/SUPERVISOR'S COMMENTS** Mr ROBLES If you FEEL THAT YOU ARE NOT BEING HELD LEGALLY BASED ON THE PREVIOUS COURT RULINGS AND MOTIONS OF YOUR CASE I WOULD ENCOURAGE YOU TO CONTACT YOUR ATTORNEY SO THAT EVERYTHING CAN BE CLEARED UP AND EXPLAINED

| SUPERVISOR'S NAME (PRINT) | BADGE NO. | SIGNATURE | DATE/TIME |
|---|---|---|---|
| Lopez #179 | | Sgt Lopez #179 | 4/26/16 1530 |

100-012 (7421-084 Rev 1/90 PT)

DISTRIBUTION
WHITE – DIVISION COMMANDER
YELLOW – INMATE FILE
PINK – INMATE

NOTED : LT. #26

PAGE _____ OF _____



## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SACRAMENTO

**REQUEST FOR CALENDARING CHANGE**

| TO CALENDAR CLERK DEPT. | DEFENDANT NAME (LAST, FIRST, MI) ROBLES, PABLO, R X-REF: 4053131 | | TODAY'S DATE 5/3/2016 | CASE NUMBER 08F05507 |
|---|---|---|---|---|
| DATE OF NEXT COURT APPEARANCE OR FTA | TIME | DEPT | PROCEEDINGS MOTION TO MODIFY | CUSTODY ☒YES ☐NO |
| NAME OF PERSON REQUESTING CHANGE Cristina Andrade | | TELEPHONE NUMBER (916) 500 4454 | NAME OF OPPOSING COUNSEL DA | ☐ NOTIFIED ☒WILL BE NOTIFIED |
| NEW CALENDAR DATE REQUESTED 5/9/2016 | | DEPARTMENT 8 | TIME 8:30 | |

COURT INTERPRETER NEEDED
LANGUAGE:

REASON: DEFENDANT WAS SENTENCED TO 8 MONTHS IN COUNTY JAIL ON HS 11377(A). HIS CONVICTION WAS REDUCED ON 12/30/2014 TO A MISD. PURSUANT TO PROP. 47. HE IS CURRENTLY SERVING HIS SENTENCE IN SAC COUNTY JAIL. WE REQUEST TO MODIFY SENTENCE SO HE CAN SERVE THE REMAINDER OF HIS TIME ON AN ALTERNATIVE SENTENCE PROGRAM. HE IS CURRENTLY EMPLOYED AND IS AT RISK OF LOSING HIS JOB.

| FOR COURT USE ONLY | | |
|---|---|---|
| CALENDER CHANGE COMPLETED BY (Signature of Courtroom Clerk / Deputy Clerk): | DATE: 5/3/16 | |
| SIGNATURE OF JUDGE APPROVING REQUEST: | DATE: | |

White – COURT FILE   GREEN – CALENDAR UNIT/BW RECALL   YELLOW – REQUESTOR   PINK – CLERK'S SUSPENSE
CR/I – 224  (Rev. 04.08.11)



Exhibit No. 5
Date: 10.14.19
Witness: ROBLES
Melissa Hill, CSR 9613

COUNTY 000024

1   **KEVIN W. HARRIS, S.B.#133084**
    **Attorney at Law**
2   **kevinwayneharris@yahoo.com**
    **1387 Garden Hwy., Ste. 200**
3   **Sacramento, CA 95833**
    **Telephone: (916) 271-0688**
4   **Facsimile: (855) 800-4454**

5   **Attorney for Plaintiff**

6

7

8           **BEFORE THE UNITED STATES DISTRICT COURT**

9     **IN AND FOR THE EASTERN DISTRICT OF THE STATE OF CALIFORNIA**

10

| | |
|---|---|
| 11   **Pablo Robles;** | **Case No.:  2:17-cv-01580-JAM-GGH** |
| 12          **Plaintiff,** | **PLAINTIFF PABLO ROBLES'** |
| 13       vs. | **RESPONSE TO DEFENDANT COUNTY OF SACRAMENTO'S** |
| 14   **County of Sacramento; Sheriff Scott** | **REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO.1 TO** |

11   **Pablo Robles;**

         **Case No.:  2:17-cv-01580-JAM-GGH**

12          **Plaintiff,**

13       vs.

         **PLAINTIFF PABLO ROBLES' RESPONSE TO DEFENDANT COUNTY OF SACRAMENTO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO.1 TO PLAINTIFF**

14   **County of Sacramento; Sheriff Scott Jones, in his official capacity, Deputy**
    **Hardy (Badge No. 1434) , Deputy Daniel**
15   **(Badge No. 645), Deputy Movahan (Badge**
    **No. 452),  Deputy PAM (Badge No. 31),**
16   **Sgt. M. Lopez (Badge No. 179), Deputy**
    **Matoon (Badge No. 1095), Officer S. Roby**
17   **(Badge No. 529), and Does 1-40, inclusive.**

18         **Defendants.**

19

20

21   **PROPOUNDING PARTY:  DEFENDANT COUNTY OF SACRAMENTO**

22   **RESPONDING PARTY:    PLAINTIFF PABLO ROBLES**

23   **SET NO.:**             **1**

24

25       COMES NOW Plaintiff PABLO ROBLES pursuant to the provisions of Federal Rule of

26   Civil Procedure, Rule 34, and responds to  DEFENDANT COUNTY OF SACRAMENTO's

27   Request for Production of Documents as follows:

28   //



Exhibit No. 6
Date: 10 . 14 , 19
Witness: ROBLES
Melissa Hill, CSR 9613

**Request for Production of Documents No. 1:**

Produce any WRITINGS and/or DOCUMENTS identified in YOUR Rule 26, Initial Disclosures.

**Response to Request for Production of Documents No. 1:**

Any and all documents identified in my Rule 26 Disclosure in my possession custody or control were either attached to the Rule 26 Disclosure and/or the First Amended Complaint. Those documents not within my possession custody or control are within the possession of the County of Sacramento and/or other identified sources in the Rule 26 Disclosures.

**Request for Production of Documents No. 2:**

Produce any WRITINGS and/or DOCUMENTS referenced in YOUR Rule 26, Initial Disclosures.

**Response to Request for Production of Documents No. 2:**

Any and all documents referenced in my Rule 26 Disclosure in my possession custody or control were either attached to the Rule 26 Disclosure and/or the First Amended Complaint. Those documents not within my possession custody or control are within the possession of the County of Sacramento and/or other identified sources in the Rule 26 Disclosures.

**Request for Production of Documents No. 3:**

Produce any WRITINGS and/or DOCUMENTS relied upon in YOUR Rule 26, Initial Disclosures.

**Response to Request for Production of Documents No. 3:**

Any and all documents relied upon in my Rule 26 Disclosure in my possession custody or control were either attached to the Rule 26 Disclosure and/or the First Amended Complaint. Those documents not within my possession custody or control are within the possession of the County of Sacramento and/or other identified sources in the Rule 26 Disclosures.

**Request for Production of Documents No. 4:**

Produce any and all WRITINGS OR DOCUMENTS memorializing any interview with a parole officer regarding the allegations in the COMPLAINT.

**Response to Request for Production of Documents No. 4:**

I do not have any writings in my possession concerning the interview with the Parole Office in the Sacramento County Jail. I had documentation in my cell in the General Population, but when I was moved to Ad Seg the document was left in my cell. I requested that the officer transporting me to retrieve the document. But he refused to do so. Any such documentation should be in the custody and control of the Adult Division of Supervision and Parole and/or the County of Sacramento.

**Request for Production of Documents No. 5:**

Produce any and all WRITINGS OR DOCUMENTS that supports your contention you were "unable to return to the tattoo business."

**Response to Request for Production of Documents No. 5:**

Those documents were produced in my Rule 26 Disclosure as Exhibits F and G.

**Request for Production of Documents No. 6:**

Produce any and all WRITINGS OR DOCUMENTS that reflects any income from 2010 to the presents.

**Response to Request for Production of Documents No. 6:**

In my Rule 26 Disclosure I produced documents in response to this request in Exhibit F. I will produce further documents at my deposition.

**Request for Production of Documents No. 7:**

Produce any and all WRITINGS OR DOCUMENTS that supports your claim for damages, not otherwise produced herein.

**Response to Request for Production of Documents No. 7:**

In my Rule 26 Disclosure I produced documents in response to this request. I will produce further documents at my deposition.

**Request for Production of Documents No. 8:**

Produce any and all WRITINGS OR DOCUMENTS that supports YOUR allegations in YOUR COMPLAINT, not otherwise produced herein.

**Response to Request for Production of Documents No. 8:**

In my Rule 26 Disclosure I produced documents in response to this request.  I will produce further documents at my deposition.  Documents provided in response to my Request for Production of Doucments by the County of Sacramento also are responsive to this request.

Dated: October 13, 2019                    Respectfully submitted,

Kevin W. Harris
Attorney for Plaintiffs

**VERIFICATION**

**(PLAINTIFF PABLO ROBLES' RESPONSE TO DEFENDANT COUNTY OF SACRAMENTO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO.1 TO PLAINTIFF)**

I,      **PABLO ROBLES,** say:

I am the Plaintiff in the above entitled matter, the foregoing "PLAINTIFF PABLO ROBLES' RESPONSE TO DEFENDANT COUNTY OF SACRAMENTO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO.1 TO PLAINTIFF" is true and correct and of my own knowledge, except as to the matters which are therein stated on my information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury of the laws of the United States of America and the State of California that the foregoing is true and correct.  Executed this 13th  day of October , 2019, at Sacramento, California.

<br>

Pablo Robles
Declarant

## DECLARATION OF SERVICE

I am a resident of the United States and the County of Sacramento.  I am over the age of 18 not a party to the within action. My business address is 1387 Garden Hwy., Suite 200, Sacramento, CA 95833

On October 14, 2019,  I served the foregoing Documents(s) described as:

**PLAINTIFF PABLO ROBLES' RESPONSE TO DEFENDANT COUNTY OF SACRAMENTO'S REQUEST FOR  PRODUCTION OF DOCUMENTS, SET NO.1 TO PLAINTIFF**

on the interested parties, by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

PORTER SCOTT
A PROFESSIONAL CORPORATION
Carl L. Fessenden
John R. Whitefleet
350 University Ave., Ste. 200
Sacramento, CA 95825

**VIA OVERNIGHT MAIL:**  By delivering such documents to an overnight mail service (United States Express Mail) or an authorized courier in an envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

**VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such envelope(s) would be deposited with the U.S. postal service on October 14, 2019, with postage thereon fully prepaid, at Sacramento, California

X    **VIA PERSONAL DELIVERY:**
I personally delivered such in an envelope as addressed above to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 14, 2019 at Sacramento, California.

Kevin W. Harris
Declarant

Pablo Robles v. County of Sacramento
Case No. 2:17-CV-01580-JAM-GGH

Plaintiff RPD to Def. County
September 1, 2017

Notify the En    imental Management Department of any change of
ownership, type of business activity, business name, or billing address
by calling 916-875-84-40. Failure to notify Environmental Management
may result in late penalties, Permit denial or revocation, and business
closure. PERMITS TO OPERATE AND ANNUAL FEE PAYMENTS ARE
NOT TRANSFERABLE. Permits become void on change of ownership.
New owners must apply and pay for a new Permit(s) prior to beginning
operation.

PABLO RENALDO ROBLES
6840 NARROWGAUGE WAY
SACRAMENTO CA 95823

**YOUR PERMIT MUST BE
RETAINED ON THE PREMISES**

DETACH FORM HERE



## COUNTY OF SACRAMENTO
## ENVIRONMENTAL MANAGEMENT DEPARTMENT
## 10590 ARMSTRONG AVENUE
## MATHER CA  95655
## (916) 875-8440

PRACTITIONER

**PABLO RENALDO ROBLES
5650 FRANKLIN BLVD
SACRAMENTO, CA  95824**

Facility ID:  FA0050687
Account ID:  AR0075783
Issued:  5/13/2016

**PERMITTED OPERATION(S):**

PR0112188 4572 BODY ART PRACTITIONER REGISTRATION
VALID FROM FEBRUARY 16, 2016 TO MARCH 16, 2017

Permits to operate and Annual Fee Payments are NOT TRANSFERABLE. Those referenced above are valid ONLY for this owner PABLO RENALDO ROBLES. Permits
become VOID on change of ownership. New owners must apply and pay for a new Permit(s) PRIOR to beginning operation or penalties will be assessed.

### THIS FORM MUST BE DISPLAYED CONSPICUOUSLY ON THE PREMISES

Exhibit No. 7
Date: 10.14.19
Witness: Robles
Melissa Hill, CSR 9613

BALLERZ INK TATTOO PIERCING        7350 Elder Creek Road
Erica Trevino        (916) 544-2630

| Date | Type | | Payee | Amount | Category | Type2 | Y/N | |
|---|---|---|---|---|---|---|---|---|
| 3/6/2019 | Cash | Cash | Ballerz Ink | 381.5 | Business | Income | Y | |
| 3/3/2019 | Cash | Cash | Ballerz Ink | 287 | Business | Income | Y | |
| 3/2/2019 | Cash | Cash | Ballerz Ink | 210 | Business | Income | Y | |
| 3/1/2019 | Cash | Cash | Ballerz Ink | 163 | Business | Income | Y | |
| 2/28/2019 | Cash | Cash | Ballerz | 152 | Business | Income | Y | |
| 2/25/2019 | Cash | Cash | Ballerz | 90 | Business | Income | Y | |
| 2/24/2019 | Cash | Cash | Ballerz | 330 | Business | Income | Y | |
| 2/22/2019 | Cash | Cash | Ballerz | 75 | Business | Income | Y | |
| 2/21/2019 | Cash | Cash | Ballerz | 217 | Business | Income | Y | |
| 2/18/2019 | Cash | Cash | Ballerz | 137 | Business | Income | Y | |
| 2/17/2019 | Cash | Cash | Ballerz | 197 | Business | Income | Y | |
| 2/16/2019 | Cash | Cash | Ballerz | 356 | Business | Income | Y | |
| 2/15/2019 | Cash | Cash | Ballerz | 125 | Business | Income | Y | |
| 2/14/2019 | Cash | Cash | Ballerz | 180 | Business | Income | Y | |
| 2/11/2019 | Cash | Cash | Ballerz ink | 80 | Business | Income | Y | |
| 2/10/2019 | Cash | Cash | Ballers ink | 262 | Business | Income | Y | |
| 2/9/2019 | Cash | Cash | Ballerz ink | 185 | Business | Income | Y | |
| 2/9/2019 | Cash | Cash | Ballerz ink | 69 | Business | Income | N | |
| 2/7/2019 | Cash | Cash | Ballerz ink | 202 | Business | Income | Y | |
| 2/4/2019 | Cash | Cash | Ballerz ink | 189 | Business | Income | Y | |
| 2/3/2019 | Cash | Cash | Ballerz ink | 250 | Business | Income | Y | |
| 2/2/2019 | Cash | Cash | Ballerz ink | 172.5 | Business | Income | Y | |
| 2/1/2019 | Cash | Cash | Ballerz Ink | 20 | Business | Income | Y | |
| 1/28/2019 | Cash | Cash | Ballerz ink | 97.5 | Business | Income | Y | |
| 1/26/2019 | Cash | Cash | Ballerz ink | 80 | Business | Income | Y | |
| 1/24/2019 | Cash | Cash | Ballerz ink | 40 | Business | Income | Y | |
| 1/22/2019 | Cash | Cash | Ballerz ink | 70 | Business | Income | Y | |
| 1/21/2019 | Cash | Cash | Ballerz ink | 80 | Business | Income | Y | |
| 1/20/2019 | Cash | Cash | Ballerz ink | 280 | Business | Income | Y | |
| 1/19/2019 | Cash | Cash | Ballerz ink | 90 | Business | Income | Y | |
| 1/18/2019 | Cash | Cash | Ballerz ink | 186 | Business | Income | Y | |
| 1/17/2019 | Cash | Cash | Ballerz ink | 134 | Business | Income | Y | |
| 1/15/2019 | Cash | Cash | Ballerz Ink | 80 | Business | Income | Y | |
| 1/13/2019 | Cash | Cash | Ballerz ink | 95 | Business | Income | Y | |
| 1/12/2019 | Cash | Cash | Ballerz ink | 334 | Business | Income | Y | |
| 1/11/2019 | Cash | Cash | Ballerz ink | 125 | Business | Income | N | |
| 1/7/2019 | Chase Banl | TOTAL CHE | Venmo Robl | 24.75 | Business | Income | N | NY 438726 01/05 |
| 1/6/2019 | Cash | Cash | Ballerz Ink | 260 | Business | Income | Y | |
| 1/4/2019 | Cash | Cash | Ballerz Ink | 130 | Business | Income | Y | |
| 1/3/2019 | Cash | Cash | Ballerz Ink | 46 | Business | Income | Y | |
| 1/1/2019 | Cash | Cash | Ballerz ink | 40 | Business | Income | Y | |



Exhibit No. 8
Date: 10.14.19
Witness: Robles
Melissa Hill, CSR 9613

BALLERZ INK TATTOO PIERCING       7350 Elder Creek Road
Erica Trevino       (916) 544-2630

| Date | | | Description | Amount | Category | Type | Y/N | | |
|---|---|---|---|---|---|---|---|---|---|
| 5/17/2019 | Cash | Cash | Ballerz | 195 | Business | Income | Y | | |
| 5/16/2019 | Cash | Cash | Ballerz | 152 | Business | Income | Y | | |
| 5/13/2019 | Cash | Cash | Ballerz | 175 | Business | Income | Y | | |
| 5/12/2019 | Cash | Cash | Ballerz | 300 | Business | Income | Y | | |
| 5/11/2019 | Cash | Cash | Ballerz | 337.5 | Business | Income | Y | | |
| 5/10/2019 | Cash | Cash | Ballerz | 90 | Business | Income | Y | | |
| 5/9/2019 | Cash | Cash | Ballerz | 212.5 | Business | Income | Y | | |
| 5/6/2019 | Cash | Cash | Ballers | 245 | Business | Income | Y | | |
| 5/5/2019 | Cash | Cash | Ballerz | 230 | Business | Income | Y | | |
| 5/3/2019 | Cash | Cash | Ballerz | 120 | Business | Income | Y | | |
| 5/2/2019 | Cash | Cash | Ballerz | 134 | Business | Income | Y | | |
| 5/2/2019 | Cash | Cash | Ballerz | 202 | Business | Income | Y | | |
| 5/1/2019 | Cash | Cash | Ballerz | 185 | Business | Income | Y | | |
| 4/29/2019 | Cash | Cash | Ballerz | 190 | Business | Income | Y | | |
| 4/28/2019 | Cash | Cash | Ballerz | 212 | Business | Income | Y | | |
| 4/26/2019 | Cash | Cash | Ballerz | 67.5 | Business | Income | Y | | |
| 4/25/2019 | Cash | Cash | Ballerz | 186 | Business | Income | N | | |
| 4/22/2019 | Cash | Cash | Ballerz | 180 | Business | Income | Y | | |
| 4/18/2019 | Cash | Cash | Ballerz | 112.5 | Business | Income | Y | | |
| 4/15/2019 | Chase Banl | TOTAL CHE | SQC*Pablo F | 275.31 | Business | Income | N | 244061 | 04/15 |
| 4/15/2019 | Chase Banl | TOTAL CHE | SQC*Pablo F | 346.72 | Business | Income | N | 213037 | 04/14 |
| 4/15/2019 | Cash | Cash | Ballerz | 150 | Business | Income | Y | | |
| 4/11/2019 | Cash | Cash | Ballerz | 122 | Business | Income | N | | |
| 4/9/2019 | Cash | Cash | Ballerz | 75 | Business | Income | Y | | |
| 4/8/2019 | Cash | Cash | Ballerz | 155 | Business | Income | Y | | |
| 4/7/2019 | Cash | Cash . | Ballerz | 245 | Business | Income | Y | | |
| 4/6/2019 | Cash | Cash | Ballerz ink | 122.5 | Business | Income | Y | | |
| 4/5/2019 | Cash | Cash | Ballerz ink | 280 | Business | Income | Y | | |
| 4/4/2019 | Cash | Cash | Ballerz ink | 180 | Business | Income | Y | | |
| 4/1/2019 | Cash | Cash | Ballerz ink | 262 | Business | Income | Y | | |
| 3/31/2019 | Cash | Cash | Ballerz Ink | 150 | Business | Income | Y | | |
| 3/30/2019 | Cash | Cash | Ballerz ink | 140 | Business | Income | N | | |
| 3/29/2019 | Cash | Cash | Ballerz ink | 175 | Business | Income | N | | |
| 3/26/2019 | Chase Banl | TOTAL CHE | SQC*Pablo F | 49.25 | Business | Income | N | 185533 | 03/26 |
| 3/25/2019 | Chase Banl | TOTAL CHE | SQC*Pablo F | 142.82 | Business | Income | N | 322662 | 03/25 |
| 3/25/2019 | Chase Banl | TOTAL CHE | SQC*Pablo F | 167.45 | Business | Income | N | 239539 | 03/23 |
| 3/23/2019 | Cash | Cash | Ballerz ink | 302 | Business | Income | Y | | |
| 3/22/2019 | Cash | Cash | Ballerz ink | 170 | Business | Income | Y | | |
| 3/21/2019 | Cash | Cash | Boss | 97.5 | Business | Income | Y | | |
| 3/20/2019 | Chase Banl | TOTAL CHE | SQC*Pablo F | 376.27 | Business | Income | N | 176738 | 03/20 |
| 3/18/2019 | Cash | Cash | Ballerz ink | 230 | Business | Income | Y | | |
| 3/16/2019 | Cash | Cash | Ballerz ink | 227 | Business | Income | Y | | |
| 3/15/2019 | Cash | Cash | Ballerz ink | 55 | Business | Income | Y | | |
| 3/14/2019 | Cash | Cash | Ballerz Ink | 219 | Business | Income | Y | | |
| 3/10/2019 | Cash | Cash | Ballerz ink | 170 | Business | Income | Y | | |
| 3/9/2019 | Cash | Cash | Ballerz Ink | 195 | Business | Income | Y | | |
| 3/7/2019 | Cash | Cash | Ballerz Ink | 204.5 | Business | Income | Y | | |

BALLERZ INK TATTOO PIERCING          7350 Elder Creek Road

Erica Trevino

(916) 544-2630

| Date | Bank | Account | Description | Amount | Type | Category | Receipt | Notes |
|---|---|---|---|---|---|---|---|---|
| 8/1/2019 | Cash | Cash | Ballerz Ink | 177.5 | Business | Income | Y | |
| 7/29/2019 | Cash | Cash | Ballerz ink | 175 | Business | Income | Y | |
| 7/28/2019 | Cash | Cash | Ballerz Ink | 225 | Business | Income | Y | |
| 7/27/2019 | Cash | Cash | Ballerz | 125 | Business | Income | Y | |
| 7/26/2019 | Cash | Cash | Ballerz Ink | 186 | Business | Income | Y | |
| 7/25/2019 | Cash | Cash | Ballerz ink | 98 | Business | Income | Y | |
| 7/22/2019 | Cash | Cash | Ballerz Ink | 180 | Business | Income | Y | |
| 7/21/2019 | Cash | Cash | Ballerz ink | 257 | Business | Income | Y | |
| 7/20/2019 | Cash | Cash | Ballerz ink | 223 | Business | Income | Y | |
| 7/19/2019 | Cash | Cash | Ballerz ink | 67 | Business | Income | Y | |
| 7/18/2019 | Cash | Cash | Ballerz ink | 256 | Business | Income | Y | |
| 7/15/2019 | Cash | Cash | Ballerz | 220 | Business | Income | Y | |
| 7/14/2019 | Cash | Cash | Ballerz ink | 240 | Business | Income | Y | |
| 7/13/2019 | Cash | Cash | Ballerz ink | 270 | Business | Income | Y | |
| 7/12/2019 | Cash | Cash | Ballerz ink | 270 | Business | Income | Y | |
| 7/11/2019 | Cash | Cash | Ballerz ink | 64 | Business | Income | Y | |
| 7/7/2019 | Cash | Cash | Ballerz ink | 146 | Business | Income | Y | |
| 7/6/2019 | Cash | Cash | Ballerz ink | 197 | Business | Income | Y | |
| 7/5/2019 | Cash | Cash | Ballers ink | 145 | Business | Income | Y | |
| 7/1/2019 | Cash | Cash | Ballerz ink | 240 | Business | Income | Y | |
| 6/30/2019 | Cash | Cash | Ballerz ink | 340 | Business | Income | Y | |
| 6/29/2019 | Cash | Cash | Ballerz ink | 110 | Business | Income | Y | |
| 6/28/2019 | Cash | Cash | Ballerz ink | 366.5 | Business | Income | Y | |
| 6/27/2019 | Cash | Cash | Ballerz ink | 75 | Business | Income | Y | |
| 6/24/2019 | Cash | Cash | Ballerz ink | 125 | Business | Income | Y | |
| 6/21/2019 | Cash | Cash | Ballerz Ink | 53 | Business | Income | Y | |
| 6/20/2019 | Cash | Cash | Ballerz Ink | 336 | Business | Income | Y | |
| 6/17/2019 | Cash | Cash | Ballerz Ink | 71 | Business | Income | Y | |
| 6/15/2019 | Cash | Cash | Ballerz | 101 | Business | Income | Y | |
| 6/13/2019 | Cash | Cash | Ballerz | 130 | Business | Income | Y | |
| 6/11/2019 | Cash | Cash | Ballerz | 222 | Business | Income | N | |
| 6/10/2019 | Cash | Cash | Ballerz | 70 | Business | Income | Y | |
| 6/9/2019 | Cash | Cash | Ballerz | 167 | Business | Income | Y | |
| 6/8/2019 | Cash | Cash | Ballerz | 130 | Business | Income | Y | |
| 6/7/2019 | Cash | Cash | Ballerz | 35 | Business | Income | N | |
| 6/6/2019 | Cash | Cash | Ballers | 90 | Business | Income | Y | |
| 6/2/2019 | Cash | Cash | Ballerz | 102 | Business | Income | Y | |
| 6/1/2019 | Cash | Cash | Ballerz | 173 | Business | Income | Y | |
| 5/31/2019 | Cash | Cash | Ballerz | 114 | Business | Income | Y | |
| 5/31/2019 | Cash | Cash | Ballerz | 90 | Business | Income | Y | |
| 5/27/2019 | Cash | Cash | Ballerz | 175 | Business | Income | Y | |
| 5/26/2019 | Cash | Cash | Ballerz | 129 | Business | Income | Y | |
| 5/25/2019 | Cash | Cash | Ballerz | 130 | Business | Income | Y | |
| 5/20/2019 | Cash | Cash | Ballerz | 168.5 | Business | Income | Y | |
| 5/19/2019 | Cash | Cash | Ballerz | 170 | Business | Income | Y | |
| 5/18/2019 | Cash | Cash | Ballerz | 138 | Business | Income | Y | |

4/19/16

## SACRAMENTO COUNTY SHERIFF'S DEPARTMENT

### COUNTY JAIL
### MESSAGE REQUEST

TO: 2th WARDEN

| U.S. MARSHAL ☐ | SOCIAL WORKER ☐ | TCE ☐ | FEDERAL PUBLIC DEFENDER ☐ | JAIL ADMIN RECORDS ☒ | PUBLIC DEFENDER ☐ | COMPLAINT ☐ | PROBATION ☐ | RCCC ☐ |

RECEIVED BY OFFICER

DATE 4/19/16

DATE 4/19/16   TIME:

MESSAGE: MAT PROW 1095

I ARRIVED TO YOUR FACILITY APRIL 3rd 2016. I HAVE YET TO SEE A
NURSE OR 7/2008 IN WHICH I HAVE ALREADY HAD FOR 2 CCC
FROM JULY OF 2008 IN WHICH I HAVE BEEN ALREADY SCHEDULED TO 9 TIME SERVED

NO PRISON I AM FROM 47 Y I HAVE 7YK 12018 PROVING MY PRETTIAL DUE TO FAIR

FROM NAME: Ralph Robles

REPLY

X-REF NO: 4145-7171   LOCATION: 508  2628

WRITE COPY FOR REPLY   —   YELLOW COPY TO RECORDS

Exhibit No. 9
Date: 10·14·19
Witness: Robles
Melissa Hill, CSR 9613

## SACRAMENTO COUNTY SHERIFF'S DEPARTMENT
### INMATE MESSAGE / REQUEST

**TO:**
- [ ] U.S. MARSHAL
- [ ] RECEIVING OFFICER
- [ ] SOCIAL WORKER
- [ ] ICE
- [ ] FEDERAL / PUBLIC DEFENDER
- [X] JAIL ADMIN / RECORDS
- [ ] PUBLIC DEFENDER
- [ ] CHAPLAIN
- [ ] PROBATION
- [ ] RCCC

RECORDS

3/4/16

**DATE:** 4.26.16

**SUBJECT:** Under the Privacy Act I am requesting to view my central file and/v all records on file with my "name"

thank you for your time concerning this matter.

**FROM (NAME):** Pablo Robles

**X-REF NO.:** 4057311

**LOCATION:** 8a1-21200

**REPLY:** We do not have access to this information. Speak w/ your attorney.

MJ1423, FORM 022
Rev.01/12

WHITE COPY FOR REPLY • YELLOW COPY TO RECORDS • PINK COPY KEPT BY INMATE

4/26/16

Exhibit No. 10
Date: 10-14-19
Witness: ROBLES
Melissa Hill, CSR 9613