1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   PABLO ROBLES,                    No.  2:17-cv-01580-JAM-AC

12              Plaintiff,            **ORDER DENYING DEFENDANT'S**
                                      **REQUEST FOR RECONSIDERATION**
13        v.

14   COUNTY OF SACRAMENTO; SHERIFF
     SCOTT JONES, in his official
15   capacity, DEPUTY HARDY (Badge
     No. 1434), DEPUTY DANIEL
16   (Badge No. 645), DEPUTY
     MOVAHAN (Badge No. 452),
17   DEPUTY PAM (Badge No. 31),
     SGT. M. LOPEZ (Badge No.
18   179), DEPUTY MATOON (Badge
     No. 1095), OFFICER S. ROBY
19   (Badge No. 529), and Does 1-
     40, inclusive ,
20
                Defendants.
21

22        Pablo Robles ("Plaintiff") filed a complaint against the

23   County of Sacramento ("the County" or "Defendant"), alleging

24   Defendant unlawfully imprisoned him without charges after a DUI

25   arrest on April 3, 2016.  First Am. Compl. ("FAC"), ECF No. 18.

26   Defendant thereafter filed a motion for summary judgment.  Mot.

27   for Summ. J., ECF No. 32.  Plaintiff opposed the motion.  ECF No.

28   36.  The Court held oral argument on Defendant's motion on

                                    1

1   February 11, 2020.  The Court ruled from the bench and denied

2   Defendant's motion.  ECF No. 44; see also Transcript of Hearing

3   ("Transcript"), ECF No. 49.

4        Defendant now moves the Court to reconsider its ruling

5   denying summary judgment.  Mot., ECF No. 56.  Plaintiff opposes

6   this motion.  Opp'n., ECF No. 57.  For the reasons set forth

7   below, the Court DENIES Defendant's motion for reconsideration.[1]

8

9                          I.   OPINION

10       A.   Legal Standard

11       A district court will not grant a motion for

12  reconsideration unless (1) it is presented with newly discovered

13  evidence; (2) the Court committed clear error; or (3) there was

14  an intervening change in the controlling law.  School Dist. No.

15  1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Clear

16  error exists "when the reviewing court is left with the definite

17  and firm conviction that a mistake has been made."  In re

18  Adamson Apparel Inc., 785 F.3d 1285, 1290 (9th Cir. 2015)

19  (internal citations omitted).  Moreover, Local Rule 230(j)

20  requires a party filing a motion for reconsideration to show

21  "new or different facts or circumstances [] claimed to exist

22  which did not exist or were not shown upon prior motion, or what

23  other grounds exist for the motion."  E.D. Cal. Local Rule

24  230(j).

25  ///

26

27  _____

    [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for May 5, 2020.

                               2

1          B.    Judicial Notice

2          Plaintiff asks the Court to take judicial notice of: (1) a

3     news article alleging Defendant held another "DUI suspect for 27

4     days without charges" and (2) a copy of the complaint that

5     person filed against Defendant.  Req. for Judicial Notice, ECF

6     No. 58.

7          A district court may take judicial notice of a fact that is

8     "not subject to reasonable dispute because it can be accurately

9     and readily determined from sources whose accuracy cannot

10    reasonably be questioned."  Fed. R. Evid. 201(b)(2).  It is

11    well-established that "a court may take judicial notice of

12    matters of public record."  Lee v. City of Los Angeles, 250 F.3d

13    668, 688-89 (9th Cir. 2001).  Both the article and the complaint

14    are matters of public record—the Court can therefore take

15    judicial notice of these documents.

16         However, as Defendant points out, a Court cannot take

17    judicial notice of the truth asserted in those documents.

18    Reply, ECF No. 60, at 2 (citing Von Saher v. Norton Simon Museum

19    of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010)).  Thus,

20    the Court will only take judicial notice of the existence of

21    these documents, but not of the truth of any facts or

22    allegations asserted in them.

23         C.    Analysis

24         Defendant argues the Court committed clear error: (1) by

25    finding a triable issue of fact despite holding "this case does

26    not flow from any policy of inaction based on Proposition 47,"

27    and (2) by "supplanting its own interpretation" of the

28    Sacramento County Superior Court order at issue.  Mot. at 4-5.

1   Defendant does not identify any new legal or factual issues that

2   were not raised in the earlier briefings.  Instead, Defendant

3   simply contends the Court got it wrong.

4         But Defendant fails to prove the Court committed clear

5   error when denying Defendant's motion for summary judgment.

6   First, for the same reasons articulated at the hearing, the

7   Court finds there is a triable issue of fact as to the Monell

8   claim despite this case not flowing from any policy or inaction

9   based on Proposition 47.  See Transcript at 17.  Here, there is

10  a dispute of material fact as to whether the Defendant's

11  practice of relying on JIMS was unreasonable, "and that's why

12  summary judgment cannot be granted."  Transcript at 18:16-20.

13  It is up to a jury to decide whether Defendant's use of the

14  system was reasonable.  Id.; see also Greene v. Allstate Ins.

15  Co., 242 F.3d 381, *1 (9th Cir. 2000)(noting "questions of

16  reasonableness are usually questions of fact for the jury.").

17        Second, the Court did not "supplant its own interpretation"

18  of the Sacramento County Superior Court Order.  If Defendant had

19  carefully read the transcript at the page it cited in support of

20  this contention, it would find that the Court prefaced that

21  statement with the following: "[t]he Plaintiff argues that

22  because the order said . . . ."  Transcript at 20:15-17.

23  Accordingly, the Court attributed such interpretation to the

24  facts produced by Plaintiff.  The Court did not concoct this

25  interpretation on its own as Defendant erroneously suggests.

26  For this reason alone, Defendant's second argument fails.

27        Defendant has failed to prove the Court committed clear

28  error when it denied Defendant's motion for summary judgment.

                                  4

As it also did not contend any newly discovered evidence or an intervening change in controlling law warranted reconsideration, this motion is DENIED.

## II.   ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion for Reconsideration.

IT IS SO ORDERED.

Dated: May 18, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE