UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO ROBLES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | Case No. 2:17-CV-01580 JAM-AC<br><br>**PRETRIAL CONFERENCE ORDER** |

　　Pursuant to court order, a Pretrial Conference was held via video on January 21, 2022 before Judge John Mendez.  Kevin W. Harris appeared as counsel for plaintiff; Carl L. Fessenden and John R. Whitefleet appeared as counsel for defendant City of Sacramento.  After hearing, the Court makes the following findings and orders:

## I. JURISDICTION/VENUE

　　Jurisdiction is predicated upon 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983, and has previously been found to be proper by order of this court, as has venue.  Those orders are confirmed.

## II. JURY/NON-JURY

　　Both parties have demanded a jury trial.

### III. STATEMENT TO BE READ TO JURY

No later than March 14, 2022, the parties shall E-file a joint statement of the case that may be read to the jury at the beginning of jury selection.

### IV. UNDISPUTED FACTS

1. In connection with its operation of the County Jail, the jail staff have access to a database called the Jail Information Management System ("JIMS).

2. The County does maintain JIMS.

3. JIMS gives access to what information may have been input by superior court staff about the inmate's conviction or sentence.

4. JIMS does not give access to the actual court records or allow the County to view the court orders themselves.

5. In April through May 2016, the Sheriff's Office's custom was to comply with the information relative to court orders input into JIMS.

6. On April 3, 2016, following an arrest for DUI, Plaintiff was held at the Sacramento County jail.

7. County staff reviewed JIMS upon Pablo Robles' intake into the jail.

8. JIMS indicated there was a court order for Pablo Robles was to return to custody to complete his sentence in connection with a prior sentence.

9. On April 19, 2016, Plaintiff submitted a grievance that he was already time served.

10. On April 22, 2016, in response to the grievance Plaintiff was informed the sentence from his Sacramento County Case 08F05507 is to run consecutively from his state prison commitment for a

Santa Clara County conviction.

11. Review of the grievance during an appeal may also trigger a further check/review of what has been input into JIMS.

12. Plaintiff was released from custody from the Jail on May 6, 2016.

## V. DISPUTED FACTUAL ISSUES

**The parties jointly submit:**

1. Whether there was a policy of the Sheriff's Department that was deliberately indifferent to the Due Process Rights of Plaintiff.

2. Whether Plaintiff was damaged and to what extent.

**Plaintiff also submits:**

1. Whether Plaintiff demanded to be brought before a judge

2. Despite Pablo Robles' Complaints about him being time served and wanting to be taken before a Superior Court Judge, County Jail Staff did not contact the Superior Court Staff to determine whether the order in the JIMS was accurate.

3. Had the County Jail Staff Contacted the Superior Court Staff or taken Pablo Robles before a Superior Court Judge, they would have discovered that the Court information in the JIMS was inaccurate.

4. Whether there was a delay in presenting Plaintiff before a Judge?

5. Whether the delay was intentional?

6. Whether Defendant County's policy resulted in Plaintiff being Falsely Imprisoned?

///
///

VI. DISPUTED EVIDENTIARY ISSUES

**A.   Plaintiff's Statement**

Plaintiff anticipates filing the following Motions in Limine:

1. Whether plaintiff's subsequent plea to the charge of Driving Under the Influence is admissible?

2. Whether Plaintiff's subsequent conviction for possession of cocaine should be admissible at the time of the trial?

3. Whether additional information concerning Plaintiff's earnings which occurred after this case was taken off calendar should be admissible regarding his earning capacity?

**B.   Defendant's Statement**

Defendant anticipates filing the following Motions in Limine:

1. A Motion in Limine preventing Plaintiff or his counsel from characterizing the information in JIMS as "false."

2. A Motion in Limine to prevent evidence or witnesses not produced or disclosed during discovery.

3. A motion in limine to prevent evidence regarding alleged failure of being "presented to a judge."

4. A motion in limine arguing a phone call to CDCR would have resolved the issue.

5. A motion in limine to prevent the calling of certain witnesses on Plaintiff's list.

6. A motion in limine to prevent the introduction of certain exhibits on Plaintiff's list.

VII. RELIEF SOUGHT

**A.   Relief Sought by Plaintiff**

Plaintiff seeks compensatory and special damages, past and

4

future wages, pain and suffering, and/or nominal damages, and attorney fees under 42 U.S.C. section 1988.

**B.    Relief Sought by Defendant**

Defendant requests that Plaintiff take nothing in this action. Defendant further requests it be awarded attorney's fees and costs of suit, and any additional relief as the Court deems just and proper.

## VIII. POINTS OF LAW

Trial briefs may be E-filed with the court no later than March 14, 2022.  Any points of law not previously argued to the Court should be briefed in the trial briefs.

## IX. ABANDONED ISSUES

Defendant submits that Plaintiff has abandoned any claims against any individual defendants and any substantive due process claims, and vicarious liability under state law.  Plaintiff denies abandoning any claims, but acknowledges the state law claim is directly against the County.

## X. WITNESSES

Plaintiff anticipates calling the following witnesses:

1.   Pablo Robles
2.   Maria Cristina Andrade
3.   Clerk in Sacramento County Superior Court in Department 8 or Person Most Knowledgeable
4.   Devenna Wright
5.   Sheriff's Records Officer Rachael Chandler
6.   Sheriff's Records Officer Colleen Swartz
7.   Alexander McCamy
8.   Deputy Hardy (Badge No. 1434)

5

9.   Deputy Daniel (Badge No. 645)
10.  Deputy Monahan (Badge No. 452)
11.  Deputy PAM (Badge No. 31)
12.  Sgt. M. Lopez (Badge No. 179)
13.  Deputy Mattoon (Badge No. 1095)
14.  Officer S. Roby (Badge No. 529)
15.  Emily Christine Santamaria
16.  Maritza Ramirez
17.  Erica Garren
18.  Jessica McClain
19.  Pablo Robles
20.  Adult Division of Parole Supervisor who on April 6, 2016, interviewed Plaintiff
21.  Parole Officer Garcia
22.  The Custodian of Records of the California Department of Records or the Person Most Knowledgeable with the California Department of Corrections
23.  Taylor Brophy
24.  Dan Nguyen

Defendant anticipates calling the following witnesses:

1.   Kelly Sullivan
2.   Devenna Wright
3.   Rachael Chandler, Sheriff's Records Officer
4.   Colleen Swartz, Sheriff's Records Officer
5.   Alexander McCamy, or the Person Most Knowledgeable from Defendant County of Sacramento
6.   Pablo Robles
7.   Maria Cristina Andrade

1        Each party may call a witness designated by the other.

2        A.   No other witnesses will be permitted to testify unless:

3             (1)  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

6             (2)  The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

9        B.   Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless:

14            (1)  The witnesses could not reasonably have been discovered prior to Pretrial;

16            (2)  The court and opposing counsel were promptly notified upon discovery of the witnesses;

18            (3)  If time permitted, counsel proffered the witnesses for deposition;

20            (4)  If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

## XI. EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff intends to introduce the following exhibits:

1.   Pablo Robles conviction records for a violation of Health and Safety Code §11377 on July 20, 2011, in Sacramento County Superior Court Case No. 08F05507.

2.   December 30, 2014, Pablo Robles motion to reduce his sentence pursuant to California Proposition 47, the Sacramento

7

Superior Court reduced his sentence to a misdemeanor pursuant to Penal Code §1170.18 reducing his sentence to eight months. A true and correct copy of the signed order by Judge Marjorie Koller on 12/30/14 is attached to the First Amended Complaint as "Exhibit 2".

3. 12/20/14 Sacramento County Minute Orders of Judge Koller (County Response to Request for Production of Documents 00027-00029).

4. Sacramento County Sheriff's Department Operations Order Arrest Types and Booking (County Response to Request for Production of Documents 00040-00049).

5. Sacramento County Sheriff's Department Operations Order Sentence Computation (County Response to Request for Production of Documents 0005000).

6. Pablo Robles' May 2015 Plaintiff Pablo Robles motion to reduce charges on which he was also serving time in California State Prison-Solano redesignated as to misdemeanors pursuant to Proposition 47. Santa Clara County Superior Court order granted his motion indicating that he had been time served dated May 27, 2015, and the cover letter from County of Santa Clara's Public Defender's Office is attached to the First Amended Complaint as "Exhibit 3."

7. Documents contained within the Parole Office for which Plaintiff will be subpoenaing for Trial.

8. Documents within the Possession, Custody, and Control of the California Department of Correction for which Plaintiff will be issuing a subpoena.

9. Arrest Records of April 3, 2016, DUI arrest of Plaintiff Pablo Robles.

10. Court records of the April 5, 2016, Plaintiff PABLO ROBLES was scheduled to appear in court on his DUI charge and the decision to not charge him at the time.

11. The computer records of Sacramento County Superior Court showing that on April 7, 2016, the Sacramento County Main Jail website no longer indicated that he was being held on the DUI charge, but now was being held on a count of Health and Safety Code § 11357 with an Early Prison Release Date of 7/29/16.

12. April 11, 2016, County Jail Message Request from Plaintiff PABLO ROBLES to Classification in the Sacramento Main Jail to obtain copies of all documentation pertaining to his incarceration i.e. charges, holds, etc. which is within the possession custody and control of Defendant County of Sacramento.

13. April 17, 2016, grievance form from Plaintiff PABLO ROBLES regarding him being falsely imprisoned on his prior criminal case for which he served all this time. With a response by Sgt. Lopez instead of attempting to determine if Plaintiff had served his time stated as follows: "Mr. Robles if you feel that you are not being held legally based on the previous court Rulings and motion of your case I would encourage you to contact your attorney so that everything can be cleared up and explained."  A true and accurate copy of this document was attached as "Exhibit 4 " to the First Amended Complaint.

14. April 19, 2016, County Jail Message Request sent by Plaintiff PABLO ROBLES to the Warden (Jail Commander) indicating that he had been held since April 3, 2016 without having been taken before a judge.  A true and correct copy of that document is attached hereto as "Exhibit 5" to the First Amended Complaint.

9

15. April 23, 2016, County Jail Message Request from Plaintiff PABLO ROBLES to Floor Staff regarding whether he had a "Parole Hold" which is within the possession, custody, and control of Defendant County of Sacramento.

16. Documentation concerning the April 26, 2016, incident where Plaintiff was scheduled for court which was cancelled which is being subpoenaed for trial from the Sacramento County Superior Court;;

17. April 26, 2016, Message Request form from Plaintiff Pablo Robles to Records requesting his Central File, a copy of which was attached as Exhibit "6" to his First Amended Compliant.

18. April 26, 2016, Message Request form from Plaintiff Pablo Robles to Floor Staff Requesting to be notified of any holds, pending charges, or next Court date a copy of which is attached as Exhibit "7" of his First Amended Complaint.

19. April 28, 2016, Grievance form from Plaintiff PABLO ROBLES regarding False Imprisonment. A true and correct copy of that document is attached as Exhibit "8 " to the First Amended Complaint.

20. May 2, 2016, Grievance form from Plaintiff PABLO ROBLES regarding Violation of his Human Rights as a Prisoner. A true and correct copy of that document is attached as Exhibit "9" to the First Amended Complaint.

21. May 3, 2016, Message Request form from Plaintiff PABLO ROBLES to Floor Staff regarding any holds and his next court date. The Officer informed him over the intercom in his cell that his next court date would be May 9, 2016. A true and correct copy of those documents are attached hereto as Exhibit "10" to the First

Amended Complaint.

22. May 3, 2016 Superior Court of California County of Sacramento Calendaring change which is Exhibit 5 to Pablo Robles Deposition.

23. May 6, 2016, Sacramento Superior Court Judge Koller court minute order attached as "Exhibit 11 " to the First Amended Complaint which states "Per CDCR, Defendant time served and to be released F/W."

24. May 6, 2016 Sacramento County Sheriff's Office Transaction Receipt showing Plaintiff Pablo Robles was released on May 6, 2016 (County 00001 in Response to Plaintiff's Request for Production of Documents).

25. September 29, 2016, Claim Against Public Entity filed by Pablo Robles with the Sacramento County Board of Supervisors, a true and correct copy of which is attached as "Exhibit 12" to the First Amended Complaint.

26. January 30, 2017, notice of rejection of claim, a true and correct copy of which is attached as "Exhibit 13" to the First Amended Complaint.

27. 5/20/16 Letter from Emily Christine Sanatamaria with attached text messages regarding Pablo Robles missing child's birthday due to unlawful incarceration by County of Sacramento.

28. Birthday Card sent by Plaintiff to son when he was being imprisoned.

29. Expenses incurred due to Pablo Robles' unlawful incarceration by Martiza Ramirez on his behalf attached as "Exhibit B" to the Rule 26 Disclosures

30. Expenses incurred due to Pablo Robles' unlawful

1  incarceration by his sister Erica on his behalf attached to the
2  Rule 26 Disclosures as "Exhibit C."
3      31.  Expenses incurred due to Pablo Robles' unlawful
4  incarceration by Jessica McClain on his behalf attached to the Rule
5  26 Disclosures as "Exhibit D."
6      32.  Expenses incurred by Pablo Robles directly due to
7  unlawful incarceration attached to the Rule 26 Disclosures as
8  "Exhibit E.;"
9      33.  Documents related to Interruption of Business and Injury
10 of Reputation in his business due to the unlawful incarceration
11 attached as "Exhibit F" to the Rule 26 Disclosures.
12     34.  Documents related to Pablo Robles Employment Search after
13 unlawful incarceration attached to the Rule 26 Disclosures as
14 "Exhibit G."
15     35.  Pablo Robles 1099 for 2019.
16     36.  Pablo Robles 1099 for 2020.
17     37.  Checks from Old Sac Tattoo for 2021 work by Pablo Robles.
18     38.  Old Sac Tatto Consent Forms showing income received.
19     39.  Declaration of Rachel Chandler in Support of Defendant
20 Motion for Summary Judgement (potential impeachment).
21     40.  Declaration of Alexander McCamy in Support of Defendant
22 Motion for Summary Judgement (potential impeachment).
23     41.  Declaration of Devenna Wright in Support of Defendant
24 Motion for Summary Judgment (potential impeachment).
25     42.  Declaration of Maria Cristina Andrade in Opposition to
26 Motion for Summary Judgement (potential recollection).
27     Defendant intends to introduce the following exhibits:
28     A.   Order for Re-Designation of Sentence dated December 30,

1  2014, People v. Robles, Sacramento County Case No. 08F05507.
2    B.   Minute order dated December 30, 2014, People v. Robles,
3  Sacramento County Case No. 08F05507.
4    C.   Criminal Complaint filed on June 6, 2016, People v.
5  Robles, Sacramento County Superior Court Case No. 16MI010841.
6    D.   April 19, 2016, grievance; and April 22, 2016, response.
7    E.   Request for Calendaring Change dated May 3, 2016, People
8  v. Robles, Sacramento County Case No. 08F05507.
9    F.   Minute Order dated May 6, 2016, People v. Robles,
10 Sacramento County Case No. 08F05507.
11   Each party may use an exhibit designated by the other.
12   A.   No other exhibits will be permitted to be introduced
13 unless:
14       (1)  The party proffering the exhibit demonstrates that
15 the exhibit is for the purpose of rebutting evidence which could
16 not be reasonably anticipated at the Pretrial Conference, or
17       (2)  The exhibit was discovered after the Pretrial
18 Conference and the proffering party makes the showing required in
19 paragraph "B," below.
20   B.   Upon the post-Pretrial discovery of exhibits, the
21 attorneys shall promptly inform the court and opposing counsel of
22 the existence of such exhibits so that the court may consider at
23 trial their admissibility.  The exhibits will not be received
24 unless the proffering party demonstrates:
25       (1)  The exhibits could not reasonably have been
26 discovered prior to Pretrial;
27       (2)  The court and counsel were promptly informed of
28 their existence;

(3) Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fourteen (14) days before trial. Each party is then granted five (5) days to file and serve objections to any of the exhibits. In making the objection, the party is to set forth the grounds for the objection. The parties shall pre-mark their respective exhibits in accord with the Court's Pretrial Order. Exhibit stickers may be obtained through the Clerk's Office. An original and one (1) copy of the exhibits shall be presented to Gabriel Michel, Deputy Courtroom Clerk, at 8:30 a.m. on the date set for trial or at such earlier time as may be agreed upon. Mr. Michel can be contacted at (916) 930-4091 or via e-mail at: gmichel@caed.uscourts.gov. As to each exhibit which is not objected to, it shall be marked and may be received into evidence on motion and will require no further foundation. Each exhibit which is objected to will be marked for identification only.

## XII. DISCOVERY DOCUMENTS

**A.** **Plaintiff's List**

Plaintiff may offer the following discovery responses:

1. Defendant County of Sacramento's Rule 26 Disclosures;

2. Defendant County of Sacramento's Responses to Plaintiff Pablo Robles' First Set of Interrogatories;

3. Defendant County of Sacramento's Responses to Plaintiff

14

Pablo Robles' First Set of Request for Production of Documents;

    4.    Plaintiff Pablo Robles' Notice of Deposition of Person(s) Most Knowledgeable of Defendant County of Sacramento;

    5.    Deposition of Defendant County of Sacramento's PMK Alexander McCamy;

    6.    Deposition of Pablo Robles; and

    7.    Plaintiff's Rule 26 Disclosures.

**B.    Defendant's List**

Defendant may offer the following discovery responses:

    A.    Plaintiff's Responses to Interrogatories propounded by Defendant;

    B.    Plaintiff's Responses to Requests for the Production of Documents Propounded by Defendant;

    C.    Plaintiff's Responses to Requests for the Production of Documents Propounded by Defendant; and

    D.    Defendant may offer the deposition testimony from Plaintiff.

## XIII. FURTHER DISCOVERY OR MOTIONS

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference. That order is confirmed. The parties are free to do anything they desire pursuant to informal agreement. However, any such agreement will not be enforceable in this court.

## XIV. STIPULATIONS

To the extent possible, the Parties anticipate stipulating to the admissibility of certain documents.

///

## XV. AMENDMENTS/DISMISSALS

The Parties do not anticipate requesting any amendments to pleadings, dismissals, or additions or substitutions of parties.

## XVI. FURTHER TRIAL PREPARATION

A.   Counsel are directed to Local Rule 285 regarding the contents of trial briefs.  Such briefs may be E-filed on or before March 14, 2022.

B.   Counsel are further directed to confer and to attempt to agree upon a joint set of jury instructions.  The joint set of instructions shall be lodged via ECF with the court clerk on or before March 14, 2022 and shall be identified as the "Jury Instructions Without Objection."  As to instructions as to which there is dispute the parties shall submit the instruction(s) via ECF as its package of proposed jury instructions also on or before March 18, 2022.  This package of proposed instructions should not include the "Jury Instructions Without Objection" and should be clearly identified as "Disputed Jury Instructions" on the proposed instructions.

The parties shall e-mail a set of all proposed jury instructions in word format to the Court's Judicial Assistant, Jane Klingelhoets, at: jklingelhoets@caed.uscourts.gov.

C.   It is the duty of counsel to ensure that a hard copy of any deposition which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(j).  The depositions shall be lodged with the court clerk no later than March 14, 2022.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems

1 appropriate.

2     D.   The parties are ordered to E-file with the court and
3 exchange between themselves no later than March 14, 2022, a
4 statement designating portions of depositions intended to be
5 offered or read into evidence (except for portions to be used only
6 for impeachment or rebuttal).

7     E.   The parties are ordered to E-file with the court and
8 exchange between themselves no later than March 14, 2022, the
9 portions of Answers to Interrogatories and/or Requests for
10 Admission which the respective parties intend to offer or read into
11 evidence at the trial (except portions to be used only for
12 impeachment or rebuttal).

13     F.   Each party may submit proposed voir dire questions the
14 party would like the court to put to prospective jurors during jury
15 selection. Proposed voir dire should be submitted via ECF no later
16 than March 14, 2022.

17     G.   Each party may submit a proposed verdict form that the
18 party would like the Court to use in this case. Proposed verdict
19 forms should be submitted via ECF no later than March 14, 2022.

20     H.   In limine motions shall be E-filed separately on or
21 before March 11, 2022  Opposition briefs shall be E-filed on or
22 before March 16, 2022 No reply briefs may be filed.

23                 XVII. SETTLEMENT NEGOTIATIONS

24    No further formal Settlement Conference will be set in this
25 case at this time.

26                 XVIII. AGREED STATEMENTS

27    See paragraph III, *supra*.

28 ///

### XIX. SEPARATE TRIAL OF ISSUES

None requested.

### XX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable.

### XXI. ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 293.

### XXII. MISCELLANEOUS

No other issues have been identified.

### XXIII. ESTIMATE OF TRIAL TIME/TRIAL DATE

The parties estimate three (3) to five (5) court days for trial.  Trial will commence on or about March 21, 2022 at 9:00 a.m.

Counsel are to call Gabriel Michel, Deputy Courtroom Clerk, at (916) 930-4091, ten (10) days prior to trial to ascertain the status of the trial date.

### XXIV. OBJECTIONS TO PRETRIAL ORDER

Each party is granted seven (7) days from the date of this Pretrial Order to object or respond to it via ECF.

IT IS SO ORDERED.

DATED: January 21, 2022        /s/ John A. Mendez
                               THE HONORABLE JOHN A. MENDEZ
                               UNITED STATES DISTRICT COURT JUDGE